Paul Carlos Southwick (ISB No. 12439)
Emily Myrei Croston (ISB No. 12389)
ACLU of Idaho Foundation
P.O. Box 1897
Boise, ID 83701
Tel: (208) 344-9750
psouthwick@acluidaho.org
ecroston@acluidaho.org

Chase B. Strangio*
Malita Picasso*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
cstrangio@aclu.org
mpicasso@aclu.org

*Motion for admission *pro hac vice* forthcoming

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **JANE ROE, JANE POE, JANE DOE**, <br><br> *Plaintiffs*, <br><br> v. <br><br> **RAÚL LABRADOR**, et al., <br><br> *Defendants*. | Case No. 1:24-cv-00306- DCN <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR HEARING (DKT. 7) REGARDING PLAINTIFFS' TEMPORARY RESTRAINING ORDER, PROVISIONAL CLASS CERTIFICATION AND PRELIMINARY INJUNCTION (DKT. 2)** |

Plaintiffs will immediately lose access to medically-necessary medication in less than 48 hours unless this Court preserves the status quo by halting enforcement of HB 668 as to Plaintiffs and the Putative Provisional Class of transgender individuals who are incarcerated in Idaho state prisons. Enforcement of HB 668 begins at 12:01am on Monday, July 1, 2024, and will have immediate and devastating consequences for Plaintiffs and the Class and will violate the clearly established Eighth Amendment rights of incarcerated transgender individuals. Plaintiffs request that the Court rule on their Motion for TRO without a hearing, so as to preserve the status quo, and because Defendants can still be heard after the TRO issues through briefing and a hearing on the preliminary injunction motion.

Counsel for Plaintiffs filed the Complaint and Motion for Temporary Restraining Order as soon as practicable in light of the following:

1) **IDOC officials did not inform the Plaintiffs** who are incarcerated at Idaho State Correctional Institution that IDOC would discontinue, or reduce until discontinued, their hormone treatments **until June 20, 2024**. Jane Poe Declaration (Dkt. 2-4) ¶ 17; Jane Doe Declaration (Dkt. 2-3) ¶ 21. While these Plaintiffs heard from medical staff on June 13, 2024 that such actions might occur, and otherwise learned on May 28, 2024 that such actions might occur, IDOC officials did not inform Plaintiffs until June 20, 2024. Poe Decl. ¶¶ 14, 17; Doe Decl. ¶¶ 16, 18. IDOC appears not to have held such a meeting for the Plaintiff incarcerated at the Idaho State Correctional Center, and as of June 11, 2024, IDOC had not decided whether HB 668 even applied to State prison facilities, Exhibit B. (Southwick Decl.), though medical staff informed this Plaintiff on

1

June 11 that some of her anticipated medical care would no longer be available. *See* Jane Roe Declaration (Dkt. 2-2) ¶¶ 19, 22.

2)  Plaintiffs were required to exhaust their administrative remedies prior to filing the Complaint and Motion for TRO, a process which takes time and which they have all done. Roe Decl.¶ 21; Doe Decl. ¶ 19; Poe Decl. ¶ 15.

3)  As detailed further below, Counsel for Plaintiffs made significant attempts to prevent the need for emergency relief from this Court.

While Counsel for Defendants Labrador, Little, Tewalt and Derrick (collectively, "State Defendants") have requested a hearing on Plaintiffs' Motion for Temporary Restraining Order to take place no earlier than July 2, 2024, this date is after HB 668 has already gone into effect, and after Plaintiffs will have already been harmed. The Court should reject such a request because Plaintiffs will have already been denied their medically-necessary hormone treatment by that point, as Plaintiffs' medication is administered orally twice a day by IDOC staff.

Moreover, as detailed in the Southwick Declaration in support of this Opposition, on June 3, 2024, counsel for Plaintiffs sent a demand letter by email and mail to the Deputy Attorney General for the Idaho Department of Corrections ("IDOC"), Defendant Josh Tewalt, the Director of IDOC, and counsel for Defendant Centurion. Southwick Decl. Exhibit A. Counsel for Plaintiffs requested a response by June 7, 2024 so that the parties could "realistically work out a plan to prevent the catastrophic injury that will result if these treatments are taken away from the transgender prisoners who rely on them." *Id*.

On June 11, 2024, Defendant Josh Tewalt, copying Alan Hurst, Solicitor General of the State of Idaho responded. Southwick Decl. Exhibit B. In this correspondence, Defendant Tewalt states "I am reviewing HB 668 and its possible impact on IDOC operations with the Office of the

Attorney General and the IDOC leadership team. Further information on this topic will be communicated once the department has a better understanding of how to operationalize compliance with Idaho law." Neither Defendant Tewalt nor counsel for any of the State Defendants provided further information to counsel for Plaintiffs. Southwick Decl. ¶ 5.

6.    On June 17, 2024, counsel for Plaintiffs sent correspondence to the Deputy Attorney General for IDOC and counsel for Centurion emphasizing the imminent harm to transgender individuals in the custody of IDOC and requesting a short-term non-enforcement agreement.  Southwick Decl. Exhibit C. Counsel for Plaintiffs stressed that "the effective date of HB 668 is fast approaching and transgender individuals in state prisons will soon lose access to medically necessary treatments. Enforcement of HB 668 in state prisons clearly violates the 8th amendment and gives rise to damages claims against IDOC and Centurion. A short-term non-enforcement agreement could limit IDOC and Centurion's liability for damages, and would prevent severe harm to transgender individuals in state prisons."

Counsel for the parties agreed to a videoconference, which was held on June 21. Multiple counsel from the Attorney General's office, including the Solicitor General, and counsel for Centurion, discussed a possible non-enforcement agreement through which the Defendants would agree to file a stipulation with the court stating that they would not enforce HB 668 as to incarcerated transgender individuals until the court could rule on Plaintiffs' anticipated motion for preliminary injunction motion, obviating the need for Plaintiffs to file a motion for a temporary restraining order. Southwick Decl. ¶ 7.  Counsel for Plaintiffs provided a draft stipulation to counsel for Defendants on June 24, 2024. Southwick Decl. ¶ 8.

Counsel for the parties met by videoconference again on Wednesday of this week, June 26, 2024, where counsel for Defendants informed counsel for Plaintiffs that they would not agree

to any short-term non-enforcement agreement. At this meeting, counsel for Defendants said that they would begin enforcing HB 668 as to incarcerated individuals but refused to tell Plaintiffs' counsel how IDOC would implement such enforcement. Southwick Decl. ¶ 9.

Plaintiffs seek emergency relief to maintain the status quo, their health, and their chances of survival.

.

Date:      June 29, 2024                                   Respectfully submitted,

                                                           /s/ *Paul C. Southwick*
                                                           Paul C. Southwick