Paul Carlos Southwick (ISB No. 12439)
Emily Myrei Croston (ISB No. 12389)
ACLU of Idaho Foundation
P.O. Box 1897
Boise, ID 83701
Tel: (208) 344-9750
psouthwick@acluidaho.org
ecroston@acluidaho.org

Chase B. Strangio*
Malita Picasso*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
cstrangio@aclu.org
mpicasso@aclu.org

*To be admitted *pro hac vice*

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| **JANE ROE, JANE POE, JANE DOE**, <br><br> *Plaintiffs*, <br><br> v. <br><br> **RAÚL LABRADOR**, et al., <br><br> *Defendants*. | Case No. 1:24-cv-00306-DCN <br><br> **PAUL SOUTHWICK DECLARATION ISO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR HEARING AND BRIEFING SCHEDULE (DKT. #7)** |

1

I, Paul Southwick, hereby declare as follows:

1. I offer this Declaration in support of Plaintiffs' Opposition to Defendants' Motion for Hearing and Briefing Schedule (Dkt. #7) regarding Plaintiffs' Motion for Temporary Restraining Order, Provisional Class Certification, and Preliminary Injunction (Dkt. #2).

2. I have personal knowledge of the facts set forth herein, and could and would testify competently to these facts if called as a witness.

3. Attached as Exhibit A is a true and accurate copy of the June 3, 2024 Demand Letter counsel for Plaintiffs sent by email and mail to the Deputy Attorney General for the Idaho Department of Corrections ("IDOC"), Defendant Josh Tewalt, the Director of IDOC, and counsel for Defendant Centurion. Counsel for Plaintiffs requested a response by June 7, 2024 so that the parties could "realistically work out a plan to prevent the catastrophic injury that will result if these treatments are taken away from the transgender prisoners who rely on them."

4. Attached as Exhibit B is a true and accurate copy of the June 11, 2024 correspondence from Defendant Josh Tewalt, copying Alan Hurst, Solicitor General of the State of Idaho. In this correspondence, Defendant Tewalt states "I am reviewing HB 668 and its possible impact on IDOC operations with the Office of the Attorney General and the IDOC leadership team. Further information on this topic will be communicated once the department has a better understanding of how to operationalize compliance with Idaho law."

5. Neither Defendant Tewalt nor counsel for any of the State Defendants provided further information to counsel for Plaintiffs.

6. Attached as Exhibit C is a true and accurate copy of a June 17, 2024 correspondence from counsel for Plaintiffs to the Deputy Attorney General for IDOC and counsel for Centurion

emphasizing the imminent harm to transgender individuals in the custody of IDOC and requesting a short-term non-enforcement agreement. Counsel for Plaintiffs stressed that "the effective date of HB 668 is fast approaching and transgender individuals in state prisons will soon lose access to medically necessary treatments. Enforcement of HB 668 in state prisons clearly violates the 8th amendment and gives rise to damages claims against IDOC and Centurion. A short-term non-enforcement agreement could limit IDOC and Centurion's liability for damages, and would prevent severe harm to transgender individuals in state prisons."

7. Counsel for the parties agreed to a videoconference, which was held on June 21. Multiple counsel from the Attorney General's office, including the Solicitor General, and counsel for Centurion, discussed a possible non-enforcement agreement through which the Defendants would agree to file a stipulation with the court stating that they would not enforce HB 668 as to incarcerated transgender individuals until the court could rule on Plaintiffs' anticipated motion for preliminary injunction motion, obviating the need for Plaintiffs to file a motion for a temporary restraining order.

8. Counsel for Plaintiffs provided a draft stipulation to counsel for Defendants on June 24, 2024.

9. Counsel for the parties met by videoconference again on Wednesday of this week, June 26, 2024, where counsel for Defendants informed counsel for Plaintiffs that they would not agree to any short-term non-enforcement agreement. At this meeting, counsel for Defendants said that they would begin enforcing HB 668 as to incarcerated individuals but refused to tell Plaintiffs' counsel how IDOC would implement such enforcement.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 29, 2024 in Boise, Idaho.

/s/ Paul Southwick

Paul Southwick