UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JANE ROE, JANE POE, JANE DOE,<br><br>Plaintiffs,<br><br>v.<br><br>RAUL LABRADOR, in his official capacity as Attorney General of the State of Idaho, et. al.,<br><br>Defendants. | Case No. 1:24-cv-00306-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are Plaintiffs' Emergency Motion for Temporary Restraining Order, Provisional Class Certification, and Preliminary Injunction (Dkt. 2) and Defendants' Motion for Hearing and Briefing Schedule (Dkt. 7).

Because oral argument would not significantly aid its decision-making process, and because of the unique circumstances this case presents, the Court will decide the motions on the briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons below, the Court GRANTS Plaintiffs' Motion IN PART and GRANTS Defendants Motion IN PART and DENIES it IN PART.

## II. BACKGROUND

Late in the afternoon on Friday, June 28, 2024, Plaintiffs initiated this suit, levying a

civil rights and constitutional challenge to Idaho Code § 18-8901 ("§ 18-8901").[1] Dkt. 1. That statute generally prohibits the use of public funds for gender transition procedures. *See generally* § 18-8901. Plaintiffs bring this case as a putative class action. Dkt. 1, at 4–6. The named Plaintiffs are three transgender women who are currently incarcerated in facilities administered by the Idaho Department of Corrections ("IDOC"). They allege that § 18-8901 denies them and other similarly situated inmates necessary medical treatment in contravention of the Eighth Amendment and 42 U.S.C. § 1983. Dkt. 1, at 18–20.

With their complaint, Plaintiffs ask the Court for a temporary restraining order (a "TRO") on enforcement of § 18-8901, pursuant to Federal Rule of Civil Procedure 65. Dkt. 2, at 2. They also request a preliminary injunction on enforcement of § 18-8901 and provisional class certification. *Id.* In response to Plaintiffs' request, Defendants have asked the Court to hold a hearing on the propriety of a TRO no earlier than July 2, 2024. Dkt. 7, at 3. They also ask the Court to allow them until the day of any hearing to file their response in opposition to Plaintiffs' Motion. *Id.*

### III. LEGAL STANDARD

A preliminary injunction and a TRO generally serve the same purpose of "preserv[ing] the status quo ante litem pending a determination of the action on the merits." *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980); Fed. R. Civ. P. 65. Both are extraordinary remedies that should be awarded only "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res.*

---

[1] In their briefing, Plaintiffs refer to § 18-8901 as House Bill 668. However, as the bill took effect on July 1, 2024, its proper designation is now § 18-8901. The Court will refer to it as such.

*Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

A plaintiff seeking a preliminary injunction or TRO "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *CTIA-The Wireless Ass'n v. City of Berkeley*, 854 F.3d 1105, 1114 (9th Cir. 2017) (quoting *Winter*, 555 U.S. at 20).

Ninth Circuit district courts sometimes employ an alternative, sliding-scale test. *See All. For the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011). Under that test, a TRO is appropriate where "serious questions going to the merits [have been] raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* (quoting *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)). A "serious question" is one that "cannot be resolved one way or the other at the hearing on the injunction because they require more deliberative investigation." *Id.* at 497.

A key difference between a TRO and a preliminary injunction is a TRO's duration. A TRO typically does not last for more than fourteen (14) days without good cause, while a preliminary injunction may extend until the end of the lawsuit, which could be months, if not years. *Innovation Law Lab v. Nielsen*, 310 F. Supp. 3d 1150, 1156 n.1 (D. Or. 2018). Thus, the consideration required by a TRO determination is not meant to replace the "thorough consideration contemplated by full proceedings pursuant to a preliminary injunction." *Oby v. Clear Recon Corp.*, 2016 WL 3019455, at *1 (E.D. Cal. May 26, 2016).

In a prior case, the Court noted that "a Plaintiff's ability to demonstrate a likelihood of success on the merits, or serious question going to the merits, is the most important

element of a preliminary injunction." *Roe by & through Roe v. Critchfield*, 2023 WL 5146182, at *4 (D. Idaho Aug. 10, 2023) (cleaned up). "This showing, however, is only *preliminary* because the parties have typically not engaged in any discovery by the time a preliminary injunction motion is filed. A TRO that precedes a PI, such as this, is even more removed from the merits and substance of the case." *Id.* In other words, a TRO request asks the Court "to make a pre-preliminary call on the prospects of Plaintiffs' claims." *Id.*

### IV. ANALYSIS

**A. Plaintiffs' Motion**

This case involves topics of great import to the parties and to the public at large. But the timing of Plaintiffs' requests places the Court in an awkward position. Federal Rule of Civil Procedure 65(b)(1) allows a court to issue a TRO without notice to the adverse party, but the Court much prefers to hear from both sides on any issue when feasible. *See Critchfield*, 2023 WL 5146182, at *1. And, despite the parties' optimism, the Court's calendar simply cannot accommodate a request for a hearing within mere hours of the filing of a complaint. Instead, the Court will schedule a hearing on July 15, 2024. The question then becomes whether § 18-8901 should be enforced between today and the Court's ruling on Plaintiffs' Motion. Said another way—should the Court issue a provisional TRO before its formal hearing on Plaintiffs' request for a TRO and Preliminary Injunction.

The Court acknowledges that it has yet to receive briefing from Defendants. Even so, it can readily conclude that Plaintiffs have raised serious questions going to the merits of their case. As recently noted by United States Magistrate Judge Raymond E. Patricco, questions regarding the medical necessity of gender-affirming care are unlikely to be

resolved at any preliminary hearing—instead, they will almost certainly require deliberative investigation. Case No. 1:22-cv-00409-REP, Dkt. 96, at 12. Accordingly, pursuant to Federal Rule of Civil Procedure 65(b)(1), the Court provisionally GRANTS Plaintiffs' Motion in order to preserve the status quo, subject to further consideration at the scheduled hearing.

For the sake of clarity, the Court notes despite the fact that § 18-8901 is already technically in effect, the status quo that the Court is preserving is the state of affairs prior to July 1, 2024. As the Court explained in *Critchfield*, "[t]he relevant 'status quo' for purposes of a [TRO] 'refers to the legally relevant relationship *between the parties* before the controversy arose.'" 2023 WL 5146182, at *2 (quoting *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1061 (9th Cir. 2014) (emphasis in original)); *see also Regents of Univ. of California v. Am. Broad. Companies, Inc.*, 747 F.2d 511, 514 (9th Cir. 1984) (for purposes of injunctive relief, the status quo means "the last uncontested status which preceded the pending controversy") (cleaned up). In this suit, Plaintiffs contest the enforceability and constitutionality of § 18-8901. The relevant status quo, therefore, is the law in Idaho prior to the enactment of § 18-8901.[2]

### B. Defendants' Motion

As noted above, Defendants asked the Court to schedule a hearing on Plaintiffs' Motion no earlier than July 2, 2024. Dkt. 7, at 3. They also asked the Court to allow them until the day of that hearing to file their response in opposition. *Id.*

---

[2] The Court will reserve ruling on Plaintiffs' requests for a preliminary injunction and provisional class certification until after the hearing on July 15.

MEMORANDUM DECISION AND ORDER – 5

The Court will hold a hearing on Plaintiffs' Motion on July 15, 2024. To the extent this is what Defendants requested, their Motion is necessarily GRANTED in part. However, because Defendants will seemingly have more time to respond than they anticipated, the Court will require Defendants to submit any response in opposition to Plaintiffs' Motion on or before July 5, 2024. Plaintiffs may then submit a reply on or before July 9, 2024. Thus, because Defendants will not be permitted to file a response on the day of the scheduled hearing, their Motion is DENIED in part.

## V. CONCLUSION

Today, the Court puts a provisional pause on enforcement § 18-8901. It does not find it valid. It does not find it invalid. This is not a full adjudication of *any* argument on the merits. The Court is simply holding § 18-8901 in abeyance and preserving the situation as it existed prior to the parties' disagreement. It does so because it finds that Plaintiffs' have raised serious questions going to the merits of this dispute and in light of the extreme time constraints.

Additionally, this pause is limited in nature. The United States Supreme Court recently provided guidance regarding the breadth of preliminary proceedings. *See generally Labrador v. Poe*, 144 S. Ct. 921 (2024). There, the Supreme Court advised that lower courts should tailor any emergency action to the parties who brought the suit and to the specifics of the challenged law. *See Poe*, 144 S. Ct. at 923. Thus, the Court's TRO today applies *to only the named Plaintiffs in this case.* Idaho Code § 18-8901 is still in

effect and enforceable for other purposes and as to other parties.[3]

## VI. ORDER

1. Plaintiffs' Motion for Temporary Restraining Order, Provisional Class Certification, and Preliminary Injunction (Dkt. 2) is GRANTED IN PART.

    a. The Court GRANTS a provisional temporary restraining order. It declines to rule on Plaintiffs' requests for provisional class certification and preliminary injunction for the time being.

2. Defendants' Motion for Hearing (Dkt. 7) is GRANTED IN PART and DENIED IN PART.

3. Briefing on Plaintiffs' Motion shall proceed as outlined above and a hearing will be held on **July 15, 2024, at 11:00 a.m.**, to determine whether to enter a formal TRO or preliminary injunction during the pendency of this case.

DATED: July 1, 2024

David C. Nye
Chief U.S. District Court Judge

---

[3] Judge Patricco has already enjoined Idaho Code § 18-8901 as applied to another group of Plaintiffs in another case for a 14-day period. Case No. 1:22-cv-00409-REP, Dkt. 96, at 14–15.