RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

JAMES J. SIMERI, ISB #12332
GREGORY E. WOODARD, ISB #11329
MATTHEW L. MAURER, ISB #12575
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
james.craig@ag.idaho.gov
james.simeri@ag.idaho.gov
greg.woodard@ag.idaho.gov
matthew.maurer@ag.idaho.gov

*Attorneys for Defendants Raúl Labrador, in his official capacity as Attorney General of the State of Idaho; Brad Little, in his official capacity as Governor of the State of Idaho, Josh Tewalt, in his official capacity as the Director of the Idaho Department of Corrections; and Bree Derrick, in her official capacity as the Deputy Director of IDOC*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| JANE ROE, JANE POE, JANE DOE,<br><br>*Plaintiffs,*<br><br>v.<br><br>RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho; *et al.*,<br><br>*Defendants.* | Case No. 1:24-cv-00306-DCN<br><br>**DEFENDANT JOSH TEWALT'S ANSWERS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |

DEFENDANT JOSH TEWALT'S ANSWERS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

In accordance with Rule 36 of the Federal Rules of Civil Procedure, Defendant Tewalt ("Defendant") submits his answers to Plaintiffs' First Set of Requests for Admission.

**Request for Admission No. 1:** Admit that more than 40 individuals currently incarcerated at IDOC facilities have been diagnosed with gender dysphoria.

**RESPONSE:** Defendant Admits.

**Request for Admission No. 2:** Admit that the named Plaintiffs, whose identities have been disclosed to Defense Counsel, have been diagnosed with gender dysphoria by a medical provider contracted by Centurion or by an IDOC medical provider.

**RESPONSE:** Defendant Admits.

**Request for Admission No. 3:** Admit that more than 40 individuals incarcerated at IDOC facilities who have been diagnosed with gender dysphoria had been receiving hormone replacement therapy as a treatment for their gender dysphoria prior to any tapering that occurred on or around July 1, 2024.

**RESPONSE:** Defendant Admits.

**Request for Admission No. 4:** Admit that the named Plaintiffs had been receiving hormone replacement therapy as a treatment for their gender dysphoria prior to July 1, 2024.

**RESPONSE:** Defendant Admits.

**Request for Admission No. 5:** Admit that IDOC Policy would have permitted Centurion's contracted medical providers to prescribe hormone replacement therapy to treat gender dysphoria, where medically indicated, but for the enactment of Section 18-8901.

**RESPONSE:** Defendant Admits.

**Request for Admission No. 6:** Admit that IDOC Policy would have permitted Centurion's contracted medical providers to prescribe hormone replacement therapy for the named Plaintiffs after July 1, 2024, but for the enactment of Section 18-8901.

**RESPONSE:** Defendant cannot truthfully admit or deny this request for admission. The Request refers to a hypothetical counterfactual for three distinct persons, and the medical conditions for each of the three distinct persons is subject to change and reevaluation. Defendant is not a medical professional and does not know whether—apart from Idaho Code 18-8901—the named Plaintiffs' conditions would necessitate treatment with hormone replacement therapy and whether doing so would be medically ethical and appropriate. And despite making a reasonable inquiry, Defendant also lack knowledge or information to admit or deny the hypothetical counterfactual.

**Request for Admission No. 7:** Admit that, pursuant to the IDOC Policy in effect prior to July 1, 2024, Centurion's contracted medical providers prescribed hormone replacement therapy as a treatment for gender dysphoria only when they deemed such treatment to be medically necessary.

**RESPONSE**: Defendant denies in part. Under paragraph 9 of the IDOC policy in effect prior to July 1, 2024, an inmate who was receiving hormone replacement therapy at the time of incarceration may continue on those medications, unless the current treating medical providers determine there is a medically compelling reason to discontinue treatment. This is not the same as a medical provider deeming the treatment is "medically necessary." Defendant admits that prior to July 1, 2024, hormone replacement therapy was an approved treatment for gender dysphoria when deemed by the medical provider to be medically indicated and consistent with the patient's treatment plan. Defendant generally denies as to use of term medically necessary.

**Request for Admission No. 8:** Admit that Centurion's contracted medical providers prescribed Plaintiffs hormone replacement therapy as a treatment for their gender dysphoria because they deemed such treatment to be medically necessary.

**RESPONSE**: Defendant cannot truthfully admit or deny this request for admission, and therefore denies. Defendant objects that the use of the phrase "medically necessary," because it is vague and ambiguous. The Request does not specify whether the term is being used in a legal, medical, or some other sense. Also, despite Defendant making a reasonable inquiry, Defendant lacks knowledge or information to truthfully admit or deny this request for admission because Defendant is not the named Plaintiffs' treating physicians and does not have personal knowledge as to whether prescribed treatments were, in fact, medically necessary (however that term is being used).

DATED:  July 23, 2024

                          STATE OF IDAHO
                          OFFICE OF THE ATTORNEY GENERAL

                          By:   /s/ Matthew L. Maurer
                                MATTHEW L. MAURER
                                Deputy Attorney General

## **CERTIFICATE OF SERVICE**

I certify that on July 23, 2024, the foregoing was served on counsel of record via email.

Paul Carlos Southwick
psouthwick@acluidaho.org

Emily Myrei Croston
ecroston@acluidaho.org

Malita Picasso
mpicasso@aclu.org

Chase B. Strangio*
cstrangio@aclu.org

*Attorneys for Plaintiff*
**motion for pro hac vice pending*

Christina M. Hesse
cmh@dukeevett.com

Michael J. Bentley
mbentley@bradley.com

*Attorney for Defendants Centurion of Idaho, LLC and Centurion Health*

/s/ James J. Simeri
JAMES J. SIMERI