UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBINSON, *et al.*,<br><br>          Plaintiffs,<br><br>          v.<br><br>RAUL LABRADOR, in his official capacity as Attorney General of the State of Idaho; *et al.*,<br><br>          Defendants. | Case No. 1:24-cv-00306-DCN<br><br>**SUPPLEMENTAL MEMORANDUM DECISION AND ORDER ON THE TEMPORARY RESTRAINING ORDER** |

Previously, on July 1, 2024, the Court issued a Memorandum Decision and Order that granted Plaintiffs' Motion for Temporary Restraining Order ("TRO"). Dkt. 13. The Court specifically limited the TRO to only the named Plaintiffs in this case. Since that time, the parties have conducted limited discovery, submitted additional filings, and had further oral argument on the issues of class certification and preliminary injunction.

At the hearing on August 2, 2024, the Court took under advisement the issues of class certification and preliminary injunction. The Court also stated from the bench that it would issue a revised TRO that same day. This is the revised TRO, based on facts now in the record and issues now under advisement.

Today, the Court extends the provisional pause on enforcement of I.C. § 18-8901. It does not find the statute valid. It does not find the statute invalid. This is not a full adjudication of any argument regarding class certification or permanent injunction. The Court is simply holding § 18-8901 in abeyance and preserving the situation as it existed

MEMORANDUM DECISION AND ORDER – 1

prior to the filing of the Complaint. It does so because it finds that Plaintiffs have raised serious questions going to the merits of this case and in light of the extreme time constraints.

To be clear, this pause is limited in nature under the United States Supreme Court's guidance in *Labrador v. Poe*, 144 S. Ct. 921 (2024). There, the Supreme Court advised that universal injunctions are disfavored. Thus, as of today, the Court's TRO applies to only the proposed class for which the named-plaintiffs seek class certification. That class is defined as: all incarcerated persons in the custody of IDOC who have a diagnosis of gender dysphoria and are receiving hormone therapy. Idaho Code § 18-8901 is still in effect and enforceable for other purposes and as to other individuals not within the proposed class.

## ORDER

1. Plaintiffs' Motion for Temporary Restraining Order is **granted** as set forth herein.

2. The Court takes **under advisement** the issues of class certification and preliminary injunction. A separate decision on those matters will issue later.

3. Idaho Code § 18-8601 is held in abeyance for the time being only as to the proposed class of individuals who are incarcerated persons in the custody of IDOC who have a diagnosis of gender dysphoria and are receiving hormone therapy.

DATED: August 2, 2024

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER – 2