Michael J. Bentley *(pro hac vice)*
MSB #102631; mbentley@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 East Capitol Street, Suite 1000
Jackson, Mississippi 39201
Telephone: (601)-592-9935
Facsimile: (601)-592-1435

Christina M. Hesse
ISB #10712; cmh@dukeevett.com
DUKE EVETT, PLLC
1087 West River Street, Suite 300
P.O. Box 7387
Boise, Idaho 83707
Telephone: (208)-342-3310
Facsimile: (208)-342-3299

*Attorneys for Defendants Centurion of Idaho, LLC and Centurion Health*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COLE ROBINSON and JANE POE,<br><br>        Plaintiffs,<br><br>v.<br><br>RAUL LABRADOR, in his official capacity as Attorney General of the State of Idaho; BRAD LITTLE, in his official capacity as Governor of the State of Idaho; JOSH TEWALT, in his official capacity as the Director of the Idaho Department of Corrections; BREE DERRICK, in her official capacity as the Deputy Director of IDOC; CENTURION OF IDAHO, LLC; CENTURION HEALTH,<br><br>        Defendants. | Case No. 1:24-CV-00306-CWD<br><br>**ANSWER AND DEMAND FOR JURY TRIAL** |

COMES NOW Defendant Centurion of Idaho, LLC ("Centurion"), by and through its

undersigned counsel of record, Duke Evett, PLLC and Bradley Arant Boult Cummings LLP, and

hereby responds to Plaintiffs' Class Action Complaint for Declaratory and Injunctive (sic) Relief

**ANSWER AND DEMAND FOR JURY TRIAL - 1**

("Complaint") as follows:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Centurion upon which relief may be granted and, therefore, should be dismissed.

## SECOND DEFENSE

Centurion denies each and every allegation of the Complaint except those specifically admitted herein. Centurion denies all remaining allegations for the following reasons: Plaintiffs' improper characterizations, the allegations are not accurate, the allegations call for a legal conclusion, Centurion does not have sufficient information or knowledge to respond, and/or the allegations are not directed to Centurion and, therefore, no response is required by Defendant Centurion.

## THIRD DEFENSE

With respect to the specific allegations contained in the Complaint, Centurion admits, denies, and/or alleges as follows:

## INTRODUCTION

1. With respect to Paragraphs 1-11 of Plaintiffs' Complaint, Centurion admits only that Plaintiffs are currently incarcerated in the custody of the Idaho Department of Corrections ("IDOC"), have been diagnosed with Gender Dysphoria, and have been prescribed and provided medical and mental health care treatment, including hormone replacement therapy; that Centurion contracts with IDOC to provide contractually specified healthcare to incarcerated individuals within the custody of IDOC; and that Centurion providers communicated with incarcerated individuals prior to HB 668's effective date to discuss its impact to treatment regimens for Gender Dysphoria. The

**ANSWER AND DEMAND FOR JURY TRIAL - 2**

remainder of the allegations and characterizations are denied on the grounds that Centurion lacks sufficient information or knowledge to admit or deny them, they are directed at a different defendant, they call for expert testimony, they call for a legal conclusion, and/or contain characterizations or representations that are inconsistent with plaintiffs' medical or personal records.

## JURISDICTION AND VENUE

2. With respect to the allegations contained in Paragraphs 12-13, Centurion admits that jurisdiction and venue are proper and denies the remaining allegations and characterizations.

## PARTIES

3. As to the allegations contained in Paragraphs 14-25, Centurion admits only that IDOC operates multiple facilities in which class members are or are likely to be incarcerated and denies the remaining characterizations and allegations on the grounds that they call for a legal conclusion. Centurion lacks sufficient information or knowledge to admit or deny them, and they are directed to a different defendant.

4. As to the allegations contained in Paragraphs 26-66, Centurion admits only that the named Plaintiffs are currently incarcerated in the custody of IDOC, the named Plaintiffs were diagnosed with gender dysphoria prior to July 1, 2024, the named Plaintiffs were prescribed and provided hormone replacement therapy treatment prior to July 1, 2024, there exists other incarcerated individuals who were diagnosed with gender dysphoria in IDOC custody prior to July 1, 2024, there exists other incarcerated individuals who were receiving hormone replacement therapy for a diagnosis of gender dysphoria prior to July 1, 2024, and Centurion began individually tapering down the doses of hormone

replacement therapy for those incarcerated individuals receiving hormone replacement therapy as of July 1, 2024 to comply with HB 668. Centurion further states that it has complied with all court orders entered in this action subsequent to July 1, 2024, governing the provision of care to Plaintiffs and other incarcerated individuals diagnosed with gender dysphoria. The remainder of the allegations and characterizations are denied on the grounds that Centurion lacks sufficient information or knowledge to admit or deny them, they are directed at a different defendant, they call for expert testimony, they call for a legal conclusion, and/or they contain characterizations or representations that are inconsistent with plaintiffs' medical or personal records.

5.  As to the allegations in Paragraphs 67-70 and 72, they are directed at a different defendant and, therefore, should not require a response; to the extent a response is required, Centurion lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations and, therefore, denies the allegations.

6.  As to the allegations in Paragraph 71, Centurion admits only that it is a limited liability company doing business in the state of Idaho, and that it contracts with IDOC to provide contractually specific health care services to individuals incarcerated with the IDOC. Centurion denies the remaining allegations and characterizations on the grounds that they contain improper characterizations, misrepresent the contractual duties of Centurion, call for a legal conclusion, and as phrased.

7.  With respect to the allegations in Paragraph 72, "Centurion Health" is not a legal entity and, therefore, it is not a proper party to this suit.

**ANSWER AND DEMAND FOR JURY TRIAL - 4**

## FACTUAL ALLEGATIONS

8.  As to the allegations in Paragraphs 74-78, Centurion admits that Gender Dysphoria is a recognized condition by the American Psychiatric Association and is included in the Diagnostic and Statistical Manual of Mental Disorders as well as the International Classification of Diseases-10; and admits that the World Professional Association for Transgender Health ("WPATH") is an organization that has published resources for medical and mental health professionals regarding the diagnosis and treatment of gender dysphoria; the identified resources speak for themselves. Centurion denies that WPATH and its publications and/or resources set the applicable standards of care relative to Plaintiffs' treatment for gender dysphoria. Centurion denies all remaining allegations and characterizations, on the grounds they call for expert and legal conclusions.

9.  With respect to Paragraph 79, Centurion admits only that it provided care and treatment to Plaintiffs in accordance with the applicable standards of care prior to the effective date of HB 668. Centurion further states that it has complied with all court orders entered in this action subsequent to July 1, 2024 governing the provision of care to Plaintiffs and other inmates diagnosed with gender dysphoria. Centurion further states that the remainder of the allegations and characterizations call for expert and/or legal conclusions and, therefore, denies them.

10. As to the allegations in Paragraphs 80-87, Centurion admits only that WPATH publishes resources with recommendations for treatment of gender dysphoria, and that hormone therapy is one recognized treatment modality for individuals diagnosed with gender dysphoria.  Centurion denies that WPATH and its publications and/or resources set the applicable standards of care relative to Plaintiffs' treatment for gender dysphoria.

**ANSWER AND DEMAND FOR JURY TRIAL - 5**

Centurion denies all remaining allegations and characterizations on the grounds they call for expert and legal conclusions; the identified resources speak for themselves.

11. With respect to the allegations in Paragraphs 88-93, Centurion admits only that hormone replacement therapy is a recognized medical treatment that may be prescribed under certain circumstances, and that Centurion provided appropriate, medically indicated care and treatment to incarcerated individuals in accordance with the relevant standards of care. Centurion denies the remaining allegations to the extent they are directed to a different defendant, IDOC, and reference IDOC policies; the policies speak for themselves. Centurion denies the remaining allegations and characterizations to the extent they call for expert and legal conclusions. Centurion expressly denies any suggestion or allegation that it provided inadequate care or treatment to any incarcerated individual and expressly denies that its care and/or treatment of any Plaintiff caused any injuries or damages to any Plaintiff.

12. The allegations set forth in Paragraphs 94-97 call for legal conclusions and therefore require no response; to the extent a response is deemed necessary, Centurion denies the allegations and characterizations. The language of HB 668 and other cited House Bills speak for themselves.

13. As to the allegations and characterizations set forth in Paragraphs 98-101, Centurion admits only that it received correspondence from counsel for Plaintiffs dated June 3, 2024 and June 17, 2024, that counsel for all parties held a video call on June 21, 2024, and that Centurion's counsel advised Plaintiffs' counsel prior to July 1, 2024 that it would begin individualized tapering of hormone therapy for those incarcerated individuals who were then receiving hormone therapy, starting on the effective date of HB 668. Centurion

**ANSWER AND DEMAND FOR JURY TRIAL - 6**

further states that it has complied with all court orders entered in this action subsequent to July 1, 2024 governing the provision of care to Plaintiffs and other inmates diagnosed with gender dysphoria. Centurion denies all remaining allegations and characterizations, including as phrased, and to the extent they are directed towards another defendant.

## CLAIM FOR RELIEF

14. Centurion incorporates by reference all of its responses set forth in the preceding paragraphs as if fully set forth herein.

15. As to the allegations set forth in Paragraphs 102-108, Centurion admits only that Plaintiffs have been diagnosed with gender dysphoria, Plaintiffs have received appropriate care and treatment as permitted by Idaho law, including but not limited to hormone therapy during allowable periods of time, and Centurion has provided care and treatment to Plaintiffs and other incarcerated individuals in accordance with the applicable laws and standard of care. Centurion expressly denies that it denied Plaintiffs all medical treatment for gender dysphoria, as it continuously made available all therapies permitted by HB 668 to Plaintiffs and all individuals with gender dysphoria. Centurion expressly denies that it caused Plaintiffs harm by withholding all treatment for their gender dysphoria diagnosis after the effective date of HB 668. Centurion denies the remainder of the allegations and characterizations, including as phrased, and to the extent they call for legal conclusions or expert opinions.

16. The allegations set forth in Paragraphs 109-111 call for legal conclusions and, therefore, no response should be necessary; to the extent one is required, Centurion denies all allegations and characterizations, including as phrased.

**ANSWER AND DEMAND FOR JURY TRIAL - 7**

**PRAYER FOR RELIEF**

17.  Plaintiffs' prayer for relief should not require a response; to the extent one is deemed necessary, Centurion denies that Plaintiff is entitled to any and/or all relief sought, including but not limited to preliminary and permanent injunctive and declaratory relief, damages, costs, and fees.

**FOURTH DEFENSE**

Plaintiffs are barred from maintaining this action against Centurion because Centurion, at all times, acted in a reasonable and prudent fashion, satisfying any duty, if any, which they owed under the rules, regulations, statutes, ordinances, customs, policies, and usages of the laws and the applicable standard of care of the State of Idaho and the United States, and no act or omission of Centurion proximately caused Plaintiffs' damages.

**FIFTH DEFENSE**

Plaintiffs are barred from maintaining this action against Centurion because the actions of Centurion have, at all relevant times, been in reliance on the policies and procedures of the IDOC, and these policies and procedures are rationally related to legitimate penological objectives.

**SIXTH DEFENSE**

Plaintiffs are barred from maintaining this action against Centurion because Plaintiffs have failed to state a claim for relief under the cruel and unusual punishment clause of the Eighth Amendment of United States Constitution and have not alleged facts which demonstrate that Centurion acted with deliberate indifference to Plaintiffs' medical needs.

**ANSWER AND DEMAND FOR JURY TRIAL - 8**

## SEVENTH DEFENSE

Plaintiffs are barred from maintaining this action against Centurion because the allegations contained in Plaintiffs' Complaint do not rise to the level of deprivation of rights which are protected by the United States Constitution or other federal law or any other legal provision referred to in Plaintiffs' Complaint.

## EIGHTH DEFENSE

Plaintiffs are barred from maintaining this action against Centurion because Plaintiffs' alleged damages, if any, were proximately caused, in whole or in part, by the superseding, intervening acts, and/or omissions of Plaintiffs and/or other entities and/or persons not parties to this action, and/or other parties to this action.

## NINTH DEFENSE

Centurion is not liable for any injury caused by the acts or omissions of any individuals under the doctrine of respondeat superior under the 8th Amendment of the U.S. Constitution.

## TENTH DEFENSE

The acts or omissions complained of by Plaintiffs did not arise as a result of, nor was there, any agreement, understanding, policy or procedure that deprived Plaintiffs of any of their civil rights.

## ELEVENTH DEFENSE

Centurion denies any wrongdoing, but in the alternative, asserts that the facts regarding the medical care Plaintiffs received as alleged by Plaintiffs would, at most, assert a claim of negligence which is insufficient to give rise to a constitutional claim under 42 U.S.C. § 1983.

**ANSWER AND DEMAND FOR JURY TRIAL - 9**

## TWELFTH DEFENSE

Plaintiffs have suffered no physical injury and may not recover for any emotional injuries pursuant to 42. U.S.C. § 1997(e) and other applicable federal and state law.

## THIRTEENTH DEFENSE

Plaintiffs have named an improper party to this action, namely Centurion Health.

## FOURTEENTH DEFENSE

Plaintiffs have failed to exhaust their administrative remedies and, therefore, their claims are barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

## RESERVATION OF DEFENSES

Centurion, by virtue of pleading the defenses above, does not admit that the aforementioned defenses are affirmative defenses within the meaning of applicable law, and does not thereby assume a burden of proof or production not otherwise imposed upon it as a matter of law. In addition, in asserting any of the above defenses, Centurion does not admit any fault, responsibility, liability or damage but, to the contrary, expressly denies the same. Discovery has not concluded in this matter, the results of which may disclose the existence of facts supporting further and additional defenses. Centurion, therefore, reserves the right to seek leave of this Court to amend this Answer as it deems appropriate.

## REQUEST FOR ATTORNEY'S FEES

Centurion has been required to retain the services of legal counsel to defend this action and is entitled to recover its reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988, Federal Rule of Civil Procedure 54, and any other state or federal statutes and/or regulations which may be applicable.

**ANSWER AND DEMAND FOR JURY TRIAL - 10**

## DEMAND FOR JURY TRIAL

Centurion hereby demands a trial by jury in accordance with the provisions of Federal Rule of Civil Procedure 38.

## PRAYER

WHEREFORE, Centurion respectfully requests the Court enter judgment as follows:

1.      That Plaintiff's Complaint, and each claim and/or cause of action contained therein, be dismissed with prejudice with Plaintiffs taking nothing thereby;

2.      That Centurion be awarded reasonable attorney's fees and costs in an amount to be determined by the Court; and

3.      For such other and further relief as the Court deems just and proper under the circumstances.

DATED this 9th day of September 2024.

DUKE EVETT, PLLC,

By: */s/ Christina M. Hesse*
      Christina M. Hesse – Of the Firm
      *Attorney for Defendants Centurion of Idaho,*
      *LLC and Centurion Health*

BRADLEY ARANT BOULT CUMMINGS LLP,

By: */s/ Michael J. Bentley*
      Michael J. Bentley *(pro hac vice)*
      *Attorney for Defendants Centurion of Idaho,*
      *LLC and Centurion Health*

**ANSWER AND DEMAND FOR JURY TRIAL - 11**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 9th day of September 2024, I electronically filed the foregoing document with the U.S. District Court. Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

| | | |
|---|---|---|
| Paul Carlos Southwick | [ ] | U.S. Mail, postage prepaid |
| Emily Myrei Croston | [ ] | Hand-Delivered |
| ACLU OF IDAHO FOUNDATION | [ ] | Overnight Mail |
| P.O. Box 1897 | [X] | iCourt/E-Filing |
| Boise, Idaho 83701 | | psouthwick@acluidaho.org |
| *Attorneys for Plaintiffs* | | ecroston@acluidaho.org |
| | | |
| Chase B. Strangio | [ ] | U.S. Mail, postage prepaid |
| Malita Picasso | [ ] | Hand-Delivered |
| AMERICAN CIVIL LIBERTIES | [ ] | Overnight Mail |
| UNION FOUNDATION | [X] | iCourt/E-Filing |
| 125 Broad Street | | cstrangio@aclu.org |
| New York, New York 10004 | | mpicasso@aclu.org |
| *Attorneys for Plaintiffs (pro hac vice)* | | |
| | | |
| | | |
| Raul Labrador | [ ] | U.S. Mail, postage prepaid |
| James E. M. Craig | [ ] | Hand-Delivered |
| James J. Simeri | [ ] | Overnight Mail |
| Gregory E. Woodard | [X] | iCourt/E-Filing |
| Matthew L. Maurer | | james.craig@ag.idaho.gov |
| OFFICE OF THE ATTORNEY | | james.simeri@ag.idaho.gov |
| GENERAL | | greg.woodard@ag.idaho.gov |
| P.O. Box 83720 | | matthew.maurer@ag.idaho.gov |
| Boise, Idaho 83720-0010 | | |
| *Attorneys for Defendants Raul* | | |
| *Labrador, Brad Little, Josh Tewalt, and* | | |
| *Bree Derrick* | | |

/s/ Christina M. Hesse
Christina M. Hesse – Of the Firm
*Attorney for Defendants Centurion of Idaho,*
*LLC and Centurion Health*

**ANSWER AND DEMAND FOR JURY TRIAL - 12**