RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

JAMES J. SIMERI, ISB #12332
GREGORY E. WOODARD, ISB #11329
MATTHEW L. MAURER, ISB #12575
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
james.craig@ag.idaho.gov
james.simeri@ag.idaho.gov
greg.woodard@ag.idaho.gov
matthew.maurer@ag.idaho.gov

*Attorneys for Defendants Raúl
Labrador, in his official capacity as
Attorney General of the State of Idaho;
Brad Little, in his official capacity as
Governor of the State of Idaho, Josh
Tewalt, in his official capacity as the
Director of the Idaho Department of
Corrections; and Bree Derrick, in her
official capacity as the Deputy Director
of IDOC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COLE ROBINSON, et al. | Case No. 1:24-cv-00306-DCN |
| *Plaintiffs,* | |
| *v.* | **GOVERNOR LITTLE AND ATTORNEY GENERAL LABRADOR'S BRIEF IN SUPPORT OF MOTION TO DISMISS** |
| RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho; et al. | |
| *Defendants.* | |

Plaintiffs have included Governor Little and Attorney General Labrador, in their official capacities, as Defendants in this lawsuit. But then they scarcely mention either party in their complaint. The only allegations against Governor Little are that he signed HB 668, and that he has supreme executive authority. And the only allegations against Attorney General Labrador are that he has authority to bring legal action to enforce HB 668.

These allegations are not sufficient to state a claim against either Governor Little or Attorney General Labrador. Accordingly, in accordance with both Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Governor Little and Attorney General Labrador move to dismiss with prejudice all claims directed against them.

### Plaintiffs' Allegations Against Governor Little

In their Complaint (Doc. 1), Plaintiffs have alleged only one claim—a claim under 42 U.S.C. § 1983. This claim is based on the alleged denial of necessary medical treatment to prisoners. Plaintiffs name Governor Little, in his official capacity, as one of the Defendants.

But what did Governor Little do wrong? Among 20 pages of allegations, Plaintiffs mention Governor Little in only two paragraphs. In ¶ 68, Plaintiffs allege:

> Defendant BRAD LITTLE is the Governor of the State of Idaho. Governor Brad Little signed HB 668 into law on March 27, 2024. Section 5 of the Idaho Constitution vests the governor with "supreme executive power" and tasks the governor with responsibility for ensuring all State laws are faithfully executed. Defendant Little is sued in his official capacity.

GOVERNOR LITTLE AND ATTORNEY GENERAL LABRADOR'S BRIEF IN SUPPORT OF MOTION TO DISMISS—1

Compl. ¶ 68 (Doc. 1). Based on this allegation, it appears that that Plaintiffs named Governor Little because he signed HB 668, and because he has "supreme executive power" under the Idaho Constitution.

Then in ¶ 94, Plaintiffs allege:

> In March 2024, the Idaho State Legislature passed HB 668, prohibiting the use of public funds or public facilities to provide gender-affirming hormone therapy "for purposes of altering the appearance of an individual in order to affirm the individual's perception of the individual's sex in a way that is inconsistent with the individual's biological sex." H.B. 668 §§ 2, 5-6. Governor Brad Little signed HB 668 into law on March 27, 2024.

Compl. ¶ 94 (Doc. 1). Based on this allegation, it appears that Plaintiffs named Governor Little because he signed HB 668.

Neither Governor Little's signing HB 668 into law as alleged in ¶¶ 68 and 94, nor his "supreme executive power" as alleged in ¶ 68, are sufficient to state a claim against Governor Little. Therefore, the Court should dismiss with prejudice all claims against Governor Little.

### Plaintiffs' Allegations Against Attorney General Labrador

Similar to Governor Little, Plaintiffs mention Attorney General Labrador in only two paragraphs. In ¶ 24, Plaintiffs allege, in part:

> The Attorney General of the State of Idaho has authority to bring legal action to enforce H.B. 668. *See* H.B. 668 § 2(7); Idaho Code § 67-1401(7).

And in ¶ 67, Plaintiffs allege:

> Defendant RAÚL LABRADOR is the Attorney General of the State of Idaho. Idaho law grants Defendant Labrador authority to bring legal action to enforce H.B. 668. *See* H.B. 668 § 2(7); Idaho Code § 67-1401(7). Defendant Labrador is sued in his official capacity.

These allegations are not sufficient to state a claim against Attorney General Labrador. Therefore, the Court should dismiss with prejudice all claims against Attorney General Labrador.

## Legal Standard

Governor Little and Attorney General Labrador are moving to dismiss under both 12(b)(1), for lack of subject-matter jurisdiction, and 12(b)(6), for failure to state a claim. Under Rule 12(b)(1), a party may move for dismissal of an action for lack of subject-matter jurisdiction. It is well established that the party seeking to invoke the jurisdiction of the federal courts has the burden of establishing that jurisdiction exists. *Assoc. of Medical Colleges v. United States,* 217 F.3d 770, 778–779 (9th Cir.2000). A motion under Rule 12(b)(1) can either be "facial," attacking a pleading on its face and accepting all allegations as true, or "factual," contesting the truth of some or all of the pleading's allegations as they relate to jurisdiction. This motion is facial. *Nichols v. Brown*, 859 F. Supp. 2d 1118, 1126 (C.D. Cal. 2012).

In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those when a Rule 12(b)(6) motion is made. *Nichols v. Brown*, 859 F. Supp. 2d 1118, 1126 (C.D. Cal. 2012) citing *Sea Vessel Inc. v. Reyes,* 23 F.3d 345, 347 (11th Cir.1994). The material factual allegations of the complaint are presumed to be true,

and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *Id.* citing *Savage v. Glendale Union High Sch. Dist. No. 205,* 343 F.3d 1036, 1039 n. 1 (9th Cir.2003); *see also Maya v. Centex Corp.,* 658 F.3d 1060, 1068 (9th Cir.2011) ("For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party.") (quoting *Warth v. Seldin,* 422 U.S. 490, 501, (1975)).

Under Rule 12(b)(6), Defendants may attack the legal sufficiency of a complaint by moving to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court may dismiss a complaint based on either (i) "a lack of cognizable legal theory" or (ii) "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (citation omitted). A complaint must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (cleaned up). "Although for the purposes of this motion to dismiss [the Court] must take all the factual allegations in the complaint as true, [the Court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Nor should the Court accept conclusory allegations,

unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Under both the standard for Rule 12(b)(1), and the standard for Rule 12(b)(6), the Court should dismiss Governor Little and Attorney General Labrador with prejudice.

## I.    Governor Little and Attorney General Labrador, sued in their official capacities, have Eleventh Amendment or sovereign immunity

A suit against a state official in his official capacity is functionally a suit against the state. *See Doe v. Lawrence Livermore Nat. Lab.,* 131 F.3d 836, 839 (9th Cir. 1997). The Eleventh Amendment protects states and state instrumentalities from suit in federal court. *Doe v. Regents of the Univ. of Cal.,* 891 F.3d 1147, 1153 (9th Cir. 2018). Although there is the *Ex parte Young* exception, that exception requires that the official be a proper defendant.

To be a proper defendant under *Ex parte Young,* a state official must have a direct connection to the enforcement of the act; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit. *Animal Legal Def. Fund v. Otter,* 44 F. Supp. 3d 1009, 1016 (D. Idaho 2014) (citing *Ex parte Young,* 209 U.S. 123, 157 (1908); *Los Angeles Cnty. Bar Ass'n v. Eu,* 979 F.2d 697, 704 (9th Cir. 1992)); *accord Ass'n des Eleveur de Canards et d'Oies du Quebec v. Harris,* 729 F.3d 937, 943 (9th Cir. 2013) ("Governor Brown is entitled to Eleventh Amendment

immunity because his only connection to § 25982 is his general duty to enforce California law.").

As in *Animal Legal Defense Fund,* Governor Little's "general broad powers to enforce or execute the laws of a state" "are not sufficient to make the officer a proper party defendant." *Id.* at 1017 (citations omitted). Even a ministerial duty, if one existed here, would not make the Governor a proper defendant. *Id.* Nor does Governor's Little's authority under Idaho Code § 67-802 to request the Attorney General to assist a county prosecutor in the discharge of his or her duties make Governor Little a valid defendant for *Ex parte Young* purposes. *Id.* Therefore, the Court should dismiss all claims against Governor Little.

Similarly, HB 668 does not give Attorney General Labrador explicit enforcement powers. Thus, he does not have a direct connection to the enforcement of the statute. And Idaho Code § 67-1401(7) only provides the Attorney General with the power to assist county prosecuting attorneys. *See Newman v. Lance*, 922 P.2d 395, 399-401 (Idaho 1996). Because the Attorney General lacks direct enforcement authority under the statue, the Court should dismiss all claims against Attorney General Labrador.

## II.   Governor Little Has Absolute Legislative Immunity from the Allegation that He Signed HB 668 Bill into Law.

Governor Little cannot be liable based on Plaintiffs' ¶¶ 68 and 94 allegations that he signed HB 668 into law. A claim against a governor based on his signing a bill into law is barred under the doctrine of legislative immunity. For example, in

*Miesegaes v. Allenby*, Case No. CV 15-01574-CJC, 2019 WL 3364582 (C.D. Cal. June 20, 2019), the plaintiff, a judicially-committed patient at a California state hospital, sued, among others, the California governor. The plaintiff alleged various claims under 42 U.S.C. § 1983. *Id.* at *1. His allegation against the governor was that the governor signed the bill at issue. *Id.* at *11. The governor moved to dismiss based on legislative immunity, and the court granted that motion.

In dismissing, the court explained, "Absolute legislative immunity attaches to all actions taken in the sphere of legitimate legislative activity." Id. (quoting *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998)). This legislative immunity extends to officials outside the legislative branch when they perform legislative functions, which includes a governor signing a bill as part of the legislative process. Id. (citations omitted).

The court reached a similar holding in *Nichols v. Brown*, 859 F. Supp. 2d 1118, (C.D. Cal. 2012). There, the plaintiff sued, among others, the California governor under 42 U.S.C. § 1983. He challenged the constitutionality of a criminal statute related to carrying a loaded firearm. Id. at 1123. The governor moved to dismiss for lack of standing under Rule 12(b)(1). The court granted the motion, and dismissed the governor with prejudice. Id. at 1138.

In doing so, the court squarely rejected the plaintiff's argument that the governor's signing the bill at issue created a sufficient connection between the governor's conduct and the plaintiff's alleged injuries. Id. at 1132. It held, "A governor is entitled to absolute immunity for the act of signing a bill into law." Id. (citing

*Torres–Rivera v. Calderon–Serra*, 412 F.3d 205, 213 (1st Cir. 2005)) ("[A] governor who signs into law or vetoes legislation passed by the legislature is also entitled to absolute immunity for that act."); *Women's Emergency Network*, 323 F.3d 937, 950 (11th Cir. 2003) ("Under the doctrine of absolute legislative immunity, a governor cannot be sued for signing a bill into law.") (citing *Supreme Ct. of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 731–34, (1980)).

Based on the courts' holdings in *Miesegaes v. Allenby* and in *Nichols v. Brown*, under the doctrine of legislative immunity, Governor Little cannot be liable simply because he signed into law the statute at issue in the lawsuit. Therefore, Plaintiffs' allegations in ¶¶ 68 and 94 of their Complaint cannot properly form a basis for Plaintiffs' claim against Governor Little.

### III. Governor Little Cannot Be Liable Based on "His Supreme Executive Power."

Governor Little cannot be liable based on his "supreme executive power" as alleged by Plaintiffs in ¶ 68 of their Complaint because a governor's general duty to enforce state law is an insufficient connection to a plaintiff's alleged injuries to confer standing.

In *Mirabelli v. Olson*, Case No. 3:23-cv-00768-BEN-WVG, 2024 WL 2789460 (S.D. Cal. May 10, 2024), the plaintiffs sued various California-state educational entities, the attorney general, and the governor. Plaintiffs alleged claims for violations of their First-Amendment rights under 42 U.S.C. § 1983 after a school

district enacted a policy that prohibited teachers from notifying parents of a student's transgender status.[1]

The governor moved to dismiss under Rule 12(b)(1) for lack of standing, and the court granted the motion and dismissed the governor. The plaintiffs argued that "the supreme executive power of the State is vested in the Governor." Id. The court rejected this argument. It held that the governor had no direct connection to or responsibility for enforcement of any policy or law challenged in the lawsuit. Id. at *2.

In *Nichols v. Brown*, 859 F. Supp. 2d 1118, discussed *supra*, the court similarly rejected the plaintiff's argument that the governor was liable based on his executive authority. The court explained, "Plaintiff is suing Brown in his official capacity because 'the Governor has the supreme executive power in the State and is responsible for the faithful execution of the laws of the State of California.' This generalized enforcement power, however, is insufficient to establish the requisite connection between Brown and Plaintiff's alleged injury." Id. at 1132 (cleaned up) (citing *Young v. Hawaii*, 548 F.Supp.2d 1151, 1164 (D. Haw. 2008)) (suit challenging laws prohibiting the carrying or use of firearms in certain circumstances failed to establish "required nexus" between the governor and plaintiff's injury where complaint relied solely on governor's "general oversight of State laws").

---

[1] The background information regarding the plaintiffs' claims in *Mirabelli* is not contained in the opinion cited. Instead, the court referred to its previous order in the case, Docket 42, which is available on PACER.

Based on these cases, Governor Little is not a proper defendant simply by virtue of him being Governor. Plaintiffs must allege something more. And they cannot. Accordingly, Plaintiffs allegation in ¶ 68 cannot, without more, state a proper claim against Governor Little. And other than the fact that he signed HB 668, Plaintiffs did not include any other allegations, nor could they.

## Conclusion

Plaintiffs only allegations against Governor Little are that he signed H.B. 668, and that he is Idaho's chief executive. And their only allegations against Attorney General Labrador is that he has enforcement authority, but under the statute, he does not have direct enforcement authority. Plaintiffs' allegations cannot not form the basis of a legal claim against either Governor Little or Attorney General Labrador. Therefore, under both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Governor Little and Attorney General Labrador request that the Court dismiss all claims against them with prejudice, and provide all other relief that is just.

Dated: September 9, 2024

Office of the Attorney General

By: /s/ *James J. Simeri*
JAMES J. SIMERI
Deputy Attorney General

## CERTIFICATE OF SERVICE

I CERTIFY that on September 9, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Paul Carlos Southwick
psouthwick@acluidaho.org

Emily Myrei Croston
ecroston@acluidaho.org

Malita Picasso
mpicasso@aclu.org

Chase B. Strangio
cstrangio@aclu.org

*Attorneys for Plaintiffs*

Christina M. Hesse
cmh@dukeevett.com

Michael J. Bentley
mbentley@bradley.com

*Attorneys for Defendants Centurion of Idaho, LLC and Centurion Health*

/s/ James J. Simeri
JAMES J. SIMERI