Michael J. Bentley *(pro hac vice)*
MSB #102631; mbentley@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 East Capitol Street, Suite 1000
Jackson, Mississippi 39201
Telephone: (601)-592-9935
Facsimile: (601)-592-1435

Christina M. Hesse
ISB #10712; cmh@dukeevett.com
DUKE EVETT, PLLC
1087 West River Street, Suite 300
P.O. Box 7387
Boise, Idaho 83707
Telephone: (208)-342-3310
Facsimile: (208)-342-3299

*Attorneys for Defendants Centurion of Idaho, LLC and Centurion, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COLE ROBINSON and JANE POE,<br><br>            Plaintiffs,<br><br>v.<br><br>RAUL LABRADOR, in his official capacity as Attorney General of the State of Idaho; BRAD LITTLE, in his official capacity as Governor of the State of Idaho; JOSH TEWALT, in his official capacity as the Director of the Idaho Department of Corrections; BREE DERRICK, in her official capacity as the Deputy Director of IDOC; CENTURION OF IDAHO, LLC; CENTURION, LLC,<br><br>            Defendants. | Case No. 1:24-cv-00306-DCN<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT CENTURION, LLC'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [DKT. 65] AS TO CENTURION, LLC** |

**INTRODUCTION**

Plaintiffs have named Centurion, LLC, a Delaware company, as a defendant in this Section 1983 lawsuit solely because it is Centurion of Idaho, LLC's parent company. Plaintiffs do not allege that Centurion, LLC provides healthcare to inmates in Idaho or that it has committed any constitutional violations in Idaho or anywhere else. A bare parent-subsidiary relationship is not sufficient to hold Centurion, LLC responsible for constitutional violations allegedly committed by its subsidiary. Section 1983 forbids the imposition of such vicarious liability. The Court should dismiss Centurion, LLC under Rule 12(b)(6) because Plaintiffs fail to state a claim against it.

Further, Centurion, LLC is not subject to either general or specific personal jurisdiction in Idaho. A parent-subsidiary relationship is not sufficient to confer jurisdiction on the out-of-state company, and Plaintiffs do not make any plausible allegations that Centurion, LLC has purposefully availed itself of the protections of the laws of Idaho. If the Court does not dismiss the complaint for failure to state a claim, it should dismiss Centurion, LLC under Rule 12(b)(2) for lack of personal jurisdiction.

**BACKGROUND**

I.     **Factual Background**

In this class-action lawsuit, Plaintiffs—inmates incarcerated by the Idaho Department of Corrections ("IDOC")—allege that House Bill 668, which prohibits using public funds to provide hormone therapy treatment for gender dysphoria, violates their Eighth Amendment rights. *See generally* [Dkt. 65] (citing and discussing H.B. 668, 67th Leg. § 2, 2nd Sess. (Idaho 2024)); Idaho Code § 18-8901(2)). Plaintiffs seek injunctive and declaratory relief, but not damages. [Dkt. 65] at p.18 (Prayer for Relief).

**MEMORANDUM IN SUPPORT OF DEFENDANT CENTURION, LLC'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [DKT. 65] AS TO CENTURION, LLC - 2**

On September 3, 2024, this Court certified a class of inmates and issued a preliminary injunction against HB 668's enforcement while this suit is pending. *See* [Dkt. 58]. After that, Centurion of Idaho, LLC answered the original complaint. [Dkt. 60].[1]

## II.    Procedural Background

On September 30, 2024, Plaintiffs filed their operative Amended Complaint, which names several state defendants and two private companies. [Dkt. 65] at ¶¶ 52-58. Relevant here, the Amended Complaint names the two private company defendants:

- Centurion of Idaho, LLC, an Idaho corporation that is the contract healthcare provider for IDOC; and

- Centurion, LLC, a Delaware corporation[2] that is the "parent corporation" of Centurion of Idaho, LLC.

[Dkt. 65] at ¶¶ 56-57. Plaintiffs added Centurion, LLC, the parent, as a defendant after Centurion of Idaho, LLC ("Centurion Idaho") filed its corporate disclosure statement. *See* [Dkt. 61].

The Amended Complaint alleges that Centurion Idaho is the contract healthcare provider for IDOC and, as such, "is responsible for ensuring that proper medical, dental, psychiatric, and psychological services, and treatment are provided to inmates in IDOC's custody." [Dkt. 65] at ¶ 56. Plaintiffs further allege that "Centurion providers" were prescribing hormone therapy to class members based on medical need, but HB 668 subjects Centurion providers or employees to prosecution if they continue providing hormone therapy. [Dkt. 65] at ¶¶ 8, 56, 66, 76, 82.

---

[1] Plaintiffs' original complaint named Centurion of Idaho, LLC and "Centurion Health" as defendants. *See* [Dkt. 1]. In its answer, Centurion of Idaho, LLC explained that "Centurion Health" was not a legal entity and was not a proper party to the lawsuit. [Dkt. 60] at ¶ 7.

[2] Plaintiffs identify Centurion, LLC as a Virginia corporation, however, it is a Delaware corporation. *See Declaration of Christina M. Hesse in Support of Defendant Centurion, LLC's Motion to Dismiss,* ¶ 2, Ex. A.

**MEMORANDUM IN SUPPORT OF DEFENDANT CENTURION, LLC'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [DKT. 65] AS TO CENTURION, LLC - 3**

Plaintiffs' only allegations against Centurion, LLC are that it is Centurion Idaho's parent entity and that, "[u]pon information and belief, Centurion, LLC directly employs healthcare providers responsible for ensuring that proper medical, dental, psychiatric, and psychological services, and treatment are provided to inmates incarcerated under IDOC's jurisdiction." [Dkt. 65] at ¶ 57. The Amended Complaint does not provide any other factual allegations to support this "information and belief" allegation.

Centurion Idaho has answered the Complaint. [Dkt. 60].  Centurion, LLC now files this motion to dismiss the claims against it.

## LEGAL STANDARDS

Centurion, LLC moves to dismiss the claims against it under Rule 12(b)(6) for failure to state a claim and Rule 12(b)(2) for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2), (6). The Court's inquiry on a Motion to Dismiss is generally limited to the materials within the complaint and pleadings, subject to limited allowances for certain jurisdictional challenges or for items of which judicial notice may be taken. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004); *Smith v. Bangs*, No. 2:22-CV-00426-DCN, 2024 WL 310081, at *1 (D. Idaho Jan. 26, 2024). The applicable legal standards are more fully set forth in the Argument Section, *infra*, along with the corresponding arguments.

## ARGUMENT

I. **Plaintiffs' claims against Centurion, LLC should be dismissed under Rule 12(b)(6) because the Amended Complaint does not state a plausible claim for relief.**

A. **Legal Standard – Rule 12(b)(6) Failure to State a Claim.**

When considering a Rule 12(b)(6) motion to dismiss, the Court "must accept as true all well-pleaded factual allegations made in the pleading under attack," *Rowlette v. Mortimer*, 352

F. Supp. 3d 1012, 1020 (D. Idaho 2018), and draw all reasonable inferences "in the light most favorable to the nonmoving party," *McGinity v. Proctor & Gamble Co*, 69 F.4th 1093, 1096 (9th Cir. 2023) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962) (9th Cir. 2016)). The Court disregards legal conclusions and conclusory statements. *See Rowlette*, 352 F. Supp. 3d at 1020.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "plausibility standard" requires that the well-pleaded facts show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678; *accord Moss v. U.S. Secret Serv.*, 572 F.3d 962, 967–69 (9th Cir. 2009) (discussing *Twombly/Iqbal* standard). The Ninth Circuit has explained that, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss*, 572 F.3d at 969.

Deciding if a complaint states a plausible claim for relief is a "context-specific" task, which requires the Court to "draw on its judicial experience and common sense" when addressing whether the "nub" of the complaint alleges unconstitutional conduct despite an "obvious alternative explanation." *Iqbal*, 556 U.S. at 679–82.

**B. Plaintiffs have not made sufficient factual allegations against Centurion, LLC to support a claim for relief under the *Twombly/Iqbal* standard because a mere parent-subsidiary relationship is insufficient to state a claim that withstands a Rule 12(b)(6) challenge.**

Plaintiffs have not alleged a plausible claim for relief against Centurion, LLC, and the "nub" of their complaint against Centurion, LLC is that it happens to be Centurion Idaho's parent company. A mere parent-subsidiary relationship is not sufficient to state a claim for injunctive

and declaratory relief against Centurion, LLC.[3] "As a general principle, corporate separateness insulates a parent company from liability created by its subsidiary." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015) (citing *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)). The parent-subsidiary relationship alone "does not eviscerate the separate corporate identity" of each entity, *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004), nor does it impute liability onto the parent company "absent a showing that the corporate form had been abused," *United States v. Bennett*, 621 F.3d 1131, 1137 (9th Cir. 2010).

Plaintiffs' case challenges a law that operates to prevent a particular type of medical treatment for the Plaintiffs and class members. The Amended Complaint confirms that Centurion Idaho is the contract healthcare provider for IDOC and is responsible for providing medical care to inmates in IDOC's custody, which includes Plaintiffs and the class members. *See* [Dkt. 65] at ¶ 56. Plaintiffs' only allegation against Centurion, LLC—aside from its parent status—is that it "directly employs healthcare providers responsible for ensuring that proper medical, dental, psychiatric, and psychological services, and treatment are provided to inmates incarcerated under IDOC's jurisdiction." [Dkt. 65] at ¶ 57.[4] Other than this general assertion, which is caveated as being based on "information and belief," Plaintiffs make no factual allegations against Centurion, LLC. Plaintiffs do not allege that Centurion, LLC is responsible for the day-to-day treatment of patients in IDOC custody; that Centurion, LLC directs or controls Centurion Idaho's provision of medical care to IDOC inmates; that Centurion, LLC "abuses" the corporate form in any way; or that any medical providers "directly employed" by Centurion, LLC have committed any acts or omissions that would warrant injunctive relief in this lawsuit. *Compare* [Dkt. 65].

---

[3] Centurion Idaho has answered the Complaint and is not seeking dismissal of the claims under Rule 12. [Dkt. 60].

[4] The allegation that Centurion, LLC employs medical providers that provide care in Idaho is not correct, but Centurion, LLC understands that it must be accepted as true for purposes of this motion to dismiss.

Plaintiffs added Centurion, LLC as a defendant only after Centurion Idaho provided its corporate disclosure statement identifying the parent-subsidiary relationship. *See* [Dkt. 61]. By Plaintiffs' own allegations, however, Centurion Idaho—not its parent—is the company that operates in Idaho and provides healthcare services to inmates in IDOC custody. Even if the allegation that Centurion, LLC "directly employs" medical providers in Idaho is taken as true, that bare allegation does not give rise to a plausible claim for injunctive or declaratory relief against Centurion, LLC. If an individual medical provider ever were to engage in acts of deliberate indifference, ***which is not alleged in the Amended Complaint***, the Court may consider claims against the provider, not against his or her employer. *See Iqbal*, 556 U.S. at 676 (explaining that theories of respondeat superior and vicarious liability are not cognizable under Section 1983).

Here, the Amended Complaint's allegations, judicial experience, and common sense all confirm that Plaintiffs' claims against Centurion, LLC are based solely on its status as Centurion Idaho's parent company. No other theory for enjoining Centurion, LLC in Idaho federal court appears on the face of the Amended Complaint or can be fairly inferred from it. Without more, a bare, parent-subsidiary relationship is not enough to state a plausible claim for relief against Centurion, LLC. *See Ranza*, 793 F.3d at 1070; *Katzir's Floor & Home Design, Inc.*, 394 F.3d at 1149.

The Amended Complaint does not allege facts sufficient to state a claim against Centurion, LLC, and the Court should dismiss Centurion, LLC pursuant to Rule 12(b)(6).

**C.    Dismissal of the Amended Complaint under Rule 12(b)(6) is also necessary because Centurion, LLC cannot be held vicariously liable under Section 1983 for alleged constitutional violations committed by another person or company.**

Plaintiffs' deliberate indifference claims against Centurion, LLC fail for another reason: Centurion, LLC cannot be held vicariously liable for alleged constitutional violations committed by another person or company. As explained above, the only *possible* inference to be drawn from the Amended Complaint is that Centurion, LLC is equally liable for constitutional violations committed by Centurion Idaho based on its status as a parent company. Section 1983 provides that any person within the jurisdiction of the United States may invoke this cause of action against any other person who, acting "under color of" state law, has deprived them of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983, however, does not permit Plaintiffs to transfer liability for constitutional violations.

Plaintiffs' claim that Centurion, LLC should be made liable for Centurion Idaho's alleged constitutional violations defies two established rules of federal law.

First, as outlined above, federal courts respect the legal separation of parent and subsidiary companies, and absent limited circumstances, will not impose liability on a parent for its subsidiary's actions. See *Ranza*, 793 F.3d at 1070 ("As a general principle, corporate separateness insulates a parent company from liability created by its subsidiary."); *see also Bestfoods*, 524 U.S. at 61; *Katzir's Floor & Home Design, Inc.*, 394 F.3d at 1149. Piercing the corporate vail is a "rare exception" to this long-established rule that parents and subsidiaries are distinct entities. *Dole Food Co. v. Patrickson*, 538 468, 475 (2003). No basis for piercing is alleged in the Amended Complaint. *See generally* [Dkt. 65].

**MEMORANDUM IN SUPPORT OF DEFENDANT CENTURION, LLC'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [DKT. 65] AS TO CENTURION, LLC - 8**

Second, federal law, and Section 1983 specifically, forbid the imposition of respondeat superior or vicarious liability for another's unconstitutional conduct. *Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (stating a Section 1983 claim cannot be based on respondeat superior liability); *Monell v. Deptartment of Soc. Servs.*, 436 U.S. 658, 691–92 (1978) (explaining supervisory personnel are liable under Section 1983 only if they have some personal role in causing the alleged harms or were responsible for some custom or practice that caused the violations); *Starr v. Baca*, 652 F.3d 1202, 1205–07 (9th Cir. 2011) (same). Instead, "[l]iability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the depravation of his civil rights." *Id.*

A municipality or corporation can only be "personally involved" in a constitutional violation if it has a policy or custom that is "the moving force" behind a plaintiff's alleged injuries. *Long v. County of L.A.*, 442 F.3d 1178, 1186 (9th Cir. 2006). As the Supreme Court has explained, a plaintiff must show that, "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Board of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis in original). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.*[5]

Plaintiffs have not alleged that Centurion LLC was personally and deliberately involved

---

[5] While private companies are subject to *Monell* liability, the same "moving force" rule applies. As the Sixth Circuit has explained, "a private contractor is liable for a policy or custom *of that private contractor*, rather than a policy or custom of the municipality." *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) (emphasis in original); *see also Williams v. Guard Bryant Fields,* 535 F. App'x 205, 206 (3d Cir. 2013); *Thomas v. Wexford Health Servs., Inc.*, 414 F. Supp. 3d 1154, 1161 (N.D. Ill. 2019).

in any conduct related to the treatment of gender dysphoria or the provision of hormone therapy to inmates in IDOC custody. Nor have Plaintiffs alleged that Centurion, LLC had a policy or custom that was the "moving force" behind their alleged injuries. Instead, they seek to hold Centurion, LLC liable for constitutional violations allegedly committed by a separate, subsidiary company. Section 1983 does not permit the imposition of such vicarious liability.

In turn, the claims against Centurion, LLC should be dismissed pursuant to Rule 12(b)(6) for this independent reason.

## II.    The Court should dismiss the claims against Centurion, LLC under Rule 12(b)(2) because it lacks personal jurisdiction over the company.

### A.    Legal Standard – Rule 12(b)(2), Lack of Personal Jurisdiction.

"Where defendants move to dismiss a complaint for lack of personal jurisdiction, plaintiffs bear the burden of demonstrating that jurisdiction is appropriate." *National Union Fire Ins. Co. of Pittsburgh v. Aerohawk Aviation, Inc.*, 259 F. Supp. 2d 1096, 1101 (D. Idaho 2003) (citing *Dole Food Co. v. Watts*, 303 F.3d 1104 (9th Cir. 2002)). A Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is considered a "speaking motion," so the Court may "look beyond the pleadings to affidavits and other evidence" if necessary to resolve the motion. *Id.* (citing *Data Disc Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280 (9th Cir.1977)). If a plaintiff's jurisdictional allegations are not "directly controverted," however, "a plaintiff's version of the facts is taken as true for the purposes of a 12(b)(2) motion to dismiss." *Id.*; *accord Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 502 (9th Cir. 2023).

In connection with resolving a Rule 12(b)(6) challenge, a Court may consider items outside the pleadings of which it can take judicial notice. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). A district court does not abuse its discretion by looking to materials outside the

pleadings in deciding the issue, even if it becomes necessary to resolve factual disputes. *Credit Suisse v. Boespflug*, No. CV08139-S-EJL- CWD, 2009 WL 800216, at *5 (D. Idaho Feb. 13, 2009), report and recommendation adopted as modified, No. CV08-139-S-EJL, 2009 WL 800214 (D. Idaho Mar. 25, 2009) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)). Judicial notice may properly be taken of matters of public record, such as public records of a Secretary of State, outside the pleadings, without converting the Motion to one for summary judgment. *See eBay Inc. v. Digital Point Solutions, Inc.*, 608 F. Supp. 2d 1156, 1164 n.6 (N.D. Cal. 2009) (taking judicial notice date on which company filed articles of incorporation); *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004) (citing *Savage*, 343 F.3d at 1039 n. 2); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of motion and briefing filed in another related matter); Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). In turn, a Court may take judicial notice of a company's Secretary of State status, filings, and/or registrations because they can accurately and readily be determined from the Secretary of State, a source whose accuracy cannot reasonably be questioned. *See* Fed. R. Civ. P. 201(b).

**B.    The Court lacks personal jurisdiction over Centurion, LLC.**

A federal court's exercise of personal jurisdiction must comport with both the state's long-arm statute and federal due process principles. Because Idaho's long-arm statute is broader than the federal due process clause "the jurisdictional analysis and federal due process analysis [for personal jurisdiction] are the same." *Wells Cargo, Inc. v. Transport Ins. Co.*, 676 F. Supp. 2d 1114, 1119 (D. Idaho 2009); *see* Idaho Code § 5-514.

**MEMORANDUM IN SUPPORT OF DEFENDANT CENTURION, LLC'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [DKT. 65] AS TO CENTURION, LLC - 11**

For a court to exercise personal jurisdiction over a defendant, "due process requires that the defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Ranza*, 793 F.3d at 1068. The required minimum contacts depend on whether the court is exercising specific or general jurisdiction over a defendant. *Id.*

"For a court to exercise general personal jurisdiction over a defendant corporation, the defendant's contacts with the forum state must be 'so continuous and systematic as to render [it] essentially at home in the forum State.'" *Yamashita*, 62 F.4th at 503 (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)). As a general rule, a corporation is "at home" only in its place of incorporation and principal place of business. *Id.*; *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Specific jurisdiction exists when the defendant "take[s] some act by which it purposefully avails itself of the privilege of conducting activities within the forum State" and "the plaintiff's claims arise out of or relate to the defendant's contacts with the forum." *Yamashita*, 62 F.4th at 503 (internal quotation marks omitted). A defendant must have "deliberately reached out beyond its home" in order to be subject to personal jurisdiction. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021).

Taking Plaintiffs' allegations as true, Centurion, LLC is not subject to either general or specific jurisdiction. Relevant to general jurisdiction, Plaintiffs allege Centurion, LLC is headquartered in Virginia. [Dkt. 65] at ¶ 57. Plaintiffs make no allegation that Centurion, LLC is incorporated in Idaho, make no allegation that Centurion, LLC is headquartered in Idaho, nor allege that Centurion, LLC's principal place of business is Idaho. [Dkt. 65] at ¶ 57. Rather, Centurion, LLC is organized under the laws of the State of Delaware and has been a Delaware corporation since May 2011. *See Declaration of Christina M. Hesse in Support of Defendant*

**MEMORANDUM IN SUPPORT OF DEFENDANT CENTURION, LLC'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [DKT. 65] AS TO CENTURION, LLC - 12**

*Centurion, LLC's Motion to Dismiss ("CMH Dec."),* ¶ 2, Ex. A. [6] Centurion, LLC is not "at home" in Idaho and, therefore, not subject to general personal jurisdiction in this Court.

Further, Centurion, LLC is not subject to specific personal jurisdiction. The crux of the allegations against Centurion, LLC is that it is Centurion Idaho's parent. [Dkt. 65] at ¶ 57. But "[t]he existence of a parent-subsidiary relationship is insufficient to establish personal jurisdiction" over separate companies. *Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985); *see also Daimler AG*, 571 U.S. at 136 (rejecting theory that presence of in-state subsidiary or affiliate company is sufficient to confer general jurisdiction over foreign parent). Further, the alleged fact that Centurion, LLC "employs healthcare providers" in Idaho does not subject it to specific personal jurisdiction in this case. [Dkt. 65] at ¶ 57. Plaintiffs correctly recognize that Centurion of Idaho is "IDOC's contract medical provider," and provide contractually specified medical services and treatment to inmates in IDOC's custody. [Dkt. 65] at ¶ 56. As already discussed, however, there is no allegation linking any act of a specific medical provider of Centurion, LLC (or of Centurion Idaho) to the claims in this case—all of which "arise out of" the State of Idaho's enactment of HB 668.

Accordingly, the Court lacks personal jurisdiction over Centurion, LLC, so the claims against it should be dismissed pursuant to Rule 12(b)(2) for this reason as well.

## CONCLUSION

For the foregoing reasons, Centurion, LLC requests that this Court dismiss all claims

---

[6] For the reasons enumerated, *infra,* this Court may take judicial notice of Centurion, LLC's status as a limited liability company in good standing, formed under the laws of the state of Delaware on May 9, 2011.

against Centurion, LLC, and dismiss Centurion, LLC as a party to this case, under Federal Rule of Civil Procedure 12(b)(2) and/or Rule 12(b)(6).

DATED this 15th day of October 2024.

DUKE EVETT, PLLC,

By: /s/ Christina M. Hesse
    Christina M. Hesse – Of the Firm
    *Attorney for Defendants Centurion of Idaho,*
    *LLC and Centurion, LLC*

BRADLEY ARANT BOULT CUMMINGS LLP,

By: /s/ Michael J. Bentley
    Michael J. Bentley *(pro hac vice)*
    *Attorney for Defendants Centurion of Idaho,*
    *LLC and Centurion, LLC*

**MEMORANDUM IN SUPPORT OF DEFENDANT CENTURION, LLC'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [DKT. 65] AS TO CENTURION, LLC - 14**

# <u>CERTIFICATE OF SERVICE</u>

I certify that on this 15th day of October 2024, I electronically filed the foregoing document with the U.S. District Court. Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

| | | |
|---|---|---|
| Paul Carlos Southwick | [ ] | U.S. Mail, postage prepaid |
| Emily Myrei Croston | [ ] | Hand-Delivered |
| ACLU OF IDAHO FOUNDATION | [ ] | Overnight Mail |
| P.O. Box 1897 | [X] | iCourt/E-Filing |
| Boise, Idaho 83701 | | psouthwick@acluidaho.org |
| *Attorneys for Plaintiffs* | | ecroston@acluidaho.org |

| | | |
|---|---|---|
| Chase B. Strangio | [ ] | U.S. Mail, postage prepaid |
| Malita Picasso | [ ] | Hand-Delivered |
| AMERICAN CIVIL LIBERTIES | [ ] | Overnight Mail |
| UNION FOUNDATION | [X] | iCourt/E-Filing |
| 125 Broad Street | | cstrangio@aclu.org |
| New York, New York 10004 | | mpicasso@aclu.org |
| *Attorneys for Plaintiffs (pro hac vice)* | | |

| | | |
|---|---|---|
| Raul Labrador | [ ] | U.S. Mail, postage prepaid |
| James E. M. Craig | [ ] | Hand-Delivered |
| James J. Simeri | [ ] | Overnight Mail |
| Gregory E. Woodard | [X] | iCourt/E-Filing |
| Matthew L. Maurer | | james.craig@ag.idaho.gov |
| OFFICE OF THE ATTORNEY | | james.simeri@ag.idaho.gov |
| GENERAL | | greg.woodard@ag.idaho.gov |
| P.O. Box 83720 | | matthew.maurer@ag.idaho.gov |
| Boise, Idaho 83720-0010 | | |
| *Attorneys for Defendants Raul Labrador, Brad Little, Josh Tewalt, and Bree Derrick* | | |

/s/ Christina M. Hesse
Christina M. Hesse

**MEMORANDUM IN SUPPORT OF DEFENDANT CENTURION, LLC'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [DKT. 65] AS TO CENTURION, LLC - 15**