RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

JAMES J. SIMERI, ISB #12332
GREGORY E. WOODARD, ISB #11329
MATTHEW L. MAURER, ISB #12575
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
james.craig@ag.idaho.gov
james.simeri@ag.idaho.gov
greg.woodard@ag.idaho.gov
matthew.maurer@ag.idaho.gov

*Attorneys for Defendants Raúl Labrador, in his official capacity as Attorney General of the State of Idaho; Brad Little, in his official capacity as Governor of the State of Idaho, Josh Tewalt, in his official capacity as the Director of the Idaho Department of Corrections; and Bree Derrick, in her official capacity as the Deputy Director of IDOC*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| ROBINSON, *et al.*<br><br>                      *Plaintiffs,*<br><br>                  *v.*<br>RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho; *et al.*,<br><br>                      *Defendants.* | Case No. 1:24-cv-00306-DCN<br><br>**RESPONSE TO THE MOTION FOR RENEWED PRELIMINARY INJUNCTION [DKT. 80]** |

Plaintiffs have asked this Court to "reissue" the Court's preliminary injunction order dated September 3, 2024, before the injunction expires on December 2, 2024. Dkt. 80-1 at 1. Preliminary injunctions ordered in Prison Litigation Reform Act (PLRA) cases are not indefinite, but rather expire after 90 days, "unless the court makes the findings required [for prospective relief] and makes the order final before the expiration of the 90-day period." 18 U.S.C. § 3626(a)(2). Plaintiffs claim that the Ninth Circuit has read into the statute a third option: renewing a preliminary injunction at the expiration of the previous one. *See Mayweathers v. Newland*, 258 F.3d 930, 936 (9th Cir. 2001). But more recent—and more fully reasoned—case law on point directly forecloses this supposed third option Plaintiffs claim exists. In no uncertain terms, the Ninth Circuit has held that "[t]he statutory text of the PLRA unambiguously states that any preliminary injunction expires automatically after 90 days unless the district court makes subsequent required findings and makes the order final." *Ahlman v. Barnes*, 20 F.4th 489, 493 (9th Cir. 2021). The court went on, "[i]ndeed, § 3626(a)(2) provides *no* way to extend a preliminary injunction other than making the injunctive relief final." *Id.* at 494 (emphasis added). The court continued: "Section 3626(a)(2) details the *only* way to extend an injunction issued under the PLRA beyond 90 days. The provision displaces the courts' traditional equitable power." *Id.* (emphasis added). In other words, there is no third option. Either the injunction expires, or the Court makes the relevant findings and makes the order final. Full stop.

 Even if this Court were to entertain Plaintiffs' invocation of this supposed third

RESPONSE TO THE MOTION FOR RENEWED PRELIMINARY INJUNCTION [DKT. 80]—1

option, and "renew" its preliminary injunction, the Court would still need to find that the injunction is "narrowly drawn, extend[s] no further than necessary, and [is] the least intrusive means necessary[]." Dkt. 80-1 at 4. However, this Court cannot make those required findings because Plaintiffs have failed to make the required showing. Even if this Court had the authority to extend its preliminary injunction beyond 90 days, which it does not, Plaintiffs have failed to meet their burden of proof to show that continuing the preliminary injunction is necessary and narrowly tailored.

I.  **The Court is Not Empowered to "Reissue" its Preliminary Injunction**

The parties agree that this case falls under the PLRA, and thus, this Court's September 3rd preliminary injunction is limited by the PLRA. *See* Dkt. 80-1. The parties however disagree on how the PLRA limits the Court's preliminary injunction. The Ninth Circuit has, helpfully, clarified this issue. It has noted, "[t]he statutory text of the PLRA unambiguously states that any preliminary injunction expires automatically after 90 days unless the district court makes subsequent required findings and makes the order final." *Ahlman*, 20 F.4th at 493. The court went on to note that this provision of the PLRA "clearly the courts' traditional equitable authority." *Id.* at 494 (cleaned up). In other words, the Ninth Circuit has clearly foreclosed this supposed third option Plaintiffs request: this Court has no authority to extend its preliminary injunction beyond 90 days except to make it final. *See id.* ("Indeed, § 3626(a)(2) provides no way to extend a preliminary injunction other than making the injunctive relief final.").

Other circuit courts interpreting this same provision of the PLRA have come

to the same conclusion. *See, e.g., Ga. Advoc. Off. v. Jackson,* 4 F.4th 1200, 1210–11 (11th Cir. 2021)*; Banks v. Booth*, 3 F.4th 445, 448 (D.C. Cir. 2021). In *Georgia Advocacy*, the Eleventh Circuit explained, at length, how the PLRA changes the function of preliminary injunctions in prison cases:

> Ordinarily, the purpose of a preliminary injunction is to prevent the plaintiff from suffering irreparable injury before the court can reach a final decision on the merits. Wright & Miller, *supra* § 2947. To serve this purpose, preliminary injunctions are typically "effective until a decision has been reached at a trial on the merits." *Id*. § 2941. A preliminary injunction under the PLRA, however, may or may not last until a final decision on the merits is made. Its lifespan is instead predetermined by the "unless" clause—it will automatically expire 90 days after its entry unless certain conditions are met, one of which, as we will explain in part II.B, is the entry of a permanent injunction after a trial on the merits. § 3626(a)(2).

4 F.4th at 1209. In other words, for a PLRA case, the only two paths for a preliminary injunction after 90 days are 1) expiration, or 2) making it final after trial on the merits. The court notes "[a] preliminary injunction under the PLRA…may or may not last until a final decision on the merits is made…. The PLRA thus subordinates the traditional function of preliminary injunctive relief—the prevention of injury pending a trial on the merits—to the PLRA's overarching goal of reducing judicial involvement in prison management." *Id.*

The bottom line is that Plaintiffs have simply cited outdated and poorly reasoned case law on this issue. The Court lacks the authority to renew its preliminary injunction under the PLRA.

## II. Plaintiffs Fail to Show Further Preliminary Injunction is Warranted

Even if this Court could "renew" its September 3rd preliminary injunction—

which it can't under the PLRA—Plaintiffs have nevertheless failed to meet their burden to show that continuing the preliminary injunction is warranted. Under the PLRA, a prisoner seeking preliminary injunctive relief regarding prison conditions may obtain such relief "to the extent otherwise authorized by law." 18 U.S.C. § 3626(a)(2). In other words, a plaintiff must generally make the same showing as is required under Rule 65 and its associated case law: likelihood of success on the merits or "serious questions going to the merits," likelihood of irreparable harm, and the balance of equities tipping sharply in a plaintiff's favor. F.R.C.P 65; s*ee Alliance for Wild Rockies v. Cottrell,* 632 F3d 1127, 1131-1132 (9th Cir. 2011). The PLRA further imposes the 90-day expiration requirement as well as a requirement that the injunction "extend no further than necessary to correct the harm the court finds requires preliminary relief." § 3626(a)(2). Even under Plaintiffs' outdated and superseded case law, if a plaintiff seeks an additional preliminary injunction at the expiration of the 90-day period, he still bears the continuing burden to prove that preliminary relief is warranted and that the relief still extends no further than necessary. *Mayweathers*, 258 F.3d at 936.

Plaintiffs have not met this burden. Instead, Plaintiffs have simply recycled declarations from the two named plaintiffs asserting that various harms would result if they were taken off cross-sex hormones. *See* Dkt. 80-2 and Dkt. 80-3. And most importantly, Plaintiffs have submitted no evidence whatsoever regarding irreparable harm to the absent class members. The PLRA requires more. It "imposes a burden on plaintiffs to prove that preliminary relief is warranted" and "extend[s] no further than

necessary to correct the harm the court finds requires preliminary relief." Plaintiffs have failed to meet this burden.

***Plaintiffs Fail Needs-Narrowness-Intrusiveness Requirements.*** Before a court may order preliminary injunctive relief under the PLRA, it must make "particularized findings that each requirement imposed by the preliminary injunction satisfies each of the needs-narrowness-intrusiveness criteria." *See Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1277 (11th Cir. 2020). This Court cannot make those particularized findings because Plaintiffs have failed to provide evidence. They failed to meet their burden under the PLRA of proving that preliminary relief continues to be warranted and that it is narrowly tailored.

Plaintiffs have offered two declarations wherein they assert their continued need for cross-sex hormones, but they are not medical professionals and have limited ability to opine on the effects of tapering off cross-sex hormones. And Plaintiffs' repeated assertions that nothing has "changed" since the Court issued its preliminary injunction miss the mark. Dkt. 80-1 at 2, 4, 5, and 9. For one thing, Plaintiffs have produced no evidence supporting these repeated assertions that "nothing has changed." But more importantly, Plaintiffs seem to take for granted the continuation of the Court's preliminary injunction, "unless something changes." The default for PLRA cases is for a preliminary injunction to expire 90 days after it is entered. Even if this Court were to adopt Plaintiffs' outdated and superseded case law, the burden is still on Plaintiffs to show why continuing the preliminary injunction is warranted. *See Mayweathers*, 258 F.3d at 936. Instead of producing evidence to meet this burden,

Plaintiffs simply offer arguments for why the Court's September 3rd preliminary injunction was correctly granted. Dkt. 80-1 at 4 – 6. This does not satisfy Plaintiffs' burden to affirmatively show why preliminary injunctive relief is warranted.

***Plaintiffs Failed to Offer Evidence on Absent Class Members***. Moreover, Plaintiffs have failed to show that their requested preliminary injunctive relief extends no further than necessary because they have failed to show any evidence of irreparable harm with respect to the absent class members. Plaintiffs cannot simply rely on the fact that a class has been certified to establish irreparable harm because "a class action determination focuses on similarities between the legal claims of the parties, see Fed.R.Civ.P. 23(a), while a preliminary injunction determination, by requiring a showing of irreparable harm, depends in many cases (including this one) on circumstances entirely independent of legal rights." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 490 (3d Cir. 2000). In other words, class action certification is no substitute for showing irreparable harm for each of the class members. Plaintiffs must provide evidence that each class member would suffer irreparable harm absent a preliminary injunction. Plaintiffs have failed to do so, and have accordingly failed to show that their requested injunctive relief under the PLRA is narrowly tailored.

## CONCLUSION

This Court unambiguously lacks the authority to grant the relief Plaintiffs request here. The language of the PLRA is clear, as is Ninth Circuit case law. Even if the Court had the authority—which is does not—Plaintiffs have failed to show that continuing the preliminary injunction in this case is warranted. State

Defendants request this Court deny Plaintiffs motion and provide all other just relief.

DATED: November 13, 2024

                              STATE OF IDAHO
                              OFFICE OF THE ATTORNEY GENERAL

                              By: /s/ Matthew L. Maurer
                                    MATTHEW L. MAURER
                                    Deputy Attorney General

# CERTIFICATE OF SERVICE

I certify that on November 13, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Paul Carlos Southwick
psouthwick@acluidaho.org

Emily Myrei Croston
ecroston@acluidaho.org

Malita Picasso
mpicasso@aclu.org

Chase B. Strangio
cstrangio@aclu.org

*Attorneys for Plaintiff*

Christina M. Hesse
cmh@dukeevett.com

Michael J. Bentley
mbentley@bentley.com

*Attorney for Defendants Centurion of Idaho, LLC and Centurion Health*


/s/ Matthew L. Maurer
MATTHEW L. MAURER