Paul Carlos Southwick (ISB No. 12439)
Emily Myrei Croston (ISB No. 12389)
ACLU of Idaho Foundation
P.O. Box 1897
Boise, ID 83701
Tel: (208) 344-9750
psouthwick@acluidaho.org
ecroston@acluidaho.org

Chase B. Strangio*
Malita Picasso*
Leslie Cooper**
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
Tel: (212) 549-2584
cstrangio@aclu.org
mpicasso@aclu.org
lcooper@aclu.org

*Admitted *pro hac vice*
**Motion for *pro hac vice* pending

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **KATIE ROBINSON**, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>**RAÚL LABRADOR**, et al.,<br><br>*Defendants*. | Case No. 1:24-cv-00306-DCN<br>**PLAINTIFFS' OPPOSITION TO CENTURION, LLC'S MOTION TO DISMISS (DKT. 72)** |

Defendant, Centurion, LLC, misconstrues the allegations made in Plaintiffs' Complaint. The factual allegations in the Complaint support an inference that Centurion, LLC directed a policy

of withdrawing hormone therapy from class members in violation of class members' Eighth Amendment rights. Plaintiffs make no allegations of liability based on respondeat superior or parent-subsidiary relationship. Plaintiffs also do not allege personal jurisdiction on this basis, but instead based on Centurion, LLC's direct employment of individuals working in the state. This strawman argument conceals plaintiffs' allegations of clearly-defined actions that Centurion, LLC has taken in violation of the Constitutional rights of the plaintiff class.

Plaintiffs include allegations against Centurion, LLC throughout the amended complaint. *See* Pls.' Am. Compl., Dkt. 65. The allegations note that <u>Centurion, LLC directly employs clinicians within Idaho Department of Correction</u>. *Id.* at ¶ 57 ("Together with its subsidiary, Centurion, LLC provides healthcare, including medical and mental health treatment services, to inmates in the custody of IDOC, including Plaintiffs. Upon information and belief, Centurion, LLC directly employs healthcare providers responsible for ensuring that proper medical, dental, psychiatric, and psychological services, and treatment are provided to inmates incarcerated under IDOC's jurisdiction."). They note that <u>plaintiffs were prescribed hormone therapy by clinicians acting on behalf of Centurion, LLC</u>, *id.* at ¶ 4 ("Plaintiffs have all been prescribed and are provided hormone replacement therapy to treat their diagnosed gender dysphoria by a clinician acting on behalf of IDOC, Centurion, LLC, and Centurion of Idaho, LLC ('Centurion').");[1] *id.* at ¶ 76 ("Consistent with IDOC policy, prior to HB 668, IDOC and/or Centurion providers treating inmates with gender dysphoria would make an individualized assessment and would prescribe

---

[1] The Amended Complaint refers to Centurion, LLC and Centurion of Idaho collectively as "Centurion." *See* Dkt. 65 at ¶ 4. As "IDOC" was already a defined term, *id.* ¶ 1, a reasonable inference, is that the Amended Complaint's definition of "Centurion" referred only to the undefined entities in the paragraph: namely, Centurion, LLC and Centurion of Idaho, LLC. Thus any references to "Centurion" in the Amended Complaint were intended to, and necessarily include, Centurion, LLC.

hormone therapy based on medical need. Pursuant to IDOC Policy, IDOC and/or Centurion have determined that Plaintiffs, and putative class members who receive hormone therapy to treat their gender dysphoria, have a medical necessity to receive this care."); that <u>Centurion, LLC provides medical care for those in IDOC custody</u>, *id.* at ¶ 8 ("IDOC contracts with Centurion to provide medical care for prisoners in state custody."); *id.* at ¶ 66 ("Plaintiffs have received gender affirming hormone therapy from an endocrinologist contracted through Centurion in accordance with these accepted medical protocols."), and that <u>Centurion, LLC clinicians directly treat the named plaintiffs</u>, *id.* at ¶ 30 ("IDOC and/or Centurion or those under their direct control have prescribed hormone therapy to treat Ms. Heredia's gender dysphoria since 2015. Since 2017, when she was moved to ISCC, she has been under the care of another doctor acting on behalf of IDOC and/or Centurion whom she sees about once a year.").

Plaintiffs alleged that <u>medical staff employed by Centurion, LLC notified class members that, as a result of HB 668, hormone therapy would be terminated for class members</u>, *id.* at ¶ 6 ("As a result of House Bill 668 ('HB 668'), on or about June 13, 2024, medical staff employed by IDOC and/or Centurion notified class members in the Idaho State Correctional Institution ('ISCI') that their hormone replacement therapy would be terminated or their dose would be lowered in preparation for HB 668's effective date of July 1, 2024."); *id.* at ¶ 24 ("After HB 668 was enacted, medical staff employed by IDOC and/or Centurion notified the Plaintiffs that their gender-affirming hormone therapy would be immediately discontinued, or reduced and ultimately discontinued, on or before HB 668's effective date.").

Plaintiffs alleged <u>that tapering of hormone therapy was performed at the direction of defendants, including Centurion, LLC</u>. *Id.* at ¶ 7 ("Upon information and belief, Defendants directed that, because of HB 668, Plaintiffs, and those similarly situated, would have all hormone

therapy to treat gender dysphoria terminated beginning July 1, 2024."); *see also id.* at ¶ 24 ("IDOC and the other Defendants will similarly enforce and/or follow HB 668's blanket prohibition on gender-affirming medical care at IDOC facilities absent an injunction."). Plaintiffs alleged <u>that the defendants', including Centurion, LLC's, blanket policy of withdrawal of medical care violates the rights of the class</u>. *Id.* at ¶ 10 ("Defendants' withdrawal, denial, and/or reduction of medications prescribed to treat plaintiffs' serious medical needs based on a blanket ban and without any individualized medical determination, violates the Eighth Amendment to the U.S. Constitution's prohibition on cruel and unusual punishment."); *see also id.* at ¶ 19 ("Regardless of need, treatment will be denied because of Defendants' enforcement of the blanket ban on treatment in HB 668.").

## I. The Allegations in the Complaint Establish that Centurion, LLC is Individually Liable Under Section 1983 for Promulgating a Policy of Tapering Medications to Class Members

The allegations in the complaint are to be accepted as true on a motion to dismiss. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). Plaintiffs are entitled to the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. *Retail Clerks International Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

As outlined above, plaintiffs' allegations support a reasonable inference that Centurion, LLC directed a policy of ceasing hormone therapy for class members. That inference supports a valid theory of liability under § 1983 that does not rely on respondeat superior nor its parent-subsidiary relationship with Centurion of Idaho, LLC.

Section 1983 imposes liability on "[e]very person who," under color of law, causes any person to be subjected "to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws." 42 U.S.C. § 1983. It is well established that municipalities and other corporations constitute persons for the purpose of § 1983. *See, e.g.*, *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 925 (1982). Further, prison contractors act under color of law when they perform public functions on behalf of the state who is charged with the care of prisoners. *See Terry v. Adams*, 345 U.S. 461 (1953) (establishing the public-functions test); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 n.5 (2001) (noting that state prisoners "enjoy a right of action against private correctional providers under 42 U.S.C. § 1983").

While the Supreme Court has established that municipalities are not subject to traditional theories of respondeat superior liability, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978), Plaintiffs allege that Centurion, LLC is liable based on its own actions. For a corporation or municipality to be liable for deprivations of civil rights, they must have directed those deprivations through policy or custom.[2] *Id.* at 692. Plaintiffs allege facts to suggest Centurion, LLC directed a policy of tapering medications, including that Centurion providers issued notice of *systemwide* changes to medical care in line with the newly passed statute. Dkt. 65 at ¶¶ 6, 7.

Centurion notes that it is not liable for the individual decisions of the providers it employs. *See* Mem. Supp. Def. Centurion, LLC's Mot. Dismiss Am. Compl., Dkt. 72-1 at 7. This is beside the point. Plaintiffs have never and do not now make any allegations regarding the individual medical decisions of providers. It is clear that IDOC and Centurion providers tapered class

---

[2] Defendants' use of the "moving force" test is inapplicable here where (1) the Eighth Amendment imposes a duty to provide medical care and (2) the violation is the result of a specific well-defined policy, not inaction. However, plaintiffs' allegations that Centurion, LLC promulgated a policy which violates class members' rights is sufficient to meet this test even if it were applicable. *See Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006).

members' medications based on a systemwide policy. The alternative, that beginning July 1st, every medical provider spontaneously decided to taper class members' medications based on their own judgement, defies logic. Centurion, LLC directly employs the providers who provided notice of this systemwide policy, *see* Dkt. 65 at ¶ 6, and Plaintiffs have alleged that the tapering was performed at the direction of Centurion, LLC itself; *see* Dkt. at ¶ 7. These allegations state a claim for injunctive relief that is plausible on its face.

Centurion, LLC also notes that it cannot be held liable based on the actions of its subsidiary. However, plaintiffs' allegations—which at this stage are to be taken as true—state that, while the Idaho subsidiary contracts with IDOC, the parent company actually employs the individual care providers, Dkt. at ¶ 57. These allegations support an inference that the parent company itself, Centurion, LLC, directed compliance with H.B. 668.

**II. This Court has personal jurisdiction over Centurion, LLC.**

In the Ninth Circuit, there is a "a three-prong test for whether a court can exercise specific personal jurisdiction:

(1) the defendant must have 'either purposefully availed itself of the privilege of conducting activities in Idaho, or purposefully directed its activities toward Idaho';

(2) the claim must arise out of or relate to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must be reasonable."

*Spencer v. Greenwald*, No. 4:20-CV-00440-BRW, 2021 WL 1976080, at *5 (D. Idaho Jan. 4, 2021) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

This is a plaintiff-friendly standard. "Where, as here, the motion is based on written materials rather than an evidentiary hearing, 'the plaintiffs need only make a prima facie showing of jurisdictional facts.'" *Dole Food Co v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002) (quoting

*Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995)). Any "uncontroverted allegations in the complaint must be taken as true," and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.* (citing *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)).

This court has specific personal jurisdiction over Centurion, LLC because, as Plaintiffs allege in their Amended Complaint, "Centurion, LLC directly employs healthcare providers responsible for ensuring that proper medical, dental, psychiatric, and psychological services, and treatment are provided to inmates incarcerated under IDOC's jurisdiction." Dkt. 65 at ¶ 57. Contrary to Centurion's assertions, Plaintiffs do not suggest that Centurion, LLC is subject to specific personal jurisdiction simply because it is Centurion of Idaho's parent company. Dkt. 72-1 at 13. Instead, Centurion, LLC is subject to specific personal jurisdiction because of its own employment of Idaho-based medical providers who provide care to inmates in IDOC custody, as alleged by Plaintiffs.

Under either a purposeful-availment theory, which "is most often used in suits sounding in contract," or a purposeful-direction theory, which "is most often used for suits sounding tort," Plaintiffs satisfy the first prong of the test. *Schwarzenegger*, 374 F.3d at 802. As Plaintiffs' claims here arise from Centurion of Idaho, LLC's contractual relationship to provide proper care to prisoners in IDOC facilities through providers employed by Centurion, LLC and the deliberate indifference resulting from Centurion, LLC's compliance with HB 668, we proceed through analysis under both theories.

Directly employing people in a forum is a textbook case of purposeful availment of that forum's "benefits and protections of its laws." *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "By hiring Idaho residents, and receiving in return certain benefits, privileges, or

protections from Idaho in connection with [their] employment, the traditional 'quid pro quo justification for finding purposeful availment' exists." *Hill v. Union Pac. R.R. Co.*, 362 F. Supp. 3d 890, 898 (D. Idaho 2019) (quoting *Schwarzenegger*, 374 F.3d at 803); *see also Kem v. Strike Advisory, LLC*, No. 2:23-CV-07459-CAS-SKX, 2024 WL 2262245, at *8 (C.D. Cal. May 15, 2024) (out-of-state defendant "purposefully availed themselves of California's protections and benefits" because they "employed plaintiff as a California-based employee to provide services from California"); *Mewawalla v. Middleman*, 601 F. Supp. 3d 574, 595 (N.D. Cal. 2022) (same).

In addition to directly employing people in a forum, this court has recognized that a contract that "contemplate[s] the long-term relationship between" the parties gives rise to specific personal jurisdiction, since such a contract "epitomizes the type of case involving a continuing business obligation." *Albertson's LLC v. Kleen-Sweep Janitorial Co.*, No. CIV. 09-263-S-BLW, 2009 WL 3786290, at *5 (D. Idaho Nov. 9, 2009) (citing *Sher v. Johnson*, 911 F.2d 1357, 1363 n.3 (9th Cir. 1990) and *T.M. Hylwa, M.D., Inc. v. Palka*, 923 F.2d 310, 314 (9th Cir. 1987)).

Similarly, directly employing people amounts to purposeful direction because, as "the Ninth Circuit as repeatedly held," the employer thus "'purposefully directs' its economic activity towards that state." *Soto v. United Airlines, Inc.*, No. 2:23-CV-02148-DJC-JDP, 2024 WL 2260362, at *5 (E.D. Cal. May 17, 2024) (quoting *Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 505 (9th Cir. 2000)). "To determine whether a defendant 'purposefully directed' its activities at the forum," the Ninth Circuit examines "whether the defendant: '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Will Co. v. Lee*, 47 F.4th 917, 922 (9th Cir. 2022) (quoting *Schwarzenegger*, 374 F.3d at 803); *see also Calder v. Jones*, 465 U.S. 783 (1984). To have "intentionally employed people" is an "intentional act[]" that is "'expressly aimed'

at" the forum state because "employing individuals in" the forum state is "designed to use [the forum state's] markets for the defendant's benefit." *Soto*, 2024 WL 2260362, at *5 (quoting *Schwarzenegger*, 374 F.3d at 807); *see also id.* (repeated enforcement of policy in forum state amounts to "a jurisdictionally sufficient amount of harm" for third element of test (citing *Yahoo! Inc. v. La Ligue Contre Le Racsme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006))).

Plaintiffs have plainly alleged that Centurion, LLC has purposefully availed itself of Idaho's benefits and protections and purposefully directed its activities towards Idaho by alleging that Centurion, LLC directly employs people in Idaho. Throughout the Amended Complaint, Plaintiffs repeatedly allege that medical providers employed by or acting on behalf of Centurion, LLC provided medical care to class members, including named Plaintiffs, who reside in Idaho. *See* Dkt. 65 at ¶ 4 (alleging clinicians acting on behalf of Centurion, LLC prescribed and provided hormone therapy to Plaintiffs), ¶ 30 (alleging Centurion, LLC or those under its direct control provided hormone therapy to named Plaintiff), ¶ 36 (alleging staff employed by Defendants, including Centurion, LLC, administer named Plaintiff's hormone therapy); ¶ 66 (alleging endocrinologist contracted through Centurion, LLC provides hormone therapy to Plaintiffs), ¶ 76 (alleging Centurion, LLC providers determined that Plaintiffs have medical necessity for this care). To further clarify that Centurion, LLC has availed itself of Idaho laws, Plaintiffs also repeatedly allege that Centurion, LLC employees have ensured compliance with HB 668 in IDOC facilities. *See* ECF 65 at ¶¶ 6, 24 (alleging medical staff employed by Centurion, LLC notified class members that their hormone therapy would be terminated or lowered in compliance with HB 668).

Centurion of Idaho, LLC's own filings and disclosures in this case support Plaintiffs' allegations regarding Centurion, LLC. For instance, Centurion has disclosed that John P. May, M.D., F.A.C.P. serves as both Centurion LLC's Chief Medical Officer and the Statewide Medical

Director for Centurion of Idaho, LLC, May Decl. (Dkt. 36) ¶ 1, showing that Centurion, LLC directly employs someone who oversees provision of Idaho-based care. *See also* Croston Decl., Ex. A, Centurion of Idaho, LLC's Identification of Likely Email Custodians (identifying Dr. May in his capacity as Chief Medical Officer for Centurion, LLC, and other custodians who are presumably not employed by Centurion of Idaho, LLC); *see Credit Suisse v. Boespflug*, No. CV08139-S-EJL- CWD, 2009 WL 800216, at *5 (D. Idaho Feb. 13, 2009), *report and recommendation adopted as modified*, No. CV08-139-S-EJL, 2009 WL 800214 (D. Idaho Mar. 25, 2009) ("The district court does not abuse its discretion by looking to [judicially noticeable] materials outside the pleadings . . ." (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989))).

In response to these repeated allegations, Centurion mistakenly conflates liability with personal jurisdiction. Centurion argues that Plaintiffs' allegation that Centurion, LLC directly employs Idaho-based medical providers "does not give rise to a plausible claim for injunctive or declaratory relief against Centurion, LLC." Dkt. 72-1 at 7. But Plaintiffs do not rely on this allegation to establish Centurion, LLC's *liability*. Rather, they do so to establish specific personal *jurisdiction*. To show Centurion, LLC's liability, Plaintiffs allege throughout their Amended Complaint that Centurion, LLC *itself* enforced HB 668, thus proving deliberately indifferent to Plaintiffs' serious medical needs. *See* Dkt. 65 at ¶ 7 (alleging all Defendants, including Centurion, LLC, directed that class members' hormone therapy be terminated in accordance with HB 668); ¶ 19 (alleging that treatment will be denied because of enforcement of HB 668 by all Defendants, including Centurion, LLC); ¶¶ 91-97 (alleging all Defendants, including Centurion LLC, will enforce HB 668 and thus engage in deliberate indifference). Plaintiffs discuss Centurion, LLC's direct employment of individual medical providers in Idaho not to make any argument based on

"respondeat superior and vicarious liability," *see* Dkt. 72-1 at 7, but simply to answer a distinct jurisdictional inquiry.

Plaintiffs easily satisfy the other prongs of the Ninth Circuit's test for specific jurisdiction. On the second prong, "'the Ninth Circuit follows the 'but for' test'": i.e., Plaintiffs must merely show that they "would not have suffered an injury 'but for'" Centurion, LLC's "forum-related conduct." *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007) (quoting *Myers v. Bennett Law Offs.*, 238 F.3d 1068, 1075 (9th Cir. 2001). If Centurion, LLC did not employ Idaho-based medical providers who provided hormone therapy to Plaintiffs and direct enforcement of HB 668 as applied to them,[3] Plaintiffs would not have suffered an injury.

Upon satisfaction of the first two prongs of the Ninth Circuit's test, "the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Spencer*, 2021 WL 1976080, at *5 (quoting *Schwarzenegger*, 374 F.3d at 802). Centurion makes no such case, having offered no arguments regarding the convenience nor importance of litigating in this forum on the seven factors that guide such a reasonableness analysis. *See Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 984 (9th Cir. 2021) (setting forth factors). Centurion, LLC's "purposeful interjection" into Idaho's affairs is "analogous to the purposeful direction" analysis above, which counsels in favor of reasonableness (factor 1). *Id.* Idaho has primary, if not exclusive, "interest in adjudicating the dispute," since HB 668 is specific to Idaho, such that any "convenient and effective relief" is limited to Idaho and there is neither an "alternative forum" nor any threat to the sovereignty of Delaware, where Centurion, LLC is subject

---

[3] Defendants claim that all of Plaintiffs' claims "'arise out of' the State of Idaho's *enactment* of HB 668." Dkt. 72-1 at 13 (emphasis added). But HB 668 is not self-enforcing. If Centurion, LLC had not complied with HB 668 and had instead continued providing Plaintiffs with hormone therapy, Plaintiffs would have suffered no injury. But Centurion, LLC insisted on complying with HB 668 in the absence of an injunction.

to general jurisdiction (factors 3, 4, 6, and 7). *Id.* The "most efficient judicial resolution of this controversy" thus would take place here, since Plaintiffs' claims pertain solely to an Idaho law (factor 5). *Id.* As Centurion, LLC directly employs people—for instance, John P. May—within Idaho, the burden of defending the dispute in Idaho is no bar to jurisdiction, as any burdens associated with travel "do not outweigh the contacts on which [Plaintiffs'] claims are based" (factor 2) *Id.* (citing *Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 112 (1987)).

This Court has specific personal jurisdiction over Centurion, LLC.

## CONCLUSION

Defendant Centurion, LLC is subject to liability based on its own actions in directing and implementing a policy of withdrawing hormone therapy and is subject to personal jurisdiction in Idaho based on its employment of individuals in the state. Plaintiffs request this court deny Centurion, LLC's Motion to Dismiss.

Dated: November 19, 2024                                         Respectfully submitted,

                                                                 */s/ Emily Myrei Croston*

                                                                 Emily Myrei Croston