Michael J. Bentley *(pro hac vice)*
MSB #102631; mbentley@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 East Capitol Street, Suite 1000
Jackson, Mississippi 39201
Telephone: (601)-592-9935
Facsimile: (601)-592-1435

Christina M. Hesse
ISB #10712; cmh@dukeevett.com
DUKE EVETT, PLLC
1087 West River Street, Suite 300
P.O. Box 7387
Boise, Idaho 83707
Telephone: (208)-342-3310
Facsimile: (208)-342-3299

*Attorneys for Defendants Centurion of Idaho, LLC and Centurion, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COLE ROBINSON, et al.,<br><br>       *Plaintiffs,*<br><br>v.<br><br>RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho; BRAD LITTLE, in his official capacity as Governor of the State of Idaho; JOSH TEWALT, in his official capacity as the Director of the Idaho Department of Corrections; BREE DERRICK, in her official capacity as the Deputy Director of IDOC; CENTURION OF IDAHO, LLC; CENTURION HEALTH,<br><br>       *Defendants.* | Case No.1:24-CV-00306-DCN<br><br>**REPLY IN SUPPORT OF DEFENDANT CENTURION, LLC'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AS TO CENTURION, LLC [DKT. 72]** |

## REPLY ARGUMENT

I.     **Plaintiffs do not plausibly allege that Centurion, LLC had a policy or custom that violated the constitutional rights of inmates in IDOC custody.**

In response to Centurion, LLC's motion to dismiss, Plaintiffs make two important concessions. First, Plaintiffs agree that they "make no allegations of liability based on respondeat superior or parent-subsidiary relationship" and their Section 1983 claims are based on Centurion, LLC's "own actions." [Dkt. 89] at 2, 4-6. Second, Plaintiffs do not challenge the treatment decisions made by individual medical providers: "Plaintiffs have never and do not now make any allegations regarding the individual medical decisions of providers." [Dkt. 89] at 5.

So, as Plaintiffs acknowledge, their lawsuit challenges a "systemwide policy" of tapering IDOC inmates off hormone therapy medications. [Dkt. 89] at 6. That policy, of course, is HB 668, which was enacted by the Idaho Legislature. Plaintiffs do not allege that Centurion, LLC created the policy. Instead, Plaintiffs claim that their allegations "support an inference that the parent company itself, Centurion, LLC, directed compliance with HB 668." [Dkt. 89] at 6.

Plaintiffs' theory of liability fails as a matter of law on two fronts—*Twombly/Iqbal*'s pleading standard and *Monell*'s rules governing entity liability under Section 1983.

### A.  **Plaintiffs' allegations are insufficient under *Twombly/Iqbal* to plausibly allege that Centurion, LLC violated their constitutional rights.**

To survive a motion to dismiss, Plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The well-pleaded facts must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 at 678. When conducting this plausibility analysis, the Court focuses on "the non-conclusory factual content" of the complaint, leaving aside legal conclusions and conclusory

statements. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Rowlette v. Mortimer*, 352 F. Supp. 3d 1012, 1020 (D. Idaho 2018).

Focusing on the Amended Complaint's factual content, Plaintiffs' minimal allegations *against Centurion, LLC* come nowhere close to raising a plausible inference that Centurion, LLC "directed compliance" with HB 668. Plaintiffs confess that they are not basing their claims against Centurion, LLC on respondeat superior liability, but on its "own actions." The Court must, therefore, consider the allegations of conduct *by Centurion, LLC*—not allegations of conduct or acts by other parties. The allegations against Centurion, LLC are basic: (1) Centurion, LLC is the parent company of Centurion of Idaho, LLC ("Centurion Idaho"); and (2) Centurion, LLC "directly employs healthcare providers responsible for ensuring that proper medical, dental, psychiatric, and psychological services, and treatment are provided to inmates incarcerated under IDOC's jurisdiction." [Dkt. 65] at ¶ 57 (Amended Complaint); *see also* [Dkt. 72] at 2-4 (Centurion Brief discussing factual allegations). The Amended Complaint makes no allegations that Centurion, LLC directed *anyone* to follow any particular policy.

Nothing in these allegations supports an inference that Centurion, LLC provided any healthcare services itself or directed any medical providers to follow any specific policies. In fact, the Amended Complaint defeats any such inference because it alleges that a separate entity, Centurion Idaho, is "IDOC's contract medical provider" and, in that capacity, is "responsible for ensuring that proper medical, dental, psychiatric, and psychological services, and treatment are provided to inmates in IDOC's custody." [Dkt. 65] at ¶ 56. Centurion Idaho answered the complaint and admitted that "it contracts with IDOC to provide contractually specific health care services to individuals incarcerated with the IDOC." [Dkt. 71] at ¶ 6. Plaintiffs' allegations are clear:

Centurion Idaho is the medical services provider for IDOC, and Centurion, LLC is merely Centurion Idaho's parent corporation. Nothing more can be inferred from the allegations.

In an attempt to keep Centurion, LLC in the case, Plaintiffs unhelpfully—and impermissibly—conflate Centurion, LLC and Centurion Idaho in their complaint and briefing, referring to them "collectively" as "Centurion" and arguing that factual allegations in the Amended Complaint "were intended to, and necessarily include, Centurion, LLC." [Dkt. 89] at 2 n.1. Plaintiffs' response brief then walks through allegations about how "Centurion" provides medical care to inmates in IDOC custody, "Centurion" clinicians provide medical treatment to class members, and "Centurion" notified class members that HB 668 required termination of their hormone therapy. *See* [Dkt. 89] at 2-4.[1] This "collective" treatment of the two separate companies—under which Centurion, LLC is assumed to be responsible for Centurion Idaho's acts based purely on a parent-subsidiary relationship—relies on a respondeat superior theory that Plaintiffs expressly disclaim. The only plausible reading of the Amended Complaint is that allegations regarding treatment, tapering, and the like are directed at Centurion Idaho, who Plaintiffs allege is the actual contracted healthcare provider for IDOC.

Plaintiffs cannot respond to Centurion, LLC's motion to dismiss by asking the Court to infer that allegations clearly pertaining to a separate party were meant to raise inferences against Centurion, LLC. Plaintiffs' attempt at "collective" pleading in this Section 1983 case, in which each individual defendant can only be liable for his or her own conduct, only reinforces the vague and conclusory nature of the Amended Complaint. Plaintiffs were required to provide factual allegations related to Centurion, LLC's conduct that is directly related to Plaintiffs' treatment

---

[1] In many instances, Plaintiffs' factual allegations conflate *all defendants*, referring to "IDOC and/or Centurion" or "Defendants" generically as taking actions. *See id.*

**REPLY IN SUPPORT OF DEFENDANT CENTURION, LLC'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AS TO CENTURION, LLC [DKT. 72] - 4**

before this Court can make any inferences about Centurion, LLC's alleged conduct. *See Rowlette*, 352 F. Supp. 3d at 1020 (Courts are not "required to accept as true allegations that are merely, conclusory, unwarranted deductions of fact, or unreasonable inferences"); *accord Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Section 1983 requires "the personal involvement of the defendant" before liability can be imposed. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "A plaintiff must allege facts, not simply conclusions, that show that an [entity] was personally involved in the depravation of his civil rights." *Id.*

Moreover, Plaintiffs' arguments are tantamount to adding or embellishing facts in a response brief, which is not a permissible approach to opposing a motion to dismiss. "An opposition to a motion to dismiss is an improper vehicle to assert additional facts not initially alleged, which Plaintiff may properly assert through an amended complaint." *Reno v. Nielson*, 424 F. Supp. 3d 1045, 1053 (D. Haw. 2019). Plaintiffs have already filed an Amended Complaint, and the Court should decide Centurion, LLC's motion based only on the allegations in that Amended Complaint.

The Court should grant Centurion, LLC's motion to dismiss because Plaintiffs fail to offer factual allegations sufficient to support a plausible inference that *Centurion, LLC* violated their Eighth Amendment rights.

**B. Plaintiffs' attempt to hold Centurion, LLC liable for a policy enacted by the State of Idaho fails under Section 1983 and *Monell*.**

Plaintiffs' claims against Centurion, LLC also fail for a separate and independent reason. Even assuming for argument's sake that their non-conclusory factual allegations could plausibly state a claim against Centurion, LLC, which is denied, Plaintiffs' claim is that Centurion, LLC was complying with HB 668 or directing its medical providers to comply with HB 668. [Dkt. 89] at 6.

Plaintiffs acknowledge, as they must, that HB 668 is the State of Idaho's policy. It is a state law, not a policy promulgated by Centurion, LLC or any other Centurion entity.

Under Section 1983, an entity can be declared "personally involved" in a constitutional violation only if it has a policy or custom that is "the moving force of the constitutional violation" and "inflicts the injury" alleged by the plaintiff. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Long v. County of L.A.*, 442 F.3d 1178, 1186 (9th Cir. 1998). Plaintiffs must plausibly allege and be able to prove that "through its *deliberate* conduct, the [entity] was the 'moving force' behind the injury alleged." *Bryan County., Okl. v. Brown*, 520 U.S. 397, 404 (1997).

When Section 1983 claims are alleged against a private actor like Centurion, LLC, Plaintiffs must identify a policy or custom of the private actor as the "moving force." "[A] private contractor is liable for a policy or custom of that private contractor, rather than a policy or custom of the municipality." *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005). It is not sufficient for Plaintiffs to allege that Centurion, LLC was following the policy or custom of another party, such as the State of Idaho. *See id.*; *see also Oyenik v. Corizon Health Inc.*, 696 F. App'x 792, 794 (9th Cir. 2017) (plaintiff must show "(1) [Corizon] acted under color of state law, and (2) if a constitutional violation occurred, the violation was caused by an official policy or custom of [Corizon]"); *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016) ("To prevail on his *Monell* claim, Whiting needs to show that Wexford's policy, practice, or custom, caused a constitutional violation."); *Williams v. Guard Bryant Fields,* 535 F. App'x 205, 206 (3d Cir. 2013) (refusing to hold private healthcare contractor liable for medication policy promulgated by city); *Howell v. Evans*, 922 F.2d 712, 724-26 (11th Cir. 1991) (private contractor not liable for state corrections agency's policies because it was not "final authority" on challenged policy).

When policy and practice claims are leveled against private contractors operating within a state correctional system, courts ask whether the challenged custom or policy was that of the contractor or one imposed by the state. Here, Centurion, LLC is not even alleged to have been operating as a contractor for IDOC or the State of Idaho. Moreover, Plaintiffs affirmatively allege that the policy that caused their injury is HB 668, a state law enacted by the Idaho Legislature. Centurion, LLC cannot be held constitutionally liable for laws enacted by the State of Idaho.

\* \* \*

Accordingly, the claims against Centurion, LLC should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for either of these two, independent reasons.

## II.    The Court lacks personal jurisdiction over Centurion, LLC.

Alternatively, the Court should dismiss Centurion, LLC pursuant to Rule 12(b)(2) because it is not subject to personal jurisdiction in the State of Idaho.

Centurion, LLC's motion to dismiss explained that the "existence of a parent-subsidiary relationship is insufficient to establish personal jurisdiction" over Centurion, LLC as it is a separate company from Centurion Idaho. *Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985). Plaintiffs added Centurion, LLC as a defendant only after Centurion Idaho filed its corporate disclosure statement identifying Centurion, LLC as a parent company, *see* [Dkt. 61], and Plaintiffs' stated reason for adding Centurion, LLC is its relationship to "its subsidiary," [Dkt. 65] at ¶ 57. So, Centurion, LLC should be dismissed.

In their response, Plaintiffs disclaim any argument that "Centurion, LLC is subject to specific personal jurisdiction simply because it is Centurion of Idaho's parent company." [Dkt. 89] at 7. Instead, Plaintiffs argue that Centurion, LLC is subject to personal jurisdiction in Idaho "because of its own employment of Idaho-based medical providers who provide care to inmates

in IDOC custody, as alleged by Plaintiffs." *Id.* Plaintiffs assert that employing people in a forum is a "textbook case" of purposeful availment of the forum's laws. *Id.* at 7-8.

Plaintiffs' focus on this supposedly "textbook" law, however, ignores the nature of their own allegations. Haling a foreign company into an Idaho federal court might comport with due process if one of the company's own employees claims he was injured by the company's negligent acts in Idaho, *see Hill v. Union Pac. R.R. Co.*, 362 F. Supp. 3d 890, 893-94 (D. Idaho 2019), or when a plaintiff claims injury based on the acts of the foreign company's employees in Idaho, *see Mewawalla v. Middleman*, 601 F. Supp. 3d 574, 586-87 (N.D. Cal. 2022). In such a case, a plaintiff may be able to show, as required by the Ninth Circuit's three-prong test, that: (1) the defendant purposefully availed himself of the privilege of doing business in the forum, (2) the plaintiff's injury would not have occurred but for this conduct, and (3) the exercise of jurisdiction would be reasonable. *Menken v. Emm*, 503 F.3d 1050, 1057-58 (9th Cir. 2007). In such cases, the second prong is satisfied because plaintiff alleges a causal link between the employment and his or her alleged injury.

Here, though, Plaintiffs *affirmatively disclaim* any causal link between Centurion's alleged "direct employment" of medical providers and their claimed injuries. As already noted, Plaintiffs do not seek to impose vicarious liability—and cannot, as a matter of law, impose Section 1983 liability vicariously—on Centurion, LLC for actions taken by individual medical providers in Idaho. [Dkt. 89] at 2, 4-6. Indeed, Plaintiffs also disclaim any allegation that their injuries were caused by the medical judgments of individual providers. [Dkt. 89] at 2, 4-6. Even taking as true the allegation that Centurion, LLC directly employed medical providers in Idaho, which Centurion, LLC denies, there is no allegation that those medical providers *caused* Plaintiffs' alleged injuries. As discussed, Plaintiffs instead allege that an Idaho law, HB 668, caused their injuries.

Further, although Plaintiffs attempt to expand and embellish their "direct employment" allegations in their response brief, the Amended Complaint contains only threadbare and conclusory allegations related to the supposed employment of medical providers. Plaintiffs allege only that "[u]pon information and belief, Centurion, LLC directly employs healthcare providers responsible for ensuring that proper medical, dental, psychiatric, and psychological services, and treatment are provided to inmates incarcerated under IDOC's jurisdiction." [Dkt. 65] at ¶ 57. More is required to subject Centurion, LLC to personal jurisdiction in Idaho. Yet, Plaintiffs offer nothing more. Plaintiffs allege no details about the nature or duration of this alleged "direct employment" of medical providers. *See AMRESCO Com. Fin., LLC v. T.P. Sampson Co.*, 2005 WL 1863282, at *5 (D. Idaho Aug. 4, 2005) (analyzing whether an employment contract created a "long-term relationship" between the parties, such that a defendant "should reasonably [anticipate] being haled into court in Idaho"). Plaintiffs have not alleged that Centurion, LLC hired Idaho residents, opened offices or locations in Idaho, or directed any work activity to be completed in Idaho. *See Hill*, 362 F. Supp. 3d at 897-98.

In response, Plaintiffs cite a California district court's holding that enforcement of a COVID-19 vaccine mandate to argue that "repeated enforcement of [a] policy in [a] forum state amounts to 'a jurisdictionally sufficient amount of harm'" as support for their jurisdictional arguments. *See* [Dkt. 89] at 8-9 (quoting *Soto v. United Airlines, Inc.*, 2024 WL 2260362 (E.D. Cal. May 17, 2024)). As already discussed, however, the Amended Complaint makes no allegation that Centurion, LLC repeatedly enforced a policy in Idaho. Instead, Plaintiffs make clear that their alleged injuries are "a result of HB 668" being enacted by the Idaho Legislature. [Dkt. 89] at 3-4. Centurion, LLC cannot be liable for allegedly injurious policies promulgated by the State of Idaho.

The claims against Centurion, LLC should be dismissed pursuant to Rule 12(b)(2) because the Court lacks personal jurisdiction over it.

## CONCLUSION

For the foregoing reasons and the reasons provided in Centurion, LLC's motion to dismiss [Dkt. 72], the Court should dismiss the claims against Centurion, LLC with prejudice or dismiss Centurion, LLC as a party to this case pursuant to Federal Rules of Civil Procedure Rule 12(b)(2) and 12(b)(6).

DATED this 17th day of December 2024.

DUKE EVERETT, PLLC

By: /s/Christina M. Hesse
    Christina M. Hesse – Of the Firm
    *Attorney for Defendants Centurion of Idaho,*
    *LLC, and Centurion, LLC*

BRADLEY ARANT BOULT CUMMINGS LLP,

By: /s/Michael J. Bentley
    Michael J. Bentley *(pro hac vice)*
    *Attorney for Defendants Centurion of Idaho, LLC*
    *and Centurion, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 17th day of December 2024, I electronically filed the foregoing document with the U.S. District Court. Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

| | | |
|---|---|---|
| Paul Carlos Southwick | [ ] | U.S. Mail, postage prepaid |
| Emily Myrei Croston | [ ] | Hand-Delivered |
| ACLU OF IDAHO FOUNDATION | [ ] | Overnight Mail |
| P.O. Box 1897 | [X] | iCourt/E-Filing |
| Boise, Idaho 83701 | | psouthwick@acluidaho.org |
| *Attorneys for Plaintiffs* | | ecroston@acluidaho.org |

| | | |
|---|---|---|
| Chase B. Strangio | [ ] | U.S. Mail, postage prepaid |
| Malita Picasso | [ ] | Hand-Delivered |
| AMERICAN CIVIL LIBERTIES | [ ] | Overnight Mail |
| UNION FOUNDATION | [X] | iCourt/E-Filing |
| 125 Broad Street | | cstrangio@aclu.org |
| New York, New York 10004 | | mpicasso@aclu.org |
| *Attorneys for Plaintiffs (pro hac vice)* | | |

| | | |
|---|---|---|
| Raul Labrador | [ ] | U.S. Mail, postage prepaid |
| James E. M. Craig | [ ] | Hand-Delivered |
| James J. Simeri | [ ] | Overnight Mail |
| Gregory E. Woodard | [X] | iCourt/E-Filing |
| Matthew L. Maurer | | james.craig@ag.idaho.gov |
| OFFICE OF THE ATTORNEY | | james.simeri@ag.idaho.gov |
| GENERAL | | greg.woodard@ag.idaho.gov |
| P.O. Box 83720 | | matthew.maurer@ag.idaho.gov |
| Boise, Idaho 83720-0010 | | |
| *Attorneys for Defendants Raul Labrador, Brad Little, Josh Tewalt, and Bree Derrick* | | |

/s/ Christina M. Hesse
Christina M. Hesse

**REPLY IN SUPPORT OF DEFENDANT CENTURION, LLC'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AS TO CENTURION, LLC [DKT. 72] - 11**