RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

JAMES J. SIMERI, ISB #12332
GREGORY E. WOODARD, ISB #11329
MATTHEW L. MAURER, ISB #12575
DAVID J. MYERS, ISB #6528
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
james.craig@ag.idaho.gov
james.simeri@ag.idaho.gov
greg.woodard@ag.idaho.gov
matthew.maurer@ag.idaho.gov
david.myers@ag.idaho.gov

*Attorneys for State Defendants*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBINSON, *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho; *et al.*,<br><br>*Defendants.* | Case No. 1:24-cv-00306-DCN<br><br>**REPLY IN SUPPORT OF GOVERNOR LITTLE AND ATTORNEY GENERAL LABRADOR'S MOTION TO DISMISS AMENDED COMPLAINT [DKT. 75]** |

Eleventh Amendment immunity bars Plaintiffs' suit against Attorney General Labrador and Governor Little in their official capacities. They are not proper defendants under *Ex parte Young* because neither has a direct connection to the enforcement of the challenged statute, Idaho Code § 18-8901.

Plaintiffs argue that Attorney General Labrador is a proper defendant based on his limited authority to assist county prosecutors to enforce compliance with § 18-8901. Dkt. 88 at 7–8. But Plaintiffs' tenuous chain of causation linking the Attorney General to the enforcement of § 18-8901 falls far short of the connection required for the *Ex parte Young* exception to apply.

Plaintiffs argue that Governor Little is a proper defendant based on his purported authority to terminate the Director of the Idaho Department of Corrections (IDOC) for violations of . But the Governor does not, in fact, have this authority—the Board of Correction does. Regardless, the Governor is not a proper defendant because a supervisory power over the person responsible for enforcing a challenged provision is not sufficient to make a state officer a proper defendant under *Ex parte Young*.

Because neither the Attorney General nor the Governor are proper defendants under *Ex parte Young*, Eleventh Amendment immunity bars suit against both, and this Court should dismiss them from the case.

I.  **The Attorney General Is Not a Proper Defendant.**

   a. **The Attorney General Is Not a Proper Defendant in Prison Cases.**

This case is different in kind from all the cases Plaintiffs rely on to argue that the Attorney General is as proper defendant: this is a prison-litigation case. Plaintiffs are prisoners within IDOC, and they have filed suit challenging Idaho Code § 18-8901, a law prohibiting the use of public funds or public facilities for gender transitioning cross-sex hormones and sex-change surgery. And Plaintiffs are not challenging § 18-8901 generally or in the abstract, they are suing to receive cross-sex hormones, a relief only the prison official can provide or "enforce." This point bears emphasis: Even if the Attorney General were to prosecute violations of § 18-8901, any prosecutions would be brought against prison officials for misuse of public funds, not against Plaintiffs themselves or even their doctors. *See* § 18-8901(7). In other words, there is no connection between the relief Plaintiffs are seeking and the Attorney General's prosecutorial powers.

While Plaintiffs have properly named as defendants the IDOC Director and IDOC's contracted medical provider, they have improperly named Attorney General Labrador as a defendant. Indeed, Plaintiffs have not cited a single case where a state attorney general was a proper defendant in a suit challenging prison conditions or prison medical policies. Instead, as logic would dictate, prison officials, not attorneys general, are properly named as defendants in these types of cases. *See, e.g., Balla v. Idaho,* 29 F.4th 1019 (9th Cir. 2022); *Cordellione v. Comm'r, Indiana Dep't of*

*Correction*, No. 3:23-CV-00135-RLY-CSW, 2024 WL 4333152 (S.D. Ind. Sept. 17, 2024); *Clark v. Quiros*, 693 F. Supp. 3d 254 (D. Conn. 2023).

Thus, Plaintiffs' reliance on a string of cases where the "Idaho Attorney General's assistance power was sufficient to make him a proper defendant" [Dkt. 88 at 8] is simply misplaced. None of the cases involved challenges to prison medical care or conditions. The attorney general does not enforce prison policies—prison officials do. Consequently, relief from challenged prison medical policies is obtained by suing prison officials, not by suing their lawyer.

### b. *Wasden* Does Not Control Here.

Under Ninth Circuit precedent, a proper defendant under the *Ex parte Young* exception to the Eleventh Amendment is a state officer who has a connection with the enforcement of the statute being challenged. *Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004) (quoting *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir.1992)). "State attorneys general are not invariably proper defendants in challenges to state criminal laws. Where an attorney general cannot direct, in a binding fashion, the prosecutorial activities of the officers who actually enforce the law or bring his own prosecution, he may not be a proper defendant." *Wasden*, 376 F.3d at 919 (citation omitted).

Plaintiffs conceded that no specific authority exists in § 18-8901 granting Attorney General Labrador the power to enforce that statute. Dkt. 88 at 7. Nonetheless, they argue that he has enforcement authority based on his power to assist county prosecutors to enforce § 18-8901. *Id.* at 8. Plaintiffs therefore claim the Attorney General is a proper defendant because he has the enforcement authority a county prosecutor would have—who would also, according to Plaintiffs' reasoning, be a proper defendant, though Plaintiffs have not named any county prosecutors in their amended complaint. Plaintiffs cite *Wasden* for the proposition that the Attorney General is a proper defendant, but their reliance on *Wasden* is misplaced. In contrast to *Wasden*, in this case, none of the plaintiffs are subject to prosecution for violations of the challenged statute. This fact was determinative in *Wasden*.

### c. Under *Ex parte Young*, the Standing Analysis Overlaps with the "Proper Defendant" Inquiry

In *Wasden,* the Court explained that the question of whether a state officer is a proper defendant is the common denominator of two separate inquires. It stated:

> [F]irst, whether there is the requisite causal connection between their responsibilities and any injury that the plaintiffs might suffer, such that relief against the defendants would provide redress; and second, whether our jurisdiction over the defendants is proper under the doctrine of *Ex parte Young*, which requires 'some connection' between a named state officer and enforcement of a challenged state law.

*Wasden*, 376 F.3d at 919 (citations omitted) (cleaned up). In other words, the standing concepts of traceability and redressability overlap with the inquiry of who is a proper defendant under the *Ex parte Young* doctrine.

Here, Attorney General Labrador's connection to § 18-8901 is not sufficiently direct under a traceability or redressability analysis. In fact, to the extent that any enforcement authority even exists, it is so remote that enjoining the Attorney General from enforcing §18-8901 would offer Plaintiffs almost no meaningful relief. *See Mecinas v. Hobbs*, 30 F.4th 890, 903–904 (9th Cir. 2022). First, the prison officials, who have already pledged to enforce the statute, would have to reverse course and hatch a covert plan, in conjunction with the prison's medical contractor, to violate § 18-8901 by providing cross-sex hormones to prisoners. Next, assuming this extremely unlikely plan were put into effect, law enforcement would have to identify the culpable parties, and a county prosecutor would have to exercise his independent discretion to bring charges for misuse of public funds under Idaho Code § 18-8901. Assuming a county prosecutor did so, the prosecutor would then need to request the assistance of the attorney general to prosecute the case. And even in the unlikely case the attorney general joined the unlikely prosecution, he could only collaborate with the county prosecutor, and not "assert[ ] dominion and control" against the county prosecutor's wishes. *Newman v. Lance*, 129 Idaho 98, 922 P.2d 395, 399–401 (1996).

This causal chain is a far cry from the situation in *Wasden*, where there was a direct line between the attorney general's prosecutorial power and a challenged criminal statute under which the *plaintiff himself* reasonably feared prosecution.

In their response, Plaintiffs cite the above language about "two separate inquiries" and argue that State Defendants have conflated *Wasden*'s standing and *Ex parte Young* analyses. Dkt. 88 at 9. But this "conflation" was done deliberately, by

the *Wasden* court itself. The *Wasden* court acknowledged the overlapping issues when it came to the "proper defendant" inquiry. *See id.* at 920.

Other Ninth Circuit cases have recognized this overlap between standing and the *Ex parte Young* inquiry. For example, in *Mecinas v. Hobbs*, the court noted that the proper defendant analysis was "closely related—indeed overlapping—with the traceability and redressability inquiry." 30 F.4th 890, 903 (9th Cir. 2022) (citing *Culinary Workers Union, Loc. 226 v. Del Papa*, 200 F.3d 614, 619 (9th Cir. 1999) and *Wasden*, 376 F.3d at 919).

## II. The Governor is Not a Proper Defendant.

Governor Little is not a proper defendant under *Ex parte Young* because he has, at most, only a "general supervisory" power over the official responsible for enforcing § 18-8901—the IDOC Director. Nonetheless, Plaintiffs argue that the Governor is a proper defendant because he purportedly has the "sole" authority to terminate the IDOC Director for a violation of § 18-8901. Dkt. 88 at 11. Plaintiffs are wrong on both counts. First, the Governor does not, in fact, have the "sole" authority to fire the IDOC director—the Board of Correction does. Second, even if the Governor did have that authority, this supervisory authority still does not make him a proper defendant under *Ex parte Young*.

### a. The Governor Does Not Have the "Sole" Power to Terminate

Plaintiffs' only argument for why the Governor is a proper defendant rests entirely on his supposed exclusive authority to fire the IDOC Director: "No one except

Governor Little could terminate the IDOC Director in the way H.B. 668 and Section 18-5702 require in the event of noncompliance." Dkt. 88 at 11. In support, Plaintiffs cite a law review article discussing how the various state agency directors are appointed and removed in Idaho. *Id.* at 12 (citing Richard Henry Seamon, *Idaho Administrative Law: A Primer for Students and Practitioners*, 51 Idaho L. Rev. 421 (2019)). But that article itself contradicts Plaintiffs' position. The article notes, as Plaintiffs correctly acknowledge, that the power to appoint the IDOC Director rests with the Board of Correction. Seamon at 470. But Plaintiffs omit the fact the article goes on to note that the power to remove is incidental to the power to appoint. *Id.* at 472. In other words, the Board of Correction, by default, has the power to fire the IDOC Director because the board is the appointing authority, not the Governor. *See also Gowey v. Siggelkow*, 85 Idaho 574, 585 (1963) ("the power to remove is incident to the power to appoint, and . . . the authority to appoint an officer carries with it the resultant power and authority to remove him").

### b. Even if the Governor Had the "Sole" Power to Terminate, It Wouldn't Matter because It Would only Be General Supervisory Authority

To be a proper defendant under *Ex parte Young,* a state officer's connection to a challenged law must go beyond "a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision." *Mecinas*, 30 F.4th at 903–904 (quoting *Wasden*, 376 F.3d at 919). Plaintiffs have not demonstrated that the Governor's authority is anything more than a generalized duty to enforce § 18-8901 or a general supervisory power over the IDOC

Director. Even assuming their clearly incorrect assertion were true that the Governor has the sole authority to fire the IDOC Director, that is still not a sufficient connection between the Governor and the challenged statute. This Court's analysis in *Animal Legal Def. Fund v. Otter*, 44 F. Supp. 3d 1009, 1016 (D. Idaho 2014), confirms this point. Even if the Governor did have the authority to fire the IDOC Director, by Plaintiffs' own admission that authority would be entirely ministerial. Under *Animal Legal Defense Fund*, this is insufficient to make the Governor a proper defendant. *Id.* The bottom line is that the Governor is not a proper defendant here because, at most, he has only a general supervisory authority over the IDOC Director.

## CONCLUSION

For the foregoing reasons, Defendants Governor Little and Attorney General Labrador request that the Court grant their motion to dismiss, dismiss all claims against the Attorney General and the Governor with prejudice, and provide all other relief that is just.

DATED: December 17, 2024

                                              STATE OF IDAHO
                                              OFFICE OF THE ATTORNEY GENERAL

                                              By: /s/ *Matthew L. Maurer*
                                                     MATTHEW L. MAURER
                                                     Deputy Attorney General

## CERTIFICATE OF SERVICE

I certify that on December 17, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Paul Carlos Southwick
psouthwick@acluidaho.org

Emily Myrei Croston
ecroston@acluidaho.org

Malita Picasso
mpicasso@aclu.org

Chase B. Strangio
cstrangio@aclu.org

Leslie J. Cooper
lcooper@aclu.org

*Attorneys for Plaintiff*

Christina M. Hesse
cmh@dukeevett.com

Michael J. Bentley
mbentley@bentley.com

*Attorneys for Defendants Centurion of Idaho, LLC and Centurion Health*

 

/s/ *Matthew L. Maurer*
MATTHEW L. MAURER