Paul Carlos Southwick (ISB No. 12439)
Emily Myrei Croston (ISB No. 12389)
ACLU of Idaho Foundation
P.O. Box 1897
Boise, ID 83701
Tel: (208) 344-9750
psouthwick@acluidaho.org
ecroston@acluidaho.org

Chase B. Strangio*
Malita Picasso*
Leslie Cooper*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
cstrangio@aclu.org
mpicasso@aclu.org
lcooper@aclu.org

*Admitted *pro hac vice*

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **KATIE ROBINSON**, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>**RAÚL LABRADOR**, et al.,<br><br>*Defendants*. | Case No. 1:24-cv-00306-DCN<br>**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO STATE DEFENDANTS' MOTION TO DISMISS (Dkt. 75, 100)** |

State Defendants argued in their initial motion that the Attorney General is "not a proper defendant under *Ex parte Young*." Dkt. 75-1 at 8. As part of this argument, Defendants asserted that the ability to bring enforcement directly against Plaintiffs is part of the *Ex parte Young*

analysis. *Id.* at 10. Plaintiffs responded by arguing that this consideration is not part of the *Ex parte Young* analysis and that Defendants' citations were pulled out of context from the Ninth Circuit's standing analysis. Dkt. 88 at 9. Finally, in Defendants' Reply Brief, the words "traceability and redressability" appear for the first time in this round of briefing along with two pages of argument. Dkt. 100 at 6.

Defendants argue that their bare invocation of *Ex parte Young* in their initial brief put Plaintiffs on notice that standing—or at least traceability and redressability—would later be called into question and thus Plaintiffs should have offered argument. Dkt. 102 at 2; *cf. Hathaway v. Idaho Pac. Corp.*, No. 4:15-CV-00086-DCN, 2020 WL 2858003 (D. Idaho June 2, 2020), at *3 ("[T]he question is whether [the non-movant] had sufficient notice of the issues . . . to fully and fairly brief them without a surreply brief.") (emphasis added).

However, as the *Wasden* court noted and plaintiffs argued, standing and *Ex parte Young* are "two separate inquiries." Dkt. 88 at 9 (quoting *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d at 919). And while "whether a state officer is a proper defendant is the common denominator of [those] two separate inquiries", (Dkt. 100 at 5 (emphasis added)) Defendants invoked only *Ex parte Young*. *See, e.g.*, Dkt. 75-1 ("B. Attorney General Labrador Is Not a Proper Defendant Under *Ex parte Young*"). Thus, Plaintiffs did not have sufficient notice to "fully and fairly" brief whether their injuries are traceable and redressable, such that they have standing. *See also Hathaway*, 2020 WL 2858003, at *3.

Confusingly, despite dedicating two pages of their reply brief to traceability and redressability, Defendants now maintain that they "are not now—and never were—challenging Plaintiffs' standing." Dkt. 102 at 3.

To the extent the Court intends to consider the standing concepts of traceability and

redressability, and its consideration of these issues would be aided by briefing from Plaintiffs, Plaintiffs request leave to file a surreply addressing these elements of standing. *See Hathaway*, 2020 WL 2858003, at *2 (holding that the court has discretion to permit a surreply); *cf. Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

Dated: January 21, 2024                                                   Respectfully submitted,

*/s/ Emily Myrei Croston*
Emily Myrei Croston (ISB 12389)