RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

JAMES J. SIMERI, ISB #12332
GREGORY E. WOODARD, ISB #11329
MATTHEW L. MAURER, ISB #12575
DAVID J. MYERS, ISB #6528
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
james.craig@ag.idaho.gov
james.simeri@ag.idaho.gov
greg.woodard@ag.idaho.gov
matthew.maurer@ag.idaho.gov
david.myers@ag.idaho.gov

*Attorneys for State Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBINSON *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho; et al.<br><br>*Defendants.* | Case No. 1:24-cv-00306-DCN<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS JOSH TEWALT AND BREE DERRICK'S MOTION TO AMEND ANSWER TO AMENDED CLASS ACTION COMPLAINT [DKT. 74]** |

## INTRODUCTION

State Defendants timely move to amend their Answer to the Amended Class Action Complaint, Dkt. 74.[1] They propose to add counterclaims for declaratory judgments that (a) their enforcement of Idaho Code § 18-8901's preclusion of state-paid cross-sex surgery does not unlawfully deny or abridge Counter-Defendants' rights under the Eighth Amendment and (b) their enforcement of Idaho Code § 18-8901 as to either cross-sex hormones or surgery therefore does not give rise to liability for damages.

The proposed amendment satisfies the liberal standards of Fed. R. Civ. P. 15(a)(2) because Plaintiffs cannot show that the amendment is offered in bad faith, has been unduly delayed, will prejudice Plaintiffs, or is futile, and, while Plaintiffs have amended their Complaint, State Defendants have not previously amended their Answer.

The motion to amend should therefore be granted.

## LEGAL STANDARD

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires." As this Court has recognized, Rule 15 "provides a liberal policy of amendment." *Gen. Fire & Cas. Co. v. Guy Carpenter & Co., Inc.*, No. CV05–251S-LMB, 2007 WL 683793, at *3 (D. Idaho Mar. 2, 2007) (granting motion for leave to amend answer to add a statute

---

[1] The Court's Scheduling Order permits motions to amend pleadings to be filed on or before January 20, 2025. [Dkt. 79 ¶ 2.] January 20 being a holiday, the motion is timely filed on January 21.

of limitations affirmative defense). "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)) (reversing district court's denial of motion to amend complaint to add a defendant). Rule 15's "policy of favoring amendments to pleadings should be applied with 'extreme liberality,'" and the "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *Id.*

The Court considers five factors to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *See Gordon Ocampo v. Corizon, LLC*, No. 1:18-cv-00047-DCN, 2019 WL 1495251, at *7 (D. Idaho Apr. 4, 2019) (quoting *Desertrain v. City of Los Angles*, 754 F.3d 1147, 1154 (9th Cir. 2014)) (granting motion to amend answer to add two affirmative defenses). "Generally, a court will grant a motion to amend unless the opposing party can substantially show one of" the above factors. *Id.* at *9. The factor of prejudice to the opposing party carries the greatest weight; absent prejudice, "'there exists a presumption under Rule 15(a) in favor of granting leave to amend' unless a strong showing is made on one of the other factors." *Id.*

When considering the above factors, "the Court should make all inferences in favor of granting the motion." *Gen. Fire & Cas. Co.*, 2007 WL 683793, at *3 (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir.1999)). "The party opposing

amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187 (citation omitted).

## ARGUMENT

**The Proposed Amended Answer (with Counterclaim) Satisfies Rule 15**

Plaintiffs cannot "substantially show" any of the relevant factors.

The proposed counterclaim is not proffered in bad faith. Instead, the counterclaim advances the underlying purposes of the Federal Rules of Civil Procedure: "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

There has been no undue delay. The timing of this motion to amend complies with the Scheduling Order's deadline for motions to amend pleadings. [Dkt. 79 ¶ 2.]

There is no prejudice to the Plaintiffs from the proposed counterclaim. Litigating the constitutional validity of the statute as applied to cross-sex surgery and as to damages claims does not change the remaining work in the case. The experts will be the same, as evidenced by Plaintiffs' expert already having opined on the purported medical necessity of cross-sex surgery. [Dkt. 2-5 ¶¶ 28, 44.] The standards to be debated will be the same—Plaintiffs have already based their claims on the WPATH standards, which address cross-sex surgery as well as cross-sex hormone treatment. Discovery will be no different, but even if some different discovery proves necessary, there is plenty of time: fact discovery closes April 4 and expert discovery closes July 7. [Dkt. 79 ¶¶ 5-6.]

Nor is the proposed amendment in any way futile. It presents a case or controversy. "The purpose of the Declaratory Judgment Act is 'to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure—or never.'" *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981) (quoting *Japan Gas Lighter Ass'n v. Ronson Corp.*, 257 F. Supp. 219, 237 (D.N.J. 1966)) (reversing district court's denial of declaratory relief). It is legitimate to bring a counterclaim to "forestall future litigation." *Greater Los Angeles Council on Deafness, Inc. (GLAD) v. Zolin*, 812 F.2d 1103, 1113 (9th Cir. 1987), *superseded on other grounds by statute*. As established in the proposed counterclaim, ¶¶ 11-23, State Defendants have a "real and reasonable apprehension" that they will be the subjects of one or more future § 1983 actions regarding cross-sex surgery and claimed damages. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1556 (9th Cir. 1989). Their proposed counterclaims, therefore, present a case or controversy suitable for declaratory relief.

State Defendants' proposed counterclaims are defensive: they "assert a defense anticipatorily" and seek to "preempt a suit by a potential plaintiff"—who "could sue pursuant to an independent cause of action"—by requesting "a declaration that the potential plaintiff's claim would fail." *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1322 (9th Cir. 1998); *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 879 (9th Cir. 2022). As the Declaratory Judgment Act permits, the State Defendants "in effect

borrow[] the underlying cause of action that would be available to the potential plaintiff." *City of Reno*, 52 F.4th at 879.

Finally, State Defendants have not previously amended their Answer, while Plaintiffs have previously amended their Complaint.

## CONCLUSION

State Defendants' proposed amended answer and counterclaim satisfy the requirements of Rule 15. The counterclaims present a case or controversy, and the Declaratory Judgment Act provides a basis for relief. The motion to amend State Defendants' Answer to Amended Class Action Complaint should therefore be granted.

DATED: January 21, 2025

                                         STATE OF IDAHO
                                         OFFICE OF THE ATTORNEY GENERAL

                                         By:   /s/ *James J. Simeri*
                                                  JAMES J. SIMERI
                                                  Deputy Attorney General

## **CERTIFICATE OF SERVICE**

      I certify that on January 21, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Paul Carlos Southwick
psouthwick@acluidaho.org

Emily Myrei Croston
ecroston@acluidaho.org

Malita Picasso
mpicasso@aclu.org

Chase B. Strangio
cstrangio@aclu.org

Leslie J. Cooper
lcooper@aclu.org

*Attorneys for Plaintiff*

Christina M. Hesse
cmh@dukeevett.com

Michael J. Bentley
*mbentley@bradley.com*

*Attorneys for Defendants Centurion of Idaho, LLC and Centurion Health*

              /s/ *James J. Simeri*
              JAMES J. SIMERI