RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

JAMES J. SIMERI, ISB #12332
GREGORY E. WOODARD, ISB #11329
MATTHEW L. MAURER, ISB #12575
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
james.craig@ag.idaho.gov
james.simeri@ag.idaho.gov
greg.woodard@ag.idaho.gov
matthew.maurer@ag.idaho.gov

*Attorneys for State Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBINSON, *et al.* | Case No. 1:24-cv-00306-DCN |
| *Plaintiffs,* | |
| *v.* | **DEFENDANTS JOSH TEWALT AND BREE DERRICK'S AMENDED ANSWER TO AMENDED CLASS ACTION COMPLAINT [DKT. 65], WITH COUNTERCLAIMS** |
| RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho; *et al.*, | |
| *Defendants.* | |

Defendants Josh Tewalt, in his official Capacity as the Director of the Idaho Department of Corrections, and Bree Derrick, in her official capacity as the Deputy Director of IDOC ("State Defendants"), amend their Answer (Dkt. 74) and respond to the Amended Class Action Complaint for Declaratory and Injunctive Relief (Dkt. 65) ("Amended Complaint") as follows:

## I.     GENERAL RESPONSE

Unless specifically admitted, State Defendants deny all allegations, claims, and requests for relief contained in the Amended Complaint.[1]

## II.     SPECIFIC RESPONSES

Regarding the specific allegations, claims, and requests for relief contained in the specific paragraphs in the Amended Complaint, State Defendants respond as follows:

### INTRODUCTION

1.     State Defendants deny the allegations in paragraph 1.

2.     State Defendants deny the allegations in paragraph 2.

3.     State Defendants admit that the language of IDOC's Standard Operating Procedure "Gender Dysphoria: Healthcare for Inmates with" speaks for itself. State Defendants deny the remaining allegations in paragraph 3.

4.     State Defendants admit the allegations in paragraph 4.

---

[1] State Defendants are using Plaintiffs' headings for ease of reference; this use should not be construed as an admission of any allegations in the headings.

5.      State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 5 and therefore deny.

6.      State Defendants deny the allegations in paragraph 6.

7.      State Defendants admit that HB 668 became effective July 1, 2024, and that HB 668's language speaks for itself. State Defendants deny the remaining allegations in paragraph 7.

8.      State Defendants admit the allegations in paragraph 8.

9.      State Defendants admit the allegations in paragraph 9.

10.     State Defendants deny the allegations in paragraph 10.

11.     State Defendants deny the allegations in paragraph 11.

## JURISDICTION AND VENUE

12.     State Defendants deny that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1341. The remaining statements in this paragraph are not factual allegations to which State Defendants are obligated to respond. To the extent they are construed as such, State Defendants deny.

13.     State Defendants admit the allegations in paragraph 13.

## PARTIES

### I. **Class of Incarcerated Persons**

14.     State Defendants admit the language of the Rules speaks for itself. State Defendants deny the remaining allegations in paragraph 14.

15.     State Defendants deny the allegations in paragraph 15.

16.     State Defendants deny the allegations in paragraph 16.

17.    State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 17 and therefore deny.

18.    State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 18 and therefore deny.

19.    State Defendants admit that the language of HB 668 speaks for itself. State Defendants deny the remaining allegations in paragraph 19.

20.    State Defendants deny the allegations in paragraph 20.

21.    State Defendants deny the allegations in paragraph 21.

22.    State Defendants deny the allegations in paragraph 22.

23.    State Defendants admit the allegations in paragraph 23.

24.    State Defendants admit that the language of the Rules, HB 668, and Idaho Code speaks for itself. State Defendants deny the remaining allegations in paragraph 24.

## II. **Named Plaintiffs**

25.    State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 25 and therefore deny.

26.    State Defendants admit the allegations in paragraph 26.

27.    State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 27 and therefore deny.

28.    State Defendants admit Plaintiff was diagnosed with gender dysphoria. State Defendants deny the remaining allegations in paragraph 28.

29.     State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 29 and therefore deny.

30.     State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 30 and therefore deny.

31.     State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 31 and therefore deny.

32.     State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 32 and therefore deny.

33.     State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 33 and therefore deny.

34.     State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 34 and therefore deny.

35.     State Defendants admit that HB 668 went into effect on July 1, 2024. State Defendants deny the remaining allegations in paragraph 35.

36.     State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 36 and therefore deny.

37.     State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 37 and therefore deny.

38.     State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 38 and therefore deny.

39.     State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 39 and therefore deny.

40.    State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 40 and therefore deny.

41.    State Defendants admit the allegations in paragraph 41, except that Plaintiff is currently incarcerated in ISCI.

42.    State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 42 and therefore deny.

43.    State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 43 and therefore deny.

44.    State Defendants admit the allegations in paragraph 44.

45.    State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 45 and therefore deny.

46.    State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 46 and therefore deny.

47.    State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 47 and therefore deny.

48.    State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 48 and therefore deny.

49.    State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 49 and therefore deny.

50.    State Defendants deny the allegations in paragraph 50.

51.    State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 51 and therefore deny.

### III. <u>Defendants</u>

52.    State Defendants deny the allegations in this paragraph, except that Defendant Raúl Labrador is the current Attorney General of the State of Idaho and that the language of HB 668 the Idaho Code speaks for itself.

53.    State Defendants deny the allegations in this paragraph, except that Defendant Brad Little is the current Governor of the State of Idaho and that the language of the Idaho Constitution and Idaho Code speaks for itself.

54.    State Defendants deny the allegations in this paragraph, except that Defendant Josh Tewalt is the current Director of IDOC, which is the highest-level official in IDOC and that IDOC is the State agency responsible for incarceration of adult inmates sentenced by the courts.

55.    State Defendants deny the allegations in this paragraph, except that Defendant Bree Derrick is the current Deputy Director of IDOC and is a member of IDOC's executive leadership team.

56.    State Defendants admit the allegations in paragraph 56.

57.    State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 57 and therefore deny.

58.    State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 58 and therefore deny.

## FACTUAL ALLEGATIONS

<u>Gender Dysphoria is a Serious Medical Condition Requiring Treatment</u>

59.    The allegations in this paragraph are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, State Defendants deny the allegations of paragraph 59.

60.    The allegations in this paragraph are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, State Defendants deny the allegations of paragraph 60.

61.    The allegations in this paragraph are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, State Defendants deny the allegations of paragraph 61.

62.    The allegations in this paragraph are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, State Defendants deny the allegations of paragraph 62.

<u>Treatment for Gender Dysphoria</u>

63.    The allegations in this paragraph are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, State Defendants deny the allegations of paragraph 63.

64.    The allegations in this paragraph are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, State Defendants deny the allegations of paragraph 64.

65.     The allegations in this paragraph are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, State Defendants deny the allegations of paragraph 65.

66.     State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 66 and therefore deny.

67.     The allegations in this paragraph are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, State Defendants deny the allegations of paragraph 67.

68.     State Defendants deny the allegations in paragraph 68.

69.     The allegations in this paragraph are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, State Defendants deny the allegations of paragraph 69.

70.     The allegations in this paragraph are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, State Defendants deny the allegations of paragraph 70.

71.     The allegations in this paragraph are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, State Defendants deny the allegations of paragraph 71.

72.     State Defendants deny the allegations in paragraph 72.

73.     The allegations in this paragraph are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, State Defendants deny the allegations of paragraph 73.

<u>Incarcerated People with Gender Dysphoria are Entitled to Access Medically
Necessary Treatment for their Dysphoria, Including Hormone Therapy</u>

74.    State Defendants admit that the language of IDOC's Policy 401,
"Clinical Services and Treatment," speaks for itself. State Defendants deny the
remaining allegations in paragraph 74.

75.    State Defendants admit that the language of IDOC's Standard
Operating Procedure, "Gender Dysphoria: Healthcare for Inmates with," speaks for
itself. State Defendants deny the remaining allegations in paragraph 75.

76.    State Defendants deny the allegations in paragraph 76.

77.    The allegations in this paragraph are the proper subject of expert
testimony and therefore no response is required. To the extent a response is required,
State Defendants deny the allegations of paragraph 77.

78.    The allegations in this paragraph are the proper subject of expert
testimony and therefore no response is required. To the extent a response is required,
State Defendants deny the allegations of paragraph 78.

79.    The allegations in this paragraph are the proper subject of expert
testimony and therefore no response is required. To the extent a response is required,
State Defendants deny the allegations of paragraph 79.

<u>The Idaho State Legislature Passed H.B. 668</u>

80.    State Defendants admit that the language of HB 668 speaks for itself
and that Governor Little signed HB 668 into law on March 27, 2024. State Defendants
deny the remaining allegations in paragraph 80.

81.    State Defendants deny the allegations in paragraph 81.

82.    State Defendants admit that the language of HB 668 and the Idaho Code speaks for itself. State Defendants deny the remaining allegations in paragraph 82 and therefore deny same.

83.    State Defendants deny the allegations in paragraph 83.

84.    State Defendants admit that the language of Plaintiffs' counsel's demand letter speaks for itself. State Defendants deny the remaining allegations in paragraph 84.

85.    State Defendants admit that the language of IDOC's reply speaks for itself. State Defendants deny the remaining allegations in paragraph 85.

86.    State Defendants admit that the language of Plaintiffs' June 17, 2024, correspondence speaks for itself. State Defendants deny the remaining allegations in paragraph 86.

87.    State Defendants admit that the June 21, 2024, video call occurred. State Defendants agree that State Defendants would not agree to suspend enforcement of the law. State Defendants deny all other allegations in this paragraph.

## CLAIM FOR RELIEF

### Denial of Necessary Medical Treatment (8th Amendment; 42 U.S.C. § 1983)

*Against ALL Defendants*

88.    Paragraph 88 contains no factual assertions to admit or deny and no response is required. To the extent a response is required, State Defendants deny.

89.     State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 89 and therefore deny.

90.     State Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 90 and therefore deny.

91.     State Defendants admit that they are responsible for providing medical care to Plaintiffs sufficient to comply with obligations under the Eighth Amendment. State Defendants deny the remaining allegations in paragraph 91.

92.     State Defendants admit that the language of HB 668 speaks for itself and that Governor Little signed HB 668 into law on March 27, 2024. State Defendants deny the remaining allegations in paragraph 92.

93.     State Defendant's admit that HB 668 went into effect on July 1, 2024, and that the language of HB 668 speaks for itself. State Defendants deny the remaining allegations in paragraph 93.

94.     State Defendants deny the allegations in paragraph 94.

95.     State Defendants deny the allegations in paragraph 95.

96.     State Defendants deny the allegations in paragraph 96.

97.     State Defendants deny the allegations in paragraph 97.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint and each allegation contained therein fails to state a claim against State Defendants upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

The allegations contained in Plaintiffs' Amended Complaint do not rise to the level of a deprivation of rights that are protected by the Constitution or any of the legal provisions referred to in the Amended Complaint.

THIRD AFFIRMATIVE DEFENSE

State Defendants are immune, or have qualified immunity, to the allegations contained in Plaintiffs' Amended Complaint, including immunity under the 11th Amendment of the U.S. Constitution, which is not waived.

FOURTH AFFIRMATIVE DEFENSE

State Defendants are not liable under 42 U.S.C. § 1983 for any injury caused by the act or omission of another person under the theory of respondeat superior and because State Defendants are not "persons" under 42 U.S.C. § 1983.

FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs have failed to exhaust all administrative remedies.

SIXTH AFFIRMATIVE DEFENSE

State Defendants' conduct was justifiable, reasonable, authorized by law, and performed in good faith with the belief that such acts were proper, legal, and appropriate.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' request for injunctive relief does not show or sufficiently allege the likelihood of future injury or irreparable harm.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' request for injunctive relief does not show or sufficiently allege the existence of a reasonable likelihood of success.

NINTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring the claims in Plaintiffs' Amended Complaint.

RESERVATION OF DEFENSES

State Defendants reserve the right to supplement these defenses with any additional defenses that subsequently become available during discovery or trial.

WHEREFORE, having fully answered the Amended Complaint, State Defendants request that the Court enter an order and judgment:

1.    That dismisses the Amended Complaint with prejudice;

2.    That dissolves and dismisses the preliminary injunction;

3.    That enters judgment in favor of Defendants and against Plaintiffs;

4.    That awards State Defendants their costs and attorney's fees; and

5.    That provides all other relief that is just.

**JURY-TRIAL DEMAND**

State Defendants demand a jury trial on all claims so triable.

**COUNTERCLAIMS**

**The Statute**

1.    The 2024 Idaho legislature adopted I.C. § 18-8901, also known as HB 668, which became effective on July 1, 2024.

2.      I.C. § 18-8901(2) prohibits the use of public funds for certain "surgical operation[s] or medical intervention[s]"—including cross-sex hormone treatment or cross-sex surgery—"for purposes of altering the appearance of an individual in order to affirm the individual's perception of the individual's sex in a way that is inconsistent with the individual's biological sex regardless of whether the surgical operation or medical intervention is administered to a minor or an adult," with certain exemptions.

3.      The Idaho legislature's express intent behind I.C. § 18-8901 was to prevent known harms: "The Legislature finds that the surgical operations and medical procedures described in section 18–1506C(3), Idaho Code, when used for purposes of altering the appearance of an individual in order to affirm the individual's perception of the individual's sex in a way that is inconsistent with the individual's biological sex, carry substantial risks and have known harmful effects, including irreversible physical alterations and, in some cases, sterility and lifelong sexual dysfunction."

**Jurisdiction, Venue, and Parties**

4.      Counterclaimants bring this counterclaim under the Eighth Amendment to the United States Constitution against Counter-Defendants (both the named Plaintiffs and the Class Members).

5.      This Court has jurisdiction of this counterclaim under 28 U.S.C. § 1331.

6.      This Court has jurisdiction to enter declaratory relief under 28 U.S.C. § 2201.

7.    Venue is proper under 28 U.S.C. § 1391(b)(1) and § 1391(b)(2) because Counter-Defendants reside in this judicial district and a substantial part of the events giving rise to the claim occurred in this judicial district.

8.    Counterclaimants are Josh Tewalt, in his official Capacity as the Director of the Idaho Department of Corrections (IDOC), and Bree Derrick, in her official capacity as the Deputy Director of IDOC.

9.    As Director, Counterclaimant Tewalt is the highest-level official in IDOC, which is the State agency responsible for incarceration of adult inmates sentenced by the courts.

10.    As Deputy Director, Counterclaimant Derrick is a member of IDOC's executive leadership team.

**The Damoclean Threat**

11.    Just as they have been sued in this case seeking an injunction against enforcement of I.C. § 18-8901 as to cross-sex hormone treatments, Counterclaimants are state officials who will be sued under 42 U.S.C. § 1983 when Counter-Defendants or any other Idaho prisoner(s) seek (a) damages for Counterclaimants' enforcement of I.C. § 18-8901 as to cross-sex hormone treatments or (b) an injunction against or damages for Counterclaimants' enforcement of I.C. § 18-8901 as to cross-sex surgery.

12.    Before the adoption of I.C. § 18-8901, IDOC and its employees had already been sued by an inmate seeking cross-sex surgery. *See Edmo v. Corizon, Inc.*, 935 F.3d 757 (2019).

13. The logic of Counter-Defendants' allegations and arguments in this case plainly leads to a subsequent suit or suits seeking cross-sex surgery and damages from the State on Eighth Amendment grounds.

14. Counter-Defendants' initial Complaint sought to protect "gender-affirming medical care" generally and to obtain "an injunction preventing enforcement of H.B. 668" generally. [Dkt. 1 ¶¶ 20, 21, 95.] The Amended Complaint substituted "hormone treatment" for "medical care" and "an injunction preventing enforcement of HB 668's categorical prohibition against the use of state funds and facilities to provide hormone therapy." [Dkt. 65 ¶¶ 20, 21, 81.]

15. Counter-Defendants' initial Complaint also recited the treatments recommended by WPATH, including both hormone therapy and "(3) Surgery to change primary and/or secondary sex characteristics." [Dkt. 1 ¶ 80.] The Amended Complaint dropped the paragraph entirely.

16. The WPATH recommendation of surgery remains in the record, however. In their brief in support of their motion for a temporary restraining order, provisional class certification, and preliminary injunction, Counter-Defendants relied on the WPATH standards as "[t]he standards of care for treatment of gender dysphoria" and incorporated their expert's explanation of the standards. [Dkt. 2-1 at 7.]

17. The expert recited that one of the "protocol components" of WPATH's recommendations, in addition to hormone therapy, is "[s]urgery to change primary and/or secondary sex characteristics." [Dkt. 2-5 ¶ 28.] She was explicit that: "For some

individuals with severe gender dysphoria, hormone therapy alone is insufficient. For these individuals, relief from their dysphoria cannot be achieved without surgical intervention to modify primary and/or secondary sex characteristics, i.e., genital reconstruction." [*Id.* ¶ 44.]

18.    Counter-Defendants' rationale for demanding state-paid hormone treatments is that such treatments for gender dysphoria are medically necessary when WPATH says so. The same argument will be made for state-paid cross-sex surgery.

19.    Counter-Defendants have even stated that the remedy of cross-sex surgery is still on the table for a future lawsuit.

20.    Examples of such statements include their brief in support of class certification, in which Counter-Defendants contended that "Defendants' decision to imminently cut off Plaintiffs' medically necessary treatment for their serious medical conditions constitutes deliberate indifference for the purposes of the Eight Amendment." [Dkt. 2-1 at 11.] In support, Counter-Defendants cited not just cases involving cross-sex hormones, but also cases involving cross-sex surgery, making no distinction between the two. *See  Rosati v. Igbinoso*, 791 F.3d 1037 (9th Cir. 2015) (described by Counter-Defendants as "blanket ban on gender confirmation surgery and denial of gender confirmation surgery to plaintiff . . . states an Eighth Amendment claim"); *Fields v. Smith*, 653 F.3d 550 (7th Cir. 2011) (described by Counter-Defendants as requiring provision of "sex reassignment surgery"); *Soneeya v. Spencer*, 851 F. Supp. 2d 228 (D. Mass. 2012) (same). [Dkt. 2-1 at 12-13.]

21.     In deposition, Counter-Defendant Robinson has testified that obtaining cross-sex surgery "would be a different lawsuit," that approximately half of the class members "would ideally love to have" surgery, and that "they would have to file a separate lawsuit asking for what they want."

22.     The Court itself has recognized that damages and surgery remain on the table for Counter-Defendants. [Dkt. 58 at 21-22] ("'the general rule is that a class action suit seeking only declaratory relief does not bar subsequent individual damage claims by class members, even if based on the same events'") (quoting *Hiser v. Franklin*, 94 F.3d 1287, 1291 (9th Cir. 1996); ("Defendants note that there are likely class members who will want to pursue sex-change surgery at some point in the future. But because the class here seeks systemic relief, if an individual Idaho inmate wants to seek individual injunctive relief from the Surgery Provision at some future point, this class action will not bar the inmate from doing so.") (citations omitted).

23.     In the interest of preventing gamesmanship and promoting judicial economy through a single proceeding adjudicating the validity of the statute in question, Counterclaimants seek declaratory relief in this Counterclaim that enforcement of I.C. § 18-8901 does not violate the federal constitution in precluding cross-sex surgery as well as cross-sex hormones and that Counter-Defendants would not be entitled to damages for enforcement of the statute.

## FIRST CLAIM FOR RELIEF

**Declaratory Judgment of § 18-8901's Enforceability as to Cross-Sex Surgery (Eighth Amendment; 28 U.S.C. § 2201)**

24.    Counterclaimants re-allege and incorporate by reference the previous allegations of this Counterclaim.

25.    Counterclaimants bring this claim under 28 U.S.C. § 2201.

26.    As set forth in its statement of purpose, I.C. § 18-8901 was enacted to serve legitimate State interests in (a) protecting its adult and minor citizens from purported medical treatment that carries substantial risks and has known harmful effects, including irreversible physical alterations and, in some cases, sterility and lifelong sexual dysfunction, and (b) preventing the use of State taxpayers' funds from subsidizing such treatment.

27.    Enforcing I.C. § 18-8901's prohibition of state-paid cross-sex surgery does not unlawfully deny or abridge Counter-Defendants' rights under the Eighth Amendment.

## SECOND CLAIM FOR RELIEF

**Declaratory Judgment of Non-Liability for Damages (Eighth Amendment; 28 U.S.C. § 2201)**

28.    Counterclaimants re-allege and incorporate by reference the previous allegations of this Counterclaim.

29.    Counterclaimants bring this claim under 28 U.S.C. § 2201.

30.     Enforcing I.C. § 18-8901 does not unlawfully deny or abridge Counter-Defendants' rights under the Eighth Amendment and therefore does not give rise to liability for damages against Counterclaimants in their individual capacities.

### PRAYER FOR RELIEF

**WHEREFORE**, Counterclaimants request that the Court grant the following relief:

A.     Declaratory relief from the Court that enforcement of I.C. § 18-8901's preclusion of state-paid cross-sex surgery does not unlawfully deny or abridge Counter-Defendants' rights under the Eighth Amendment;

B.     Declaratory relief from the Court that enforcement of I.C. § 18-8901 does not unlawfully deny or abridge Counter-Defendants' rights under the Eighth Amendment and therefore does not give rise to liability for damages;

C.     An award of attorney fees pursuant to 42 U.S.C. § 1988(b) and other applicable law; and

D.     Such other relief as the Court deems appropriate.


DATED: January 21, 2025


STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By:    _/s/ James J. Simeri_____
JAMES J. SIMERI
Deputy Attorney General

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 21, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Paul Carlos Southwick
psouthwick@acluidaho.org

Emily Myrei Croston
ecroston@acluidaho.org

Malita Picasso
mpicasso@aclu.org

Chase B. Strangio
cstrangio@aclu.org

Leslie Cooper
lcooper@aclu.org

*Attorneys for Plaintiffs*

Christina M. Hesse
cmh@dukeevett.com

Michael J. Bentley
mbentley@bentley.com

*Attorneys for Defendants Centurion of Idaho, LLC and Centurion, LLC*

/s/ *James J. Simeri*
JAMES J. SIMERI