RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

JAMES J. SIMERI, ISB #12332
GREGORY E. WOODARD, ISB #11329
MATTHEW L. MAURER, ISB #12575
DAVID J. MYERS, ISB #6528
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
james.craig@ag.idaho.gov
james.simeri@ag.idaho.gov
greg.woodard@ag.idaho.gov
matthew.maurer@ag.idaho.gov
david.myers@ag.idaho.gov

*Attorneys for State Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBINSON, *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho; *et al.*<br><br>*Defendants.* | Case No. 1:24-cv-00306-DCN<br><br>**RESPONSE TO PLAINTIFFS' MOTION FOR FOURTH PRELIMINARY INJUNCTION [DKT. 134]** |

Under established precedent, it can be cruel and unusual punishment to deny essential medical care to an inmate. But that does not mean prisons must provide whatever care an inmate wants. Rather, the Eighth Amendment "proscribes only medical care so unconscionable as to fall below society's minimum standards of decency." *Gibson v. Collier*, 920 F.3d 212, 216 (5th Cir. 2019) (quoting *Kosilek v. Spencer*, 774 F.3d 63, 96 (1st Cir. 2014); *accord, e.g., Lamb v. Norwood*, 899 F.3d 1159, 1162 (10th Cir. 2018) ("We have consistently held that prison officials do not act with deliberate indifference when they provide medical treatment even if it is subpar or different from what the inmate wants.").

Plaintiffs have again asked this Court to enjoin enforcement of Idaho Code § 18-8901, arguing that the statute violates the Eighth Amendment prohibition on cruel and unusual punishment by denying them medically necessary care. Plaintiffs demand to be given cross-sex hormones despite the significant medical debate as to the safety and effectiveness of those hormones. *See* Memo in Opposition to TRO/PI, Dkt. 24 at 3. These medical risks and uncertainties are exactly what prompted the Idaho legislature to enact § 18-8901. H.B. 668, Section 1, Second Reg. Sess. 2024. State Defendants contend that this legislative act was proper and surely within the broad range of legislative options to deal with areas "fraught with medical and scientific uncertainties." *Gonzales v. Carhart*, 550 U.S. 124, 163 (2007).

State Defendants therefore oppose Plaintiffs' renewed request to countermand the reasoned judgment of Idaho's legislature. To avoid repetition, State Defendants incorporate here their arguments opposing the previous injunctions.

DATED: May 19, 2025

        STATE OF IDAHO
        OFFICE OF THE ATTORNEY GENERAL

        By:  /s/ *Matthew L. Maurer*
             MATTHEW L. MAURER
             Deputy Attorney General

## CERTIFICATE OF SERVICE

I certify that on May 19, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Paul Carlos Southwick
psouthwick@acluidaho.org

Emily Myrei Croston
ecroston@acluidaho.org

Malita Picasso
mpicasso@aclu.org

Chase B. Strangio
cstrangio@aclu.org

Leslie J. Cooper
lcooper@aclu.org

Alexandra Johnson
a.johnson@aclu.org

Carlisle S. Pearson
pearsoncs@ballardspahr.com

Harlan T. Mechling
mechlingh@ballardspahr.com

Nicholas J.H. Mercado
mercadon@ballardspahr.com

Pilar C. French
frenchp@lanepowell.com

*Attorneys for Plaintiffs*

Christina M. Hesse
cmh@dukeevett.com

Michael J. Bentley
mbentley@bentley.com

*Attorneys for Defendants Centurion of Idaho, LLC and Centurion Health*

/s/ *Matthew L. Maurer*
MATTHEW L. MAURER

RESPONSE TO PLAINTIFFS' MOTION FOR FOURTH PRELIMINARY INJUNCTION [DKT. 134] —3