Paul Carlos Southwick (ISB No. 12439)
Emily Myrei Croston (ISB No. 12389)
ACLU of Idaho Foundation
P.O. Box 1897
Boise, ID 83701
Tel: (208) 344-9750
psouthwick@acluidaho.org
ecroston@acluidaho.org

Chase B. Strangio*
Malita Picasso*
Leslie Cooper*
Alexandra R. Johnson*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
cstrangio@aclu.org
mpicasso@aclu.org
lcooper@aclu.org
a.johnson@aclu.org

Pilar C. French*
Harlan Mechling*
Carlisle S. Pearson*
Nicholas J.H. Mercado*
BALLARD SPAHR LLP
601 S.W. Second Avenue, Suite 2100
Portland, OR 97204
Tel: (503) 778-2100
frenchp@ballardspahr.com
mechlingh@ballardspahr.com
pearsoncs@ballardspahr.com
mercadon@ballardspahr.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **KATIE ROBINSON**, et al.,<br>*Plaintiffs*,<br>v.<br>**RAÚL LABRADOR**, et al.,<br>*Defendants*. | Case No. 1:24-cv-00306-DCN<br>**PLAINTIFFS' REPLY ISO MOTION FOR FOURTH PRELIMINARY INJUNCTION** |

      The Court is authorized to issue a fourth preliminary injunction that parallels the injunctions it issued on September 3, 2024, Dkt. 58, December 3, 2024, Dkt. 96, and March 3,

2025, Dkt. 120. None of the material facts have changed for the purpose of determining whether another preliminary injunction is warranted, just as was true when this Court issued the second and third preliminary injunctions in this case.

Defendants' only response to Plaintiffs' motion for a fourth preliminary injunction is to suggest—without any evidentiary support—that hormone therapy to treat gender dysphoria is not "essential medical care" for purposes of the Eighth Amendment because, they assert, there is "significant medical debate as to the safety and effectiveness of these hormones." Dkt. 135 at 2. There is no such debate within the medical field, and Defendants' response offers no evidence to support this assertion.[1] *Id.* In their first request for a preliminary injunction, which this Court granted, Dkt. 58, Plaintiffs submitted substantial evidence that this treatment is well-accepted in the medical field, *see* Dkt. 2-1 at 7-10, including the fact that this treatment is supported by every major medical association in the United States, *see* Dkt. 2-5 at 10-11.

Moreover, since that first preliminary injunction, Plaintiffs have introduced additional evidence that this care is essential, *see* Dkts. 114-5, 114-6, 114-7—which the Court has credited, *see* Dkt. 120 at 7. In contrast, Defendants still have not provided any evidence to the contrary. *See id.* at 6 ("State Defendants have provided no new evidence since the Court issued the last preliminary injunction regarding the question of the medical necessity of gender-affirming care."). Defendants' latest response similarly lacks any evidential support. *See* Dkt. 135.

---

[1] Defendants' citation to Dkt. 24 does not offer any evidence of the "significant medical debate" they claim exists. *See* Dkt. 135 at 2. Indeed, their own experts have supported the proscribed treatment in prior testimony. *See* Dkt. 25 at 3-4. In fact, despite financial barriers posed by the law, this treatment remains legally available to all nonincarcerated adults in Idaho. *Cf. Colwell v. Bannister*, 763 F.3d 1060, 1063 (9th Cir. 2014) (holding that a blanket policy denying medically indicated treatment solely because an individual is incarcerated "is the paradigm of deliberate indifference").

In any case, any uncertainty on the question of hormone therapy's necessity would counsel in favor of, not against, another preliminary injunction. This question is a serious one going to the merits of the case—meeting the first prong of the preliminary injunction test. *See* Dkt. 96 at 9 ("Until the parties present the Court with more definitive evidence one way or another as to the medical necessity of hormone therapy to individuals with gender dysphoria, there continues to be a serious question as to the merits of this case, and this factor weighs in favor of granting another preliminary injunction."); *see also* Dkt. 58 at 9 (similar); Dkt. 120 at 7 (similar). The Court has previously found that the "period of 'deliberative investigation'" on this question—in which this case remains—"weighs in favor of another preliminary injunction" and it should find as much again here. *Id.*

Defendants also "incorporate here their arguments opposing the previous injunctions." Dkt. 135 at 2. Plaintiffs thus incorporate their responses to said arguments. *See* Dkt. 25, Dkt. 90, Dkt. 118.

## CONCLUSION

Plaintiffs respectfully request that the Court issue a fourth preliminary injunction prior to the third preliminary injunction's expiration on June 2, 2025.

Dated: May 26, 2025                                    Respectfully submitted,

/s/ *Emily Myrei Croston*
Emily Myrei Croston (ISB No. 12389)
ACLU of Idaho Foundation