UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COLE ROBINSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RAUL LABRADOR, et al., <br><br> Defendants. | Case No. 1:24-cv-00306-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Before the Court is Plaintiffs' fourth Motion for Preliminary Injunction. Dkt. 134. The Motion seeks the same relief as the Court's previously-issued preliminary injunctions (Dkts. 58; 95; 120), the latter of which is set to expire on June 2, 2025. State Defendants[1] opposed the Motion (Dkt. 135), and Plaintiffs replied (Dkt. 136). Because oral argument would not significantly aid its decision-making process, the Court will decide the motion on the briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon consideration, and for the reasons set forth below, the Motion for Preliminary Injunction is GRANTED.

---

[1] The Court will use the term "State Defendants" to refer to defendants Raul Labrador in his official capacity as Attorney General of the State of Idaho, Josh Tewalt in his official capacity as the Director of the Idaho Department of Corrections, Brad Little in his official capacity as Governor of the State of Idaho, and Bree Derrick in her official capacity as the Deputy Director of the Idaho Department of Corrections. Defendants Centurion Health and Centurion of Idaho, LLC (together, "Centurion") are private healthcare organizations that contract with the Idaho Department of Corrections to provide medical care for prisoners in state custody. Centurion did not oppose Plaintiffs' Motion.

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

The Court has set forth the background of this case extensively in its previous Orders granting Plaintiffs' preliminary injunctions. It incorporates those facts by reference but will provide a brief summary of the case here. Katie Heredia and Rose Mills[2] are challenging Idaho Code § 18-8901 (the "Act"), which took effect on July 1, 2024. The Act prohibits the use of public funds for medical interventions—surgical or otherwise—that "alter[] the appearance of an individual in order to affirm the individual's perception of the individual's sex in a way that is inconsistent with the individual's biological sex[.]" *Id.* at § 18-8901(2).

Heredia and Mills argue the Act denies them and other similarly situated inmates necessary medical treatment in violation of the Eighth Amendment and 42 U.S.C. § 1983. Dkt. 1, at 18–20. In its original order granting Plaintiffs' first preliminary injunction, the Court certified the proposed class and enjoined enforcement of the Act as it applied to the use of state funds for providing hormone therapy to class members while the lawsuit was pending. Dkt. 58, at 28. However, there is a 90-day automatic expiration of preliminary injunctions in cases such as these set forth in 18 U.S.C. § 3626(a)(2). Thus, Plaintiffs have filed a new motion for a preliminary injunction every three months since the issuance of the first preliminary injunction (Dkts. 80, 113, 134), and the Court has issued subsequent injunctions every 90 days under 18 U.S.C. § 3626(a)(2) upon a showing by Plaintiffs that preliminary relief is still warranted.

---

[2] Katie Heredia's legal name is Cole Robinson, and Rose Mills' legal name is Brody Mills. At times, Katie Heredia has been referred to as Katie Robinson. The Court will use Heredia and Mills' preferred names throughout this Order.

MEMORANDUM DECISION AND ORDER - 2

The third preliminary injunction is now set to expire on June 2, 2025. Accordingly, the Court must once again analyze whether Plaintiffs have met their burden of showing continuing preliminary relief is warranted. State Defendants once again oppose Plaintiffs' Motion for Preliminary Injunction (Dkt. 135), but their opposition again only incorporates their previous arguments and asserts the medical debate as to the safety and effectiveness of hormone therapy justifies the use of legislative power to deal with an area of medical and scientific uncertainty.

## III. LEGAL STANDARDS

### A. 18 U.S.C. § 3626(a)(2)

Under the Prison Litigation Reform Act ("PLRA"), when a court enters a preliminary injunction in a civil action with respect to prison conditions, the injunction will automatically expire 90 days after its entry unless the court enters a final injunctive order finding "such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation" before the 90 days expires. 18 U.S.C. § 3626(a)(2).

The Ninth Circuit has held that entering a second preliminary injunction after the first one has expired does not violate the PLRA. *Mayweathers v. Newland*, 258 F.3d 930, 936 (9th Cir. 2001). It has also held that "§ 3626(a)(2) provides no way to *extend* a preliminary injunction other than making the injunctive relief final." *Ahlman v. Barnes*, 20 F.4th 489, 494 (9th Cir. 2021). Reading these two cases together, the Court can enter a successive preliminary injunction, but it cannot extend its initial order without making it final after reaching the requisite findings. Plaintiffs still have the burden of proof as to

whether preliminary relief is warranted. *Mayweathers*, 258 F.3d at 936.

### B. Preliminary Injunction

The standard for issuing a preliminary injunction remains the same as it was for the Court's three previously-issued orders. To qualify, plaintiffs must show "(1) they are likely to prevail on the merits of their substantive claims, (2) they are likely to suffer imminent, irreparable harm absent an injunction, (3) the balance of equities favors an injunction, and (4) an injunction is in the public interest." *Alliance for the Wild Rockies v. Petrick*, 68 F.4th 475, 490 (9th Cir. 2023) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22–23 (2008).

The Ninth Circuit has further instructed district courts to evaluate these factors "on a sliding scale, such that a stronger showing of one element may offset a weaker showing of another." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. Of Educ.*, 82 F.4th 664, 684 (9th Cir. 2023) (cleaned up). This approach permits the imposition of a preliminary injunction where a plaintiff shows only "serious questions going to the merits"—and not a likelihood of success on the merits—as long as the hardship balance "tips sharply" in the plaintiff's favor, and the other *Winter* factors are met. *Alliance for the Wild Rockies*, 68 F.4th at 490–91. The serious-questions standard is satisfied where a plaintiff raises questions "that cannot be resolved one way or the other at the hearing on the injunction because they require more deliberative investigation." *Id.* at 497 (cleaned up); *see also Fellowship of Christian Athletes*, 82 F.4th at 684 (explaining a showing of "serious questions" is "a lesser showing than likelihood of success"). Additionally, when "the government opposes a preliminary injunction, the third and fourth factors merge into

MEMORANDUM DECISION AND ORDER - 4

one inquiry." *Poretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021).

Finally, under the PLRA, "preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). This is referred to as the needs-narrowness-intrusiveness requirement.

## IV. DISCUSSION

### A. Preliminary Injunction

The Court will once again briefly take up each factor of the preliminary injunction test in turn, followed by the needs-narrowness-intrusiveness requirement under the PLRA. Because the parties have provided largely the same information as before and rested on the arguments made in their previous briefing, the Court's analysis will remain largely the same.

#### 1. *Serious Question Going to the Merits*

State Defendants have once again reiterated the "significant medical debate as to the safety and effectiveness of [] hormones" to argue the legislature acted properly in this case. Dkt. 135, at 2. However, as before, this does not constitute evidence resolving the question of the medical necessity of gender-affirming care.

There have been some recent developments in the context of an Executive Order barring gender-affirming hormone therapy for inmates in federal custody. In one case, a federal district court granted a preliminary injunction against enforcement of the Executive Order, necessarily finding a likelihood of success on the merits that a blanket ban on treatment violates the Eighth Amendment in that case. *Doe v. McHenry*, 763 F. Supp. 3d

81, 88–89 (D.D.C. Feb. 4, 2025). Again, while interesting, this interlocutory decision by a fellow district court is not a final adjudication on the merits in that case, is in the context of federal incarceration versus state incarceration, and has limited weight in the instant case. In other words, the question of the medical necessity of gender-affirming care remains.

Ultimately, as before, this case remains in a period of "deliberative investigation" that will precede the presentation of evidence from both parties which will, ideally, help the factfinder answer the ultimate questions in this case. The Court has no new evidence that circumstances have changed since its prior order, and the Court's previous reasons for concluding Plaintiffs have demonstrated a serious question as to the merits still stands. Thus, the Court incorporates its reasoning from its previously-issued decisions regarding this matter (Dkts. 58, at 5–9; 95, at 8–9; 120, at 6–7) and finds this factor weighs in favor of another preliminary injunction.

### 2. Irreparable Harm

Neither party presented new arguments in regard to the irreparable harm they might face if another preliminary injunction does not issue. However, the Court continues to reference its reasoning in prior orders. The public does have an interest in having duly enacted laws enforced. *See* Dkt. 58, at 11. In the alternative, Mills and Heredia face severe psychological repercussions if their medication is discontinued, which qualifies as irreparable harm. *See Chalk v. U.S. Dist. Court Cent. Dist. Of Cal.*, 840 F.2d 701, 709 (9th Cir. 1988). When considering the competition between protecting the public from a constitutional violation and the public's right to have laws enforced, the two considerations

weigh against one another, but as the Court has noted previously, it will err on the side of avoiding constitutional impingement. As such, the Plaintiffs more individual susceptibility to irreparable harm tips the scales in their favor.

### 3. Balance of Equities/Public Interest

Much as before, both these factors weigh in favor of Plaintiffs. State Defendants have not raised any new arguments to counter the Court's reasoning in prior orders, and Plaintiffs effectively argue the same reasoning is still pertinent. State Defendants remain silent on the potential burden of continuing to provide hormone therapy to the named Plaintiffs and the class members during the pendency of this case. The balance of hardships weighs in favor of Plaintiffs. And as already addressed, the Court will continue to steer clear of potential constitutional impingement and the public interest weighs in favor of Plaintiffs.

### 4. Needs-Narrowness-Intrusiveness Requirement

Because the Court will not be altering the terms of the prior preliminary injunction, it finds the additional requirements imposed by 18 U.S.C. § 3626(a)(2) continue to be met. The scope of the preliminary injunction continues to only enjoin the enforcement of the Act as it applies to class members receiving hormone therapy. *See* Dkt. 2, at 2. The injunction remains narrowly drawn to only a small group of affected individuals receiving one type of gender-affirming treatment. It extends no further than necessary because it protects only those individuals who would have otherwise been eligible for hormone therapy under IDOC's previous policies, which, in turn, maintains the status quo and ensures no violation

MEMORANDUM DECISION AND ORDER - 7

of class members' Eight Amendment rights pending a final decision on the merits.[3]

Finally, the injunction continues to be the least intrusive means necessary to protect the class members' rights because it does not impose any burdens on prison operations beyond what IDOC had already self-imposed prior to the Act. *See Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1071 (9th Cir. 2010) ("What is important, and what the PLRA requires, is a finding that . . . the 'relief' . . . corrects the violations of the prisoners' rights with [as minimal of an impact as] possible on [a prison's] discretion over their policies and procedures."). Therefore, this preliminary injunction satisfies the needs-narrowness-intrusiveness requirement of the PLRA and can properly be issued.

## V. CONCLUSION

Plaintiffs have again made the requisite showing that a preliminary injunction continues to be appropriate in this case. The injunction complies with the needs-narrowness-intrusiveness requirement of the PLRA. Accordingly, the Court orders a fourth preliminary injunction against enforcement of the Act as described herein.

## VI. ORDER

The Court **HEREBY ORDERS**:

1. Plaintiffs' fourth Motion for Preliminary Injunction (Dkt. 134) is **GRANTED**.

2. The Court enjoins enforcement of Idaho Code § 18-8901's prohibition on the use of state funds for purposes of providing hormone therapy as against the class for

---

[3] The Court once again emphasizes this Order *is not* a final decision. It remains to be seen whether the disputed sections of Idaho Code § 18-8901 are constitutional. This Order simply allows the class members to continue to receive medication until the Court can make a final, informed decision in this case.

the next 90 days.[4]

DATED: May 30, 2025

_____
David C. Nye
Chief U.S. District Court Judge

---

[4] This injunction takes effect on June 3, 2025, after the expiration of the second injunction on June 2, 2025.

MEMORANDUM DECISION AND ORDER - 9