RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

JAMES J. SIMERI, ISB #12332
GREGORY E. WOODARD, ISB #11329
MATTHEW L. MAURER, ISB #12575
DAVID J. MYERS, ISB #6528
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
james.craig@ag.idaho.gov
james.simeri@ag.idaho.gov
greg.woodard@ag.idaho.gov
matthew.maurer@ag.idaho.gov
david.myers@ag.idaho.gov

*Attorneys for State Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBINSON, *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho; *et al.* <br><br> *Defendants.* | Case No. 1:24-cv-00306-DCN <br><br> **RESPONSE TO PLAINTIFFS' MOTION FOR FIFTH PRELIMINARY INJUNCTION [DKT. 143]** |

Plaintiffs[1] demand, once more, to be given cross-sex hormones, in contravention of state law. According to Plaintiffs, these hormones are "medically necessary" to treat inmates with gender dysphoria. Dkt. 143-1 at 2. In effect, Plaintiffs argue that "incarcerated prisoners [are] constitutionally entitled to medical care, at taxpayer expense, that many private citizens can't get." *See Hoffer v. Sec'y, Fla. Dep't of Corr.,* 973 F.3d 1263, 1277 (11th Cir. 2020) (vacating district court's injunction where lower court mistakenly substituted a "best obtainable" standard for the Eighth Amendment's "minimally adequate medical care" standard).

Indeed, Plaintiffs' invocation of "medical necessity" has become increasingly untenable as it relates to gender dysphoria treatments, as one Supreme Court Justice has noted: "States might reasonably question whether [cross-sex hormones] are "medically necessary," as the supposed experts in the field have adopted an exceptionally broad understanding of that concept." *United States v. Skrmetti*, 145 S. Ct. 1816, 1844 n.5 (2025) (Thomas, J., concurring) (noting WPATH's official position that castration is "medically necessary" for male who identified as a eunuch even without finding a recognized mental health condition or high risk of self-castration).

For its part, this Court has rightly been circumspect, noting that "the question of the medical necessity of gender-affirming care remains." Dkt. 137 at 6. In fact, the

---

[1] Between the time Plaintiffs filed their motion and this response, Plaintiff Mills was released from Idaho Department of Correction custody, and is no longer a proper plaintiff in this case:

| IDOC Number | Last Name | First | Middle Name | Birth Year | Status |
|---|---|---|---|---|---|
| 128174 | Mills | Brody | Cruise | 1989 | Discharged 08/15/2025* |

Some individuals may have more than one IDOC number.
*Only names appear for those who have served time and satisfied their sentence; their convictions do not.

Court has very recently observed that transgender care, far from being "well-established" [Ettner Decl., Dkt. 2-5 at ¶ 38] is "quite frankly, still under review and scrutiny." *Dana v. Campbell*, No. 1:18-CV-00298-DCN, 2025 WL 1827042, at *7 (D. Idaho July 1, 2025).

State Defendants therefore oppose Plaintiffs' renewed request to enjoin the enforcement of Idaho Code § 18-8901. Contrary to Plaintiffs' assertion, the "material facts" have indeed changed. The entire foundation for Plaintiffs' claim—whether cross-sex hormones are "medically necessary"—has crumbled and will continue to crumble under further scrutiny. To avoid repetition, State Defendants incorporate here their arguments opposing the previous injunctions.

DATED: August 20, 2025

        STATE OF IDAHO
        OFFICE OF THE ATTORNEY GENERAL


By:   /s/ *Matthew L. Maurer*
      MATTHEW L. MAURER
      Deputy Attorney General

## **CERTIFICATE OF SERVICE**

  I certify that on August 20, 2025, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Paul Carlos Southwick
psouthwick@acluidaho.org

Emily Myrei Croston
ecroston@acluidaho.org

Malita Picasso
mpicasso@aclu.org

Chase B. Strangio
cstrangio@aclu.org

Leslie J. Cooper
lcooper@aclu.org

Alexandra Johnson
a.johnson@aclu.org

Carlisle S. Pearson
pearsoncs@ballardspahr.com

Harlan T. Mechling
mechlingh@ballardspahr.com

Nicholas J.H. Mercado
mercadon@ballardspahr.com

Pilar C. French
frenchp@lanepowell.com

*Attorneys for Plaintiffs*

Christina M. Hesse
cmh@dukeevett.com

Michael J. Bentley
mbentley@bentley.com

*Attorneys for Defendants Centurion of Idaho, LLC and Centurion Health*

      /s/ *Matthew L. Maurer*
      MATTHEW L. MAURER

RESPONSE TO PLAINTIFFS' MOTION FOR FIFTH
PRELIMINARY INJUNCTION [DKT. 143]—3