| | |
|---|---|
| Paul Carlos Southwick (ISB No. 12439) | Pilar C. French* |
| Emily Myrei Croston (ISB No. 12389) | Harlan Mechling* |
| ACLU of Idaho Foundation | Carlisle S. Pearson* |
| P.O. Box 1897 | Nicholas J.H. Mercado* |
| Boise, ID 83701 | Antonia Gales* |
| Tel: (208) 344-9750 | BALLARD SPAHR LLP |
| psouthwick@acluidaho.org | 601 S.W. Second Avenue, Suite 2100 |
| ecroston@acluidaho.org | Portland, OR 97204 |
| | Tel: (503) 778-2100 |
| Chase B. Strangio* | frenchp@ballardspahr.com |
| Malita Picasso* | mechlingh@ballardspahr.com |
| Leslie Cooper* | pearsoncs@ballardspahr.com |
| Alexandra R. Johnson* | mercadon@ballardspahr.com |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION | galesa@ballardspahr.com |
| 125 Broad St. | |
| New York, NY 10004 | |
| Tel: (212) 549-2584 | |
| cstrangio@aclu.org | |
| mpicasso@aclu.org | |
| lcooper@aclu.org | |
| a.johnson@aclu.org | |

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **KATIE ROBINSON,** et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> **RAÚL LABRADOR**, et al., <br><br> *Defendants*. | Case No. 1:24-cv-00306-DCN <br><br> **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND CLASS ACTION COMPLAINT** |

    Plaintiffs move for leave to file this Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2). This second amendment is filed to reflect the withdrawal of Rose Mills as a class representative due to her release from incarceration (*see* dkts. 149, 150) and the addition of Izaiha Singer as a class representative. Defense Counsel for State Defendants and Centurion have

1

expressed that they are not opposed to Plaintiffs filing this amendment, though they do not thereby admit to the allegations contained therein.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15's policy in favor of amendments "should be applied with 'extreme liberality.'" *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (*quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Leave to amend "should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Don v. Unum Grp.*, 2015 WL 12912322, at *1 (C.D. Cal. Mar. 26, 2015) (*quoting Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) (internal quotation marks omitted)); *see also Foman*, 371 U.S. at 182 (identifying these factors). The non-moving party bears the burden of establishing why the motion should not be granted. *See Senza–Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986) (applying Ninth Circuit law).

Further, Rose Mills was released from incarceration—mooting her claims—in August of 2025, therefore there has been no undue delay in submitting this motion. Plaintiffs seek only to substitute a new class representative, given the mooting of Mills's claims; there is no bad faith.

Leave to amend to add new class representatives is commonly granted and such an amendment would not be futile. See, e.g., Ferguson v. Randy's Trucking, Inc., No. 1:15-CV-00697-JLT, 2015 WL 5895736, at *1 (E.D. Cal. Oct. 6, 2015) (granting leave to amend the complaint to add class representatives); Borelli v. Black Diamond Aggregates, Inc., 2015 U.S. Dist. LEXIS 118604 at *5–6, 2015 WL 5178429 (E.D. Cal. Sept. 4, 2015) (same); Don v. Unum Grp., No. CV134502DSFVBKX, 2015 WL 12912322, at *2 (C.D. Cal. Mar. 26, 2015) (same); *see also Silva v. Vowell*, 621 F.2d 640, 650 (5th Cir. 1980) ("Once the [named plaintiffs'] challenge became

moot and put the named plaintiffs' standing in question, the plaintiffs and the judge should have realized that intervention by another named plaintiff was appropriate"; case remanded to district court to allow "an appropriate named plaintiff [to] intervene."), *cert. denied*, 449 U.S. 1125, 101 S. Ct. 941 (1981); *Rivers v. Califano*, 86 F.R.D. 41, 45–46 (S.D.N.Y.1980) (permitting intervention of new plaintiffs with live claims, and granting class certification); § 2:8. Standing of class representative—Implications of lack of individual standing, 1 Newberg and Rubenstein on Class Actions § 2:8 (6th ed.) ("Substitution among class representatives is otherwise allowed so long as there are several and at least one has standing throughout the case.").

Finally, there is no prejudice to Defendants as the substitution of a new class representative from among the absent class members presents little to no need for further discovery or costs. As plaintiffs have repeatedly noted, the focus of this case is the medical necessity of gender affirming hormone therapy, not the treatment of any individual class member. As such, the addition of Mr. Singer as a class representative does not change the discovery needs of the case in any significant or prejudicial manner.

As such, the court should grant Plaintiffs leave to amend the complaint.

///
September 23, 2025

                                          Respectfully submitted,

                                        /s/ Emily Myrei Croston

                                        Attorney for Plaintiffs