RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

JAMES J. SIMERI, ISB #12332
GREGORY E. WOODARD, ISB #11329
MATTHEW L. MAURER, ISB #12575
DAVID J. MYERS, ISB #6528
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
james.craig@ag.idaho.gov
james.simeri@ag.idaho.gov
greg.woodard@ag.idaho.gov
matthew.maurer@ag.idaho.gov
david.myers@ag.idaho.gov

*Attorneys for State Defendants*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBINSON, *et al.* *Plaintiffs,* v. RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho; *et al.*, *Defendants.* | Case No. 1:24-cv-00306-DCN **DECLARATION OF MATTHEW MAURER IN OPPOSITION TO PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS AND TO COMPEL THE PRODUCTION OF CELL PHONE DATA [DKT. 153]** |

I, Matthew L. Maurer, hereby declare and swear as follows:

1. I am over the age of 18 and competent to testify under oath.

DECLARATION OF MATTHEW MAURER — 1

2. I am employed by the Idaho Office of the Attorney General.

3. I am counsel for State Defendants in this lawsuit.

4. In early September 2024, the parties held a Rule 26(f) conference to discuss discovery planning for this case. During these initial discussions, the parties were in agreement that cell phone records were not relevant in this case. Accordingly, following the conference the parties agreed on a discovery plan in October 2024 that specifically excluded cell phone data from the list of ESI to be preserved. Dkt. 78.

5. In February of 2025, the parties discussed altering the litigation plan to extend litigation deadlines. During these discussions, Plaintiffs also requested an alteration of the discovery plan to include cell phone records on the list of ESI to be preserved. After confirming that this request for preservation applied only to named defendants Josh Tewalt and Bree Derrick and that the preservation only applied from that point going forward, not retroactively, Defendants agreed to this request. However, at no point did Defendants agree that cell phone records were relevant or discoverable. A true and correct copy of email correspondence with Harlan Mechling regarding cell phone preservation dated April 11, 2025, is attached as **Exhibit A.**

6. In April of 2025, the parties held a discovery meeting wherein Plaintiffs requested that Defendants "locate and produce Josh Tewalt's phone records and other ESI." **Ex. A.** In response, State Defendants reiterated their agreement to preserve cell phone records as of the dates of the amended discovery plan, but not retroactively. After State Defendants objected to the production of cell

DECLARATION OF MATTHEW MAURER — 2

phone records, the parties mediated this dispute with the Court's clerk. The clerk agreed that the personal cell phone records of IDOC employees, as a general matter, were not relevant to this case. She also advised against pursuing a fishing expedition into those records.

7. In May of 2025, Plaintiffs sought discovery on discovery from Defendants, noticing a Rule 30(b)(6) deposition and serving written discovery requesting information regarding the preservation and retention of documents. Defendants opposed these attempts to conduct discovery on discovery, and the parties mediated the issue with the Court's clerk in June 2025. The clerk advised against a "discovery on discovery" deposition. The parties agreed on a plan to address the discovery issues between them. This plan did not involve any agreement by State Defendants to provide discovery on discovery through written discovery responses. A true and correct copy of email correspondence summarizing the discovery mediation, dated June 20, 2025, is attached as **Exhibit B.**

8. On July 30, 2025, the parties held a weekly discovery conferral wherein Plaintiffs indicated they were planning to subpoena Josh Tewalt's personal cell phone records. State Defendants responded by informing Plaintiffs they would attempt to block any attempts to subpoena those records and file a protective order. Defendants have never suggested that Plaintiffs subpoena cell phone carriers to obtain the personal cell phone records of Josh Tewalt. A true and correct copy of email correspondence with Harlan Mechling regarding State Defendants intent to

block any attempts to subpoena cell phone records, dated August 4, 2025, is attached as **Exhibit C.**

DATED: September 26, 2025.

>STATE OF IDAHO
>OFFICE OF THE ATTORNEY GENERAL
>
>By:  /s/ *Matthew L. Maurer*
>          MATTHEW L. MAURER
>          Deputy Attorney General
>
>*Attorney for State Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on September 26, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Paul Carlos Southwick
psouthwick@acluidaho.org

Emily Myrei Croston
ecroston@acluidaho.org

Malita Picasso
mpicasso@aclu.org

Chase B. Strangio
cstrangio@aclu.org

Leslie J. Cooper
lcooper@aclu.org

Alexandra Johnson
a.johnson@aclu.org

Carlisle S. Pearson
pearsoncs@ballardspahr.com

Harlan T. Mechling
mechlingh@ballardspahr.com

Nicholas J.H. Mercado
mercadon@ballardspahr.com

Pilar C. French
frenchp@lanepowell.com

*Attorneys for Plaintiff*

Christina M. Hesse
cmh@dukeevett.com

Michael J. Bentley
mbentley@bentley.com

*Attorneys for Defendants Centurion of Idaho, LLC and Centurion Health*

/s/ *Matthew L. Maurer*
MATTHEW L. MAURER