Paul Southwick, ISB No. 12439
psouthwick@acluidaho.org
Emily Croston, ISB No. 12389
ecroston@acluidaho.org
**ACLU OF IDAHO FOUNDATION**
P.O. Box 1897
Boise, ID 83701
Telephone: 208.344.9750

Pilar C. French, *(pro hac vice)*
frenchp@ballardspahr.com
Harlan Mechling, *(pro hac vice)*
mechlingh@ballardspahr.com
Carlisle S. Pearson, *(pro hac vice)*
pearsoncs@ballardspahr.com
Antonia Gales, *(pro hac vice)*
galesa@ballardspahr.com
Chloe Nakaya, *(pro hac vice pending)*
nakayac@ballardspahr.com
**BALLARD SPAHR LLP**
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone: 503.778.2100

*Attorneys for Plaintiffs (additional counsel listed in signature block)*

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| **ROBINSON**, et al.,<br><br>                          Plaintiffs,<br><br>     v.<br><br>**LABRADOR** in his official capacity as Attorney General of the State of Idaho; et al.,<br><br>                          Defendants. | Case No. 1:24-cv-00306-DCN<br><br>**PLAINTIFFS' MOTION TO STAY PROCEEDINGS, OR IN THE ALTERNATIVE, TO EXTEND DISCOVERY DEADLINES AND SCHEDULE RULE 16 CONFERENCE** |

Plaintiffs respectfully move the Court for an order (1) staying all discovery and case deadlines pending resolution of the three substantive motions currently before the Court, or, in the alternative, (2) extending all remaining deadlines by ninety (90) days and setting a Rule 16 status

#4933-4033-4197 v2

conference to discuss the anticipated timing of the Court's rulings and an appropriate case-management plan. This motion is made under Fed. R. Civ. P. 1, 16(b)(4), and 26(b)(1).

## I. CONFERRAL STATEMENT

Plaintiffs have conferred with counsel for both sets of Defendants regarding this motion. Defendants confirmed that they oppose the relief requested. (Mechling Decl. ¶ 2).

## II. BACKGROUND

The Court's July 18, 2025, Order (Dkt. 141) established the following operative deadlines:

- Close of fact discovery – January 12, 2026
- Expert reports – February 2, 2026
- Rebuttal expert reports – March 9, 2026
- Close of expert discovery – April 20, 2026
- Dispositive motions – May 11, 2026

Since entry of that order, Plaintiffs have diligently advanced discovery. (Mechling Decl. ¶ 3). Document exchange is nearly complete, but outstanding documents remain from both sets of Defendants. (*Id.*). The parties have met and conferred regularly to address production issues. (*Id.*). Eight of fifteen fact depositions are tentatively scheduled to begin the week of November 17, 2025, and going through the end of December 2025. (*Id.* ¶ 4).

Six motions—three pending at the time of the July 2025 scheduling order and three filed since—bear directly on the proper parties, claims, and scope of discovery. Unless the motions are resolved, the parties will proceed into depositions and expert discovery without clear parameters, risking duplication, inefficiency, and unnecessary disputes.

**III.   PENDING MOTIONS AFFECTING DISCOVERY**

   **A.   Motions Pending at the Time of the July 2025 Order**

The three motions pending at the time of the July 2025 order are particularly significant because they go to the core issues of which parties and claims will remain in the case. Their resolution is essential to defining the scope of discovery and deposition strategy, and the uncertainty surrounding these motions is the primary reason the parties have previously sought extensions. (Mechling Decl. ¶ 5).

   **1.   Defendant Centurion, LLC's Motion to Dismiss Amended Class Action Complaint for Declaratory and Injunctive Relief as to Centurion, LLC (Dkt. 72)**

This motion challenges whether Centurion, LLC ("Centurion") is a proper defendant. In good faith, the parties agreed that Plaintiffs would defer discovery directed to Centurion pending the Court's ruling, to conserve resources and avoid burdening a defendant that may ultimately be dismissed. (Mechling Decl. ¶ 6). If the Court determines that Centurion is a proper defendant, Plaintiffs will be entitled to a full round of discovery into Centurion's policies, communications, and witnesses—potentially requiring the reopening of depositions already taken. Resolving this motion before depositions begin will prevent that duplication and ensure discovery proceeds in a single, efficient phase.

   **2.   Governor Little and Attorney General Labrador's Motion to Dismiss Amended Complaint (Dkt. 75)**

This motion seeks dismissal of Governor Little and Attorney General Labrador from the case. If the Court denies the motion, Plaintiffs could be entitled to discovery into these officials' roles in enforcing the statute, including high-level communications and decision-making. In good faith, the parties agreed to defer discovery into these defendants, pending the Court's ruling, in order to conserve resources and avoid unnecessary burden. (Mechling Decl. ¶ 6). Without a ruling,

the parties may complete depositions of other witnesses before this discovery occurs. If the motion is denied, that subsequent discovery could reveal new information requiring those earlier depositions to be reopened—multiplying costs and inefficiencies.

### 3. Defendants Josh Tewalt and Bree Derrick's Motion to Amend Answer to Amended Class Action Complaint (Dkt. 106)

This motion seeks to amend State Defendants' Answer to add counterclaims for declaratory relief. State Defendants ask the Court to declare that enforcing Idaho Code § 18-8901's ban on state-funded, gender-affirming surgery does not violate the Eighth Amendment and that enforcement of the statute regarding gender-affirming hormones or surgery does not create liability for damages. If allowed, those counterclaims will expand the scope of discovery to include additional medical and policy evidence, require new written discovery, and necessitate supplemental expert reports. Proceeding with depositions before the Court rules risks duplicating work—witnesses may need to be recalled, and experts re-engaged to address topics that were not part of the original case.

## B. Motions Filed Since July 18, 2025

The more recently filed motions, while less urgent than the others, affect the scope and sequencing of remaining discovery. Resolving them now will prevent duplicative depositions, reduce unnecessary costs, and ensure that testimony is complete and properly focused. Prompt resolution will streamline the process and minimize avoidable disputes.

### 1. State Defendants' Motion for Protective Order (Dkt. 144)

This motion seeks a protective order governing the production and use of certain cell-phone data and third-party subpoenas. The Court's ruling will shape deposition preparation and the scope of testimony. Without that guidance, depositions are likely to be disrupted by objections and

disputes over cell-phone-related questioning, creating confusion and requiring follow-up sessions. Resolving this issue first will ensure that depositions proceed smoothly and efficiently.

> 2. **Plaintiffs' Motion for Spoliation Sanctions and to Compel the Production of Cell Phone Data (Dkt. 153)**

Plaintiffs' motion seeks sanctions and an order compelling production of cell phone data and interrogatory responses, as well as compelling depositions necessary both to address the loss of relevant information and to assess the full extent of spoliated evidence. A ruling in Plaintiffs' favor will enable critical discovery that will shape deposition topics and testimony. Conducting depositions now, without knowing whether this material will be produced, risks incomplete testimony, and would likely force the parties to recall multiple witnesses—duplicating effort, increasing costs, and burdening the Court.

> 3. **Plaintiffs' Motion to Amend Complaint Class Action Complaint (Dkt. 158)**

Plaintiffs seek to amend the complaint to add a new class representative to ensure adequate representation. State Defendants have stated that if the amendment is granted, they intend to depose the new named plaintiff. (Mechling Decl. ¶ 7). Plaintiffs do not intend to make the proposed representative available for deposition until he becomes a party, as the deposition is likely to involve deeply personal and sensitive issues. (*Id.*). A timely ruling is therefore critical to ensure that the intended sequence—granting the amendment, conducting the deposition, and then moving to substitute the class representative—can proceed smoothly and that the deposition occurs before the close of fact discovery on January 12, 2026.

## IV.    OUTSTANDING DISCOVERY

Plaintiffs continue to face significant delays in obtaining discovery from both the State Defendants and Centurion. (Mechling Decl. ¶ 8). From the State Defendants, productions remain outstanding for custodians Dagoberto Martinez and Connie Smock. (*Id.*). Plaintiffs have been

waiting for Ms. Smock's documents since January 2025 and Mr. Martinez's since June 2025, despite repeated follow-up. (*Id.*). Centurion has likewise failed to produce documents from custodians Scott Eliason, Summer Eldridge, and Natalie Snow, all of which have been outstanding since June 2025. (*Id.* ¶ 9). In addition to custodian files, Centurion has not produced several categories of documents that are essential to Plaintiffs' claims and expert analysis, including Health Services Requests (HSRs), Concern Forms, Grievances, Incident Reports, Grievance Responses, Grievance Transmittal Forms, and various reports, compilations, and spreadsheets tracking or reflecting these materials. (*Id.* ¶ 10). Plaintiffs previously identified these categories in correspondence, including an email sent in June 2025, and have repeatedly requested their production. (*Id.*).

Plaintiffs have raised these outstanding discovery issues nearly every week during the parties' weekly conferrals for the past five months. (*Id.* ¶ 11). The continued absence of these materials has materially impeded Plaintiffs' ability to complete discovery and prepare for depositions. (*Id.*).

## V.   GOOD CAUSE FOR A STAY

Good cause exists to stay proceedings under Rule 16(b)(4). Plaintiffs have been diligent in completing document discovery and preparing for depositions, but the six pending motions leave fundamental questions about the claims, parties, and permissible discovery unresolved. (*Id.* ¶¶ 3, 11). Proceeding now would risk significant duplication and inefficiency.

In addition to the uncertainty created by the pending motions, several document productions remain outstanding. Plaintiffs are still waiting on custodian files from both the State Defendants and Centurion, many of which have been pending for months despite repeated requests

and weekly conferrals. (*Id.* ¶¶ 8–10). These gaps in the record compound the risk of conducting depositions prematurely.

Without guidance from the Court's rulings and the benefit of a complete evidentiary record, Plaintiffs will be forced to conduct depositions under incomplete and uncertain conditions. The parties will have no choice but to keep those depositions open—to be reconvened later once the Court's decisions clarify which claims and evidence remain relevant and once outstanding materials are produced. If the Court later allows new issues or orders production of additional evidence, Plaintiffs must revisit witnesses with that information in hand. In a case involving up to fifteen depositions, that outcome would multiply costs, burden witnesses, and generate avoidable scheduling and motion practice.

A short stay would avoid these cascading inefficiencies. It would allow the Court to decide the pending motions first, thereby defining the scope of discovery and ensuring that each deposition proceeds only once, completely, and under settled parameters. That approach is consistent with Rule 1's directive to secure the inexpensive determination of every action and with Rule 16's emphasis on effective case management. It also conserves judicial resources by avoiding disputes over incomplete testimony, scope objections, and motions to reopen. Because document discovery is nearly complete and Plaintiffs' recurring motions for preliminary injunction will continue on schedule, a limited stay will not prejudice Defendants but will meaningfully streamline the remainder of this litigation.

## VI.    EFFECT OF STAY

The requested stay would apply only to discovery and case-management deadlines. It would not affect Plaintiffs' obligation to continue renewing their motions for preliminary

injunction every ninety (90) days under the existing framework. Those proceedings will continue unchanged.

## VII. ALTERNATIVE RELIEF: 90-DAY EXTENSION AND RULE 16 CONFERENCE

If the Court declines to stay proceedings, Plaintiffs alternatively request that all remaining deadlines be extended by ninety (90) days and that the Court hold a Rule 16 status conference to discuss the anticipated timing of the Court's rulings and to establish an appropriate case-management plan.

Proposed adjusted deadlines:

- Close of fact discovery – extend from January 12 to April 13, 2026
- Expert reports – extend from February 2 to May 4, 2026
- Rebuttal expert reports – extend from March 9 to June 8, 2026
- Close of expert discovery – extend from April 20 to July 20, 2026
- Dispositive motions – extend from May 11 to August 10, 2026

## VIII. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. Stay all proceedings and discovery deadlines pending resolution of the motions identified above; or, in the alternative,

2. Extend all remaining deadlines by ninety (90) days and set a Rule 16 conference to discuss the anticipated timing of the Court's rulings and the overall case schedule moving forward.

DATED: October 29, 2025

> By: s/Harlan Mechling
> Pilar C. French, (*pro hac vice*)
> Harlan Mechling, (*pro hac vice*)
> Carlisle S. Pearson, (*pro hac vice*)
> Antonia Gales, (*pro hac vice*)
> Chloe Nakaya, *(pro hac vice pending)*
> **BALLARD SPAHR LLP**
> 601 S.W. Second Avenue, Suite 2100

Portland, Oregon 97204
Telephone: 503.778.2100

Leslie Jill Cooper, (pro hac vice)
lcooper@aclu.org
Alexandra Johnson, (pro hac vice)
a.johnson@aclu.org
Chase Strangio, *(pro hac vice)*
cstrangio@aclu.org
Malita Vencienzo Picasso, *(pro hac vice)*
mpicasso@aclu.org
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212.549.2500

Paul Carlos Southwick
psouthwick@acluidaho.org
Emily Croston
ecroston@acluidaho.org
**ACLU OF IDAHO FOUNDATION**
P.O. Box 1897
Boise, ID 83701
Telephone: 208.344.9750

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Harlan Mechling, hereby certify that on this 29 day of October 2025, I caused a copy of the foregoing **PLAINTIFFS' MOTION TO STAY PROCEEDINGS, OR IN THE ALTERNATIVE, TO EXTEND DISCOVERY DEADLINES AND SCHEDULE RULE 16 CONFERENCE** to be served via U.S. Mail and electronic mail, on the following:

| | |
|---|---|
| David J Myers<br>James J. Simeri<br>Gregory Woodard<br>Matthew Lee Maurer<br>Office of the Attorney General<br>P.O. Box 83720<br>Boise, ID 83720-0010<br><br>David J Myers<br>James J. Simeri<br>Gregory Woodard<br>Matthew Lee Maurer<br>Office of the Attorney General<br>700 W. Jefferson Street<br>Boise, ID 83702<br><br>david.myers@ag.idaho.gov<br>james.simeri@ag.idaho.gov<br>greg.woodard@ag.idaho.gov<br>matthew.maurer@ag.idaho.gov<br><br>*Attorneys for Defendants Raul Labrador, Director of IDOC Josh Tewalt, Governor of Idaho Brad Little, and Bree Derrick* | Christina Mott Hesse<br>Duke Evett PLLC<br>1087 West River Street, Suite 300<br>Boise, ID 83702<br>cmh@dukeevett.com<br><br>Michael James Bentley<br>Bradley Arant Boult Cummings<br>188 East Capitol Street, Ste. 1000<br>Jackson, MS 39201<br>mbentley@bradley.com<br><br>*Attorneys for Defendant Centurion Health, Centurion of Idaho, LLC* |

*s*/Harlan Mechling
Harlan Mechling (pro hac vice)
