Paul Carlos Southwick, ISB No. 12439
psouthwick@acluidaho.org
Emily Croston, ISB No. 12389
ecroston@acluidaho.org
**ACLU OF IDAHO FOUNDATION**
P.O. Box 1897
Boise, ID 83701
Telephone: 208.344.9750

Pilar C. French, *(pro hac vice)*
frenchp@ballardspahr.com
Harlan Mechling, *(pro hac vice)*
mechlingh@ballardspahr.com
Carlisle S. Pearson, *(pro hac vice)*
pearsoncs@ballardspahr.com
Antonia Gales *(pro hac vice)*
galesa@ballardspahr.com
Chloe Nakaya, *(pro hac vice pending)*
nakayac@ballardspahr.com
**BALLARD SPAHR LLP**
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone: 503.778.2100

*Attorneys for Plaintiffs (additional counsel listed in signature block)*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **ROBINSON,** et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>**LABRADOR** in his official capacity as Attorney General of the State of Idaho; et al.,<br><br>　　　　　　　Defendants. | Case No. 1:24-cv-00306-DCN<br><br>**DECLARATION OF HARLAN MECHLING IN SUPPORT OF PLAINTIFFS' MOTION TO STAY PROCEEDINGS, OR IN THE ALTERNATIVE, TO EXTEND DISCOVERY DEADLINES AND SCHEDULE RULE 16 CONFERENCE** |

　　　　I, Harlan Mechling, hereby declare as follows:

　　　　1.　　I am an attorney with Ballard Spahr LLP and counsel for Plaintiffs in this action. I am over 18 years of age. I make this declaration based on my personal knowledge and, if called, I

could and would testify competently to the facts stated here.

2. I submit this declaration in support of Plaintiffs' Motion to Stay Proceedings, or In the Alternative, to Extend Discovery Deadlines and Schedule Rule 16 Conference.

3. Plaintiffs have conferred with counsel for both sets of Defendants regarding this motion. Defendants confirmed that they oppose the relief requested.

4. Since entry of the Court's July 18, 2025, Scheduling Order, Plaintiffs have diligently advanced discovery. Document exchange is nearly complete, but outstanding documents remain from both sets of Defendants. The parties have met and conferred regularly to address production issues.

5. Eight of fifteen fact depositions are tentatively scheduled to begin the week of November 17, 2025, and continue through the end of December 2025.

6. The three motions pending at the time of the July 2025 scheduling order are essential to defining the scope of discovery and deposition strategy, and the uncertainty surrounding these motions is the primary reason the parties have previously sought extensions.

7. In good faith, the parties agreed that Plaintiffs would defer discovery directed to Centurion, LLC, Governor Little, and Attorney General Labrador pending the Court's rulings, to conserve resources and avoid burdening a defendant that may ultimately be dismissed.

8. State Defendants have stated that if Plaintiffs' motion to amend is granted, they intend to depose the new named plaintiff. Plaintiffs do not intend to make the proposed representative available for deposition until he becomes a party, as the deposition is likely to involve deeply personal and sensitive issues.

9. Plaintiffs continue to face significant delays in obtaining discovery from both the State Defendants and Centurion. From the State Defendants, productions remain outstanding for

custodians Dagoberto Martinez and Connie Smock. Plaintiffs have been waiting for Ms. Smock's documents since January 2025 and Mr. Martinez's since June 2025, despite repeated follow-up.

10. Centurion has likewise failed to produce documents from custodians Scott Eliason, Summer Eldridge, and Natalie Snow, all of which have been outstanding since June 2025.

11. In addition to custodian files, Centurion has not produced several categories of documents that are essential to Plaintiffs' claims and expert analysis, including Health Services Requests (HSRs), Concern Forms, Grievances, Incident Reports, Grievance Responses, Grievance Transmittal Forms, and various reports, compilations, and spreadsheets tracking or reflecting these materials. Plaintiffs previously identified these categories in correspondence, including an email sent in June 2025, and have repeatedly requested their production.

12. Plaintiffs have raised these outstanding discovery issues nearly every week during the parties' weekly conferrals for the past five months. The continued absence of these materials has materially impeded Plaintiffs' ability to complete discovery and prepare for depositions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 29, 2025 at Portland, Oregon.

*Harlan Mechling*

_____
Harlan Mechling