Paul Carlos Southwick (ISB No. 12439)
Emily Myrei Croston (ISB No. 12389)
ACLU of Idaho Foundation
P.O. Box 1897
Boise, ID 83701
Tel: (208) 344-9750
psouthwick@acluidaho.org
ecroston@acluidaho.org

Chase B. Strangio*
Malita Picasso*
Leslie Cooper*
Alexandra R. Johnson*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
cstrangio@aclu.org
mpicasso@aclu.org
lcooper@aclu.org
a.johnson@aclu.org

Pilar C. French*
Harlan Mechling*
Carlisle S. Pearson*
Chloe Nakaya**
BALLARD SPAHR LLP
601 S.W. Second Avenue, Suite 2100
Portland, OR 97204
Tel: (503) 778-2100
frenchp@ballardspahr.com
mechlingh@ballardspahr.com
pearsoncs@ballardspahr.com
nakayac@ballardspahr.com

*Admitted *pro hac vice*
** Application for admission *pro hac vice* pending

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **KATIE ROBINSON**, et al., *Plaintiffs*, v. **RAÚL LABRADOR**, et al., *Defendants*. | Case No. 1:24-cv-00306-DCN **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR SIXTH PRELIMINARY INJUNCTION** |

Plaintiffs request this court issue a new preliminary injunction prior to December 1, 2025—the 90-day expiration date of the court's current preliminary injunction under the Prison Litigation Reform

Act ("PLRA"). 18 U.S.C. § 3626(a)(2) ("Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.").

None of the material facts established prior to the court's orders granting preliminary injunctions on September 3, 2024, December 3, 2024, March 3, 2025, May 30, 2025, and August 29, 2025 have changed. The challenged state law prohibiting gender-affirming hormone therapy with public funding or in public facilities remains on the books and, absent an injunction from this Court, would be enforced to discontinue such treatment for individuals with gender dysphoria in IDOC custody. With the preliminary injunction in place, IDOC's contracted medical provider continues to prescribe hormone therapy to individuals with gender dysphoria for whom it is medically necessary. And class members continue to rely on this care for their health and well-being, as Plaintiffs have established through expert testimony. The properly circumscribed relief provided by the court remains as necessary today as when it was issued.

## BACKGROUND

The court granted Plaintiffs' initial request for preliminary injunction and class certification on September 3, 2024. Dkt. 58. To prevent the potential constitutional violation, the court did not order any particular procedures, but rather enjoined enforcement of the Act as applied to the hormone therapy treatment of the certified class during the pendency of the lawsuit. *Id.* at 28. The court's order contemplated "continued compliance" with IDOC's own policies that had been in effect prior to enactment of the Act. *Id.* at 11.

Plaintiffs moved this court to issue a second preliminary injunction prior to the expiration of the first. This court did so on December 3, 2024, finding that Plaintiffs continued to meet the standards for issuing a preliminary injunction, and that that injunction met the PLRA's Needs-Narrowness-Intrusiveness requirements. Dkt. 96.

Plaintiffs again moved this court to issue a third preliminary injunction prior to the expiration of the second. The court did so on March 3, 2025, making the same findings as above. Dkt. 120. Per the court's request in its issuance of the second preliminary injunction, Dkt. 96 at 10, Plaintiffs submitted expert evaluations on the continued necessity of hormone therapy for class representatives in this case. Dkts. 114-5 (curriculum vitae of expert Dr. Misty Wall), 114-6 (Dr. Wall's evaluation of Rose Mills), 114-7 (Dr. Wall's evaluation of Katie Heredia). In granting Plaintiffs' motion for a third preliminary injunction, this court noted that this evidence "strengthen[ed] [Plaintiffs'] position" that they are likely to suffer imminent, irreparable harm absent an injunction. Dkt. 120 at 7; *see also id.* ("Dr. Wall's evaluation of both Mills and Heredia confirmed what Plaintiffs have been alleging—discontinuation of hormone therapy will lead to severe psychological distress for both individuals, up to and including possible suicidal attempts.").

Plaintiffs moved this court to issue fourth and fifth preliminary injunctions prior to the expirations of the third and fourth. The court did so on May 30, 2025 and August 29, 2025, making the same findings as above. Dkt. 137, 150. The fifth preliminary injunction is set to expire on December 1, 2025. *See* 18 U.S.C. § 3626(a)(2).

ARGUMENT

As none of the material facts in Idaho have changed, Plaintiffs incorporate their arguments from previous briefs supporting the issuance of a preliminary injunction in this case. *See* Dkts. 2-1 (memorandum of law in support of first preliminary injunction), 25 (reply in support of same), 80-1 (memorandum of law in support of second preliminary injunction), 80-2 (declaration in support of same), 80-3 (same), 90 (reply in support of same), 114-3 (memorandum of law in support of third preliminary injunction), 114-5 (curriculum vitae of expert in support of same), 114-6 (expert evaluation of named plaintiff in support of same), 114-7 (same), 118 (reply in support of same), 134-1 (memorandum of law in

support of fourth preliminary injunction), 136 (reply in support of same), 143-1 (memorandum of law in support of fifth preliminary injunction), 148 (reply in support of same).

## CONCLUSION

The court's August 29, 2025, preliminary injunction "is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1). Because none of the predicates for that decision have changed, Plaintiffs respectfully request that the court issue a sixth preliminary injunction prior to the expiration of the current preliminary injunction on December 1, 2025.

Dated:  October 31, 2025                                                         Respectfully submitted,

/s/ *Emily Myrei Croston*
Emily Myrei Croston (ISB No. 12389)

ACLU of Idaho Foundation