Michael J. Bentley *pro hac vice*
MSB #102631; mbentley@bradley.com
Erin Saltaformaggio *(pro hac vice)*
MSB #103999; esaltaformaggio@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 East Capitol Street, Suite 1000
Jackson, Mississippi 39201
Telephone: (601)-592-9935
Facsimile: (601)-592-1435

Christina M. Hesse
ISB #10712; cmh@dukeevett.com
DUKE EVETT, PLLC
1087 West River Street, Suite 300
P.O. Box 7387
Boise, Idaho 83707
Telephone: (208)-342-3310
Facsimile: (208)-342-3299

*Attorneys for Defendants Centurion of Idaho, LLC and Centurion, LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COLE ROBINSON, a/k/a KATIE ROBINSON; BRODY MILLS, and JANE DOE,<br><br>　　　　　Plaintiffs,<br>v.<br><br>RAUL LABRADOR, in his official capacity as Attorney General of the State of Idaho; BRAD LITTLE, in his official capacity as Governor of the State of Idaho; JOSH TEWALT, in his official capacity as the Director of the Idaho Department of Corrections; BREE DERRICK, in her official capacity as the Deputy Director of IDOC; CENTURION OF IDAHO, LLC; CENTURION LLC,<br>　　　　　Defendants. | Case No. 1:24-cv-00306-DCN<br><br>**DEFENDANTS CENTURION OF IDAHO, LLC AND CENTURION, LLC'S RESPONSE TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS, OR IN THE ALTERNATIVE, TO EXTEND DISCOVERY DEADLINES AND SCHEDULE RULE 16 CONFERENCE** |

**DEFENDANTS CENTURION OF IDAHO, LLC AND CENTURION, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS, OR IN THE ALTERNATIVE, TO EXTEND DISCOVERY DEADLINES AND SCHEDULE RULE 16 CONFERENCE - 1**

Defendants Centurion of Idaho, LLC and Centurion, LLC (collectively, "Centurion Defendants"), by and through their counsel of record Duke Evett, PLLC, hereby submit this Response to Plaintiffs' Motion to Stay Proceedings, or in the Alternative, to Extend Discovery Deadlines and Scheule Rule 16 Conference.

## INTRODUCTION AND BACKGROUND

Plaintiffs, the class of whom have been provisionally certified[1] as "all incarcerated persons in the custody of IDOC who are, or will be diagnosed with Gender Dysphoria, and are receiving, or would receive hormone therapy proscribed under Idaho Code §18-8901," ("Class") have sued to enjoin Idaho Code § 18-8901, asserting it is unconstitutional under the Eighth Amendment of the United States Constitution.[2] Section 18-8901, which began as House Bill 668 and became effective on July 1, 2024, prohibits the use of state funds or state facilities to provide certain gender-affirming medical treatments, including hormones, "for purposes of altering the appearance of an individual in order to affirm the individual's perception of the individual's sex in a way that is inconsistent with the individual's biological sex." H.B. 668, § 2(2), (6). Ultimately, Plaintiffs are seeking a ruling from this Court determining if I.C. § 18-8901 is enforceable or unconstitutional. It is axiomatic that neither Centurion Defendant has involvement with enacting Idaho state laws; presumably, the Centurion Defendants were named due to Centurion of Idaho's status as the contract medical provider for the Idaho Department of Corrections ("IDOC").

From the outset of this litigation, Centurion of Idaho has recognized and represented that its Idaho providers are obligated to follow Idaho law or, in the case of I.C. § 18-901, face possible criminal prosecution.[3]  During the pendency of this litigation, during which time this Court has

---

[1] *See* Dkt. [58].
[2] *See generally,* Dkt. [1] & Dkt. [2-1].
[3] *See* Dkt. [23].

**DEFENDANTS CENTURION OF IDAHO, LLC AND CENTURION, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS, OR IN THE ALTERNATIVE, TO EXTEND DISCOVERY DEADLINES AND SCHEDULE RULE 16 CONFERENCE - 2

granted five Preliminary Injunctions[4] and is currently considering Plaintiffs' Sixth Motion for Preliminary Injunction[5], Centurion of Idaho's providers have followed this Court's Orders enjoining enforcement of I.C. § 18-8901's prohibition on the use of state funds for purposes of providing hormone therapy as against the Class.

As recognized by Plaintiffs, six pending motions are currently before this Court, including Centurion, LLC's October 15, 2024 Motion to Dismiss Plaintiffs' Amended Class Action Complaint for Declaratory and Injunctive Relief as to Centurion, LLC[6] and five other motions advanced by Plaintiffs and State Defendants. Recognizing the potential dismissal of Centurion, LLC, the parties previously agreed to defer discovery efforts related to Centurion, LLC pending this Court's ruling.[7] Via Order on July 18, 2025, this Court modified and reset key deadlines for completion of fact discovery, experts, and dispositive motions.[8]

Plaintiffs presently seek an Order staying all discovery and case deadlines pending resolution of six motions currently before this Court or, in the alternative, extending all remaining case deadlines by ninety days in addition to setting a Rule 16 status conference.[9] Centurion provides the following Response.

## **RESPONSE**

The Federal Rules of Civil Procedure do not expressly authorize automatic or blanket stays of all discovery while motions are pending, even where a potentially dispositive motion is pending. *Waterkeeper v. J.R. Simplot Co.*, No. 1:23-cv-00239-DCN, 2023 U.S. Dist. LEXIS 158902, at *5 (D. Idaho Sep. 6, 2023). "However, under Federal Rule of Civil Procedure 26(c)(1), a court may

---

[4] *See* Dkts. [58; 95; 120; 137; 150].
[5] Dkt. [167].
[6] *See* Dkts. [72, 72-1, 72-2, 72-3].
[7] *See* Dkt. [78].
[8] *See* Dkt. [141].
[9] *See* Dkts. [164, 164-1].

**DEFENDANTS CENTURION OF IDAHO, LLC AND CENTURION, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS, OR IN THE ALTERNATIVE, TO EXTEND DISCOVERY DEADLINES AND SCHEDULE RULE 16 CONFERENCE - 3**

limit the scope of disclosures or discovery on certain matters, including forbidding discovery or specifying when it will occur, upon a showing of 'good cause or where justice so requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense.'" *Id.* (citing *Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 601 (D. Nev. 2011)); *see also* Fed. R. Civ. P. 16(b)(4) (authorizing schedule modifications for good cause, with judge's consent). The Ninth Circuit has not articulated a controlling standard to determine whether a stay of discovery is warranted where a dispositive motion is pending, *Waterkeeper,* No. 1:23-cv-00239-DCN, 2023 U.S. Dist. LEXIS 158902, at *5, but has recognized discovery stays may be warranted in situations where dispositive motions raise jurisdictional issues and where a party establishes good cause. *Id.* (citing *Tradebay*, 278 F.R.D. at 600).

Plaintiffs have not demonstrated good cause exists to implement a complete stay on discovery and case deadlines. While Centurion of Idaho recognizes the outcome of multiple pending motions may affect the scope of discovery, a complete stay is not necessary. The parties have coordinated to minimize unnecessary discovery burdens, and the existing July 18, 2025 scheduling Order provides sufficient flexibility to address any changes resulting from the Court's forthcoming rulings. In turn, the Centurion Defendants ask this Court to deny Plaintiffs' request to stay all discovery and case deadlines.

By way of further response, for months prior to and after July, 2025, Centurion of Idaho has diligently engaged in discovery with Plaintiffs, including producing documents, working with Plaintiffs to set and re-set depositions for Centurion of Idaho employees/providers, and providing input on its availability for depositions of State Defendants' witnesses and non-party witnesses. Centurion of Idaho and Plaintiffs have engaged in regular weekly and bi-weekly discovery check-in meetings over several months for the specific purpose of discussing discovery items.

Significantly, the central issue of this case—the constitutionality of I.C. § 18-8901—is one with which the Centurion Defendants have no involvement. Also significant is the lack of any allegations by Plaintiffs that Centurion of Idaho's providers were deliberately indifferent to any Class member. Despite Centurion of Idaho's minimal connection to the substantive central issue of this case, it has accommodated ongoing discovery requests by Plaintiffs and produced thousands of pages of documents. Centurion of Idaho has continued to advise Plaintiffs regarding the appropriate custodians of multiple document types, particularly where numerous documents utilized by Centurion of Idaho's providers are documents owned and maintained by IDOC, and which IDOC/State Defendants have already produced.

Plaintiffs cite concerns related to outstanding document productions from Centurion of Idaho and State Defendants; however, Centurion of Idaho remains committed to fulfilling its discovery obligations consistent with the Federal Rules and the Court's orders, has represented this sentiment to Plaintiffs' counsel during the discovery phase, has continued to work with Plaintiffs during the discovery process, and represents the same sentiments to the Court via this response. Any specific discovery disputes Plaintiffs have with Centurion of Idaho can be addressed through proper meet-and-confer procedures, not through a complete stay on discovery, which practically would further delay production of discovery to Plaintiffs until this Court ruled on the pending motions.

In the alternative, if this Court is inclined to grant Plaintiffs relief, the Centurion Defendants would not oppose a modest extension of not-yet-passed deadlines and a Rule 16 conference to discuss case management after the Court rules on the pending motions. *See* Fed. R. Civ. P. 16(c)(2)(P) (authorizing courts to "facilitate in other ways the just, speedy, and inexpensive disposition of the action"). A 90-day extension, as proposed by Plaintiffs, may be excessive given

the parties' ongoing cooperation and the current status of discovery. Centurion respectfully requests that any extension be limited to the minimum necessary to accommodate the Court's schedule and the parties' needs.

## CONCLUSION

For the foregoing reasons, Centurion of Idaho, LLC and Centurion, LLC request this Court deny Plaintiffs' Motion to Stay Proceedings; in the alternative, they do not oppose a modest extension of not-yet-passed deadlines and a Rule 16 conference to address case management following resolution of the pending motions.

DATED this 7th day of November 2025.

                DUKE EVETT, PLLC,

                By: /s/ Christina M. Hesse
                    Christina M. Hesse – Of the Firm
                    *Attorney for Defendants Centurion of Idaho,*
                    *LLC and Centurion, LLC*

                BRADLEY ARANT BOULT CUMMINGS LLP,

                By: /s/ Erin Saltaformaggio
                    Erin Saltaformaggio
                    *Attorney for Defendants Centurion of Idaho,*
                    *LLC and Centurion LLC*

## CERTIFICATE OF SERVICE

I certify that on this 7th day of November 2025, I electronically filed the foregoing document with the U.S. District Court. Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

| | |
|---|---|
| Alexandra R. Johnson | a.johnson@aclu.org |
| Antonia J. Gales | galesa@ballardspahr.com |
| Carlisle S. Pearson | pearsoncs@ballardspahr.com |
| Chase B. Strangio | cstrangio@aclu.org |
| Chloe Nakaya (*pro hac vice pending*) | nakayac@ballardspahr.com |
| Emily Myrei Croston | ecroston@acluidaho.org |
| Harlan T. Mechling | mechlingh@ballardspahr.com |
| Leslie Cooper | lcooper@aclu.org |
| Malita V. Picasso | mpicasso@aclu.org |
| Paul Carlos Southwick | psouthwick@acluidaho.org |
| Pilar C. French | frenchp@lanepowell.com |
| David J. Myers | david.myers@ag.idaho.gov |
| Gregory Woodard | greg.woodard@ag.idaho.gov |
| James J. Simeri | james.simeri@ag.idaho.gov |
| Matthew Lee Maurer | matthew.maurer@ag.idaho.gov |
| Michael J. Bentley | mbentley@bradley.com |

/s/ Christina M. Hesse
Christina M. Hesse