RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

JAMES J. SIMERI, ISB #12332
GREGORY E. WOODARD, ISB #11329
MATTHEW L. MAURER, ISB #12575
DAVID J. MYERS, ISB #6528
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
james.craig@ag.idaho.gov
james.simeri@ag.idaho.gov
greg.woodard@ag.idaho.gov
matthew.maurer@ag.idaho.gov
david.myers@ag.idaho.gov

*Attorneys for State Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBINSON, *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho; *et al.*, <br><br> *Defendants.* | Case No. 1:24-cv-00306-DCN <br><br> **STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS, OR IN THE ALTERNATIVE, TO EXTEND DISCOVERY DEADLINES AND SCHEDULE RULE 16 CONFERENCE [DKT. 164]** |

Plaintiffs have requested the Court to stay "all discovery and case deadlines pending resolution of the three substantive motions currently before the Court" (Dkt. 164 at 1)—thereby delaying this case for now a fourth time. But further delay in this case is unwarranted, and Plaintiffs have failed to meet their burden. Specifically, they have failed to address the damage that would result from a stay, they have failed to show how they would suffer any hardship if a stay were not granted, and they have failed to show that a stay would serve judicial efficiency. In fact, the only factor Plaintiffs even attempt to address in their motion is judicial efficiency. But even if they could demonstrate there would be some judicial efficiency benefits from a stay, Plaintiffs' motion still fails because any benefits are far outweighed by the harms of further delaying this case.

If Plaintiffs' requested stay were granted, delaying this case yet again, Defendants would suffer substantial harm—Idaho's duly enacted law, Idaho Code § 18-8901, would remain enjoined, frustrating the will of her people. And Plaintiffs have pointed to no countervailing hardships they would suffer from moving forward with this case. Instead, Plaintiffs have argued that going forward with the case before certain motions are resolved risks "duplication, inefficiency, and unnecessary disputes." *Id.* at 2. This is not enough to overcome the damage State Defendants would suffer from further delaying this case. Any delay would further extend the time the State is prevented from effectuating a statute enacted by representatives of its people. The people of Idaho deserve a speedy resolution to this case.

**LEGAL STANDARD**

The Supreme Court has recognized that a court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In this way, a stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (cleaned up).

When considering whether to grant such a stay, courts must weigh three non-exclusive factors: "(1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.'" *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). A district court's concern for the last factor—which courts refer to as "judicial efficiency"—"standing alone is not necessarily a sufficient ground to stay proceedings." *Dependable Hwy Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

**I. State Defendants would suffer substantial harm if the stay were granted.**

   **A. A stay prolongs the injunction of a statute enacted by representatives of the people.**

"Any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (quoting *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977). State Defendants have previously made this argument (see Dkt. 116 at 2), and they reiterate the point here—every day the preliminary injunction is in place the State is prevented from enforcing one of its duly enacted laws.

Undue delay in the resolution of a case is itself a form of harm to a party. *See Leal v. Nev. Dep't of Corr.*, 2024 WL 5010004, at *2 (D. Nev. Nov. 18, 2024) (denying a stay because it would "only delay the resolution of th[e] case"). This case has already been delayed three times. Although State Defendants did stipulate to the previous delays in this case in a spirit of cooperation, the fact is that further delay is unwarranted. And from the beginning of this case, over a year ago, the State has been enjoined, to one degree or another, from implementing its law. This substantial harm to State Defendants weighs against granting a stay.

**B. It is unlikely the PI will be lifted absent a full hearing on merits.**

The preliminary injunction State Defendants are under is likely to continue until this case is resolved. Therefore, the quicker the case comes to a resolution, the quicker State Defendants can be free of this harm. Plaintiffs argue their "requested stay would apply only to discovery and case-management deadlines. It would not affect Plaintiffs' obligation to continue renewing their motions for preliminary injunction." Dkt. 164 at 8. But this argument elides the fact that this Court has

already granted five successive preliminary injunctions. As the Court stated in its most recent preliminary injunction order: "this case remains in a period of 'deliberative investigation' preceding the presentation of evidence from both parties that will, ideally, help the factfinder answer the ultimate questions in this case." Dkt. 150 at 6. Simply put, there is little chance the preliminary injunction will be lifted until the presentation of evidence and a resolution of the case on the merits. Delaying the case even further, as Plaintiffs have requested, would cause undue harm as State Defendants would continue under further preliminary injunctions. The Court should, therefore, deny Plaintiffs' motion.

## II. Plaintiffs failed to meet their burden.

Plaintiffs had the burden to show that a stay is warranted. *Nken*, 556 U.S. at 433–34. They failed to meet this burden. Under the *Landis* analysis, Plaintiffs could have shown that a stay is appropriate by showing hardship or inequity they would suffer in being required to go forward. 299 U.S. at 254. Plaintiffs did not even attempt to make this showing. They cited to no hardship that would occur in the absence of a stay. Plaintiffs made no attempt to even argue any such hardship.

Instead, Plaintiffs essentially argued that "judicial efficiency" would be served by granting a stay. *See* Dkt. 164 at 4–6. The essence of Plaintiffs' argument is that they want to move forward with depositions but are hesitant to do so until certain outstanding motions are resolved by the Court. Depending on how the motions are ultimately resolved, Plaintiffs argue, they may have to go back and re-depose witnesses, duplicating efforts and wasting resources. *Id.* at 6.

Plaintiffs also briefly allude to "outstanding discovery" that is preventing them from moving forward on depositions. *Id.* at 5–6. Plaintiffs claim, among other things, they have been "waiting for [] documents since January 2025." *Id.* at 6. But Plaintiffs concede that the parties have had "weekly conferrals for the past five months." *Id.* And curiously, Plaintiffs claim to have been demanding production of documents for five months but have not bothered to file a motion to compel. Nor have they even sought to mediate the issue with the Court. This disconnect between Plaintiffs' statements and their actions is telling: the argument is meritless and should be given absolutely no weight.

Plaintiffs' judicial efficiency arguments are similarly unpersuasive. For one, the risk of having to go back and re-depose witnesses exists in every case. Plaintiffs' concerns are entirely speculative at this point and those speculative concerns do not warrant delaying this case yet again. The proper course of action is to simply address that issue—with time extensions, if needed—if and when the issue arises.

Additionally, even if there were some judicial efficiency benefits from granting a stay, those modest benefits do not, standing alone, warrant a stay. *See Dependable Hwy* 498 F.3d at 1066. And again, judicial efficiency is the only factor Plaintiffs have even attempted to argue. They have not attempted to show any hardship they would suffer from going forward with the case. They have not attempted to address the potential damage a stay would cause by preventing the speedy resolution of this case. In short, Plaintiffs have failed to meet their burden and their motion should be denied.

**CONCLUSION**

State Defendants request that this Court deny Plaintiffs' motion to stay proceedings and deny their alternative request to extend discovery deadlines and schedule a Rule 16 conference.

DATED: November 7, 2025

                          STATE OF IDAHO
                          OFFICE OF THE ATTORNEY GENERAL

                          By: /s/ Matthew L. Maurer
                                MATTHEW L. MAURER
                                Deputy Attorney General

## CERTIFICATE OF SERVICE

      I certify that on November 7, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Paul Carlos Southwick
psouthwick@acluidaho.org

Emily Myrei Croston
ecroston@acluidaho.org

Malita Picasso
mpicasso@aclu.org

Chase B. Strangio
cstrangio@aclu.org

Leslie J. Cooper
lcooper@aclu.org

Alexandra Johnson
a.johnson@aclu.org

Carlisle S. Pearson
pearsoncs@ballardspahr.com

Harlan T. Mechling
mechlingh@ballardspahr.com

Nicholas J.H. Mercado
mercadon@ballardspahr.com

Pilar C. French
frenchp@lanepowell.com

*Attorneys for Plaintiff*

Christina M. Hesse
cmh@dukeevett.com

Michael J. Bentley
mbentley@bentley.com

*Attorneys for Defendants Centurion of Idaho, LLC and Centurion Health*

                                        /s/ Matthew L. Maurer
                                          MATTHEW L. MAURER