RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

JAMES J. SIMERI, ISB #12332
GREGORY E. WOODARD, ISB #11329
MATTHEW L. MAURER, ISB #12575
DAVID J. MYERS, ISB #6528
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
james.craig@ag.idaho.gov
james.simeri@ag.idaho.gov
greg.woodard@ag.idaho.gov
matthew.maurer@ag.idaho.gov
david.myers@ag.idaho.gov

*Attorneys for State Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBINSON, *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho; *et al.* <br><br> *Defendants.* | Case No. 1:24-cv-00306-DCN <br><br> **RESPONSE TO PLAINTIFFS' MOTION FOR SIXTH PRELIMINARY INJUNCTION [DKT. 167]** |

Plaintiffs demand, once more, to be given cross-sex hormones, in contravention of state law. According to Plaintiffs, these hormones are "medically necessary" to treat inmates with gender dysphoria. Dkt. 167-1 at 2. In effect, Plaintiffs argue that "incarcerated prisoners [are] constitutionally entitled to medical care, at taxpayer expense, that many private citizens can't get." *See Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1277 (11th Cir. 2020) (vacating district court's injunction where lower court mistakenly substituted a "best obtainable" standard for the Eighth Amendment's "minimally adequate medical care" standard); *see also Clark v. Valletta*, No. 23-7377-cv, 2025 WL 2825324, at *12 n.13 (2d Cir. Oct. 6, 2025) ("'[L]ess than ideal' medical treatment can be objectively reasonable treatment in the Eighth Amendment context, so it does not follow that every reasonable official would have thought Clark's treatment was unlawful.").

This Court has previously noted that "the issue of proper medical care for transgender individuals is currently unsettled." Dkt. 150 at 6 (citing *Dana v. Campbell*, No. 1:18-CV-00298-DCN, 2025 WL 1827042, at *7 (D. Idaho July 1, 2025)). Other courts continue to reach the same conclusion, with consequences for prisoners' Eighth Amendment claims. *See Clark*, 2025 WL 2825324, at *1 (granting qualified immunity to DOC commissioner and prison medical personnel because "[i]nmates have no clearly established right to be treated by gender-dysphoria specialists or to receive specific treatments for gender dysphoria. And reasonable officers could disagree on the legality of Defendants' efforts to treat Clark, including with talk

therapy and antidepressants."); *see also United States v. Skrmetti,* 145 S. Ct. 1816, 1844 n.5 (2025) (Thomas, J., concurring).

The Court's Order granting Plaintiffs' Fifth Motion for Preliminary Injunction concluded that developments such as *Dana* and Justice Thomas's concurrence in *Skrmetti* (and presumably *Clark*) do not "definitively resolve[] the question as to the medical necessity of gender-affirming care." Dkt. 150 at 6. The Court also commented that "[W]here Justice Thomas sees debatability, this Court sees a significant question." *Id.* at 5. But the issue is not whether an unsettled medical debate satisfies Plaintiffs' obligation to raise a serious question. The issue is whether disagreement over the proper treatment supports a constitutional claim. It does not. *Clark,* 2025 WL 2825324, at *11 ("mere disagreement over the proper treatment does not create a constitutional claim") (quoting *Chance v. Armstrong,* 143 F.3d 698, 703 (2d Cir. 1998)).

State Defendants therefore oppose Plaintiffs' renewed request to enjoin the enforcement of Idaho Code § 18-8901. Contrary to Plaintiffs' earlier assertion, the "legal status of gender-affirming care *has* . . . shifted." Dkt. 150 at 6 (emphasis added)d . The entire foundation for Plaintiffs' claim—whether cross-sex hormones are "medically necessary"—has crumbled and will continue to crumble under further scrutiny. To avoid repetition, State Defendants incorporate here their arguments opposing the previous injunctions.

DATED: November 12, 2025

STATE OF IDAHO

OFFICE OF THE ATTORNEY GENERAL

By:   /s/ *Matthew L. Maurer*
     MATTHEW L. MAURER
     Deputy Attorney General

**CERTIFICATE OF SERVICE**

I certify that on November, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Paul Carlos Southwick
psouthwick@acluidaho.org

Emily Myrei Croston
ecroston@acluidaho.org

Malita Picasso
mpicasso@aclu.org

Chase B. Strangio
cstrangio@aclu.org

Leslie J. Cooper
lcooper@aclu.org

Alexandra Johnson
a.johnson@aclu.org

Carlisle S. Pearson
pearsoncs@ballardspahr.com

Harlan T. Mechling
mechlingh@ballardspahr.com

Nicholas J.H. Mercado
mercadon@ballardspahr.com

Pilar C. French
frenchp@lanepowell.com

*Attorneys for Plaintiffs*

Christina M. Hesse
cmh@dukeevett.com

Michael J. Bentley
mbentley@bentley.com

*Attorneys for Defendants Centurion of Idaho, LLC and Centurion Health*

/s/ *Matthew L. Maurer*
MATTHEW L. MAURER