UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

COLE ROBINSON, et al.,

        Plaintiffs,

v.

RAUL LABRADOR, et al.,

        Defendants.

Case No. 1:24-cv-00306-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Before the Court is Plaintiffs' Motion to Stay Proceedings, or in the Alternative, to Extend Discovery Deadlines and Schedule Rule 16 Conference. Dkt. 164. Plaintiffs ask the Court to stay proceedings until it rules on several outstanding motions. The Court's decision on those motions may alter the scope of depositions which the parties have set to begin next week. The Court previously GRANTED the Motion. Dkt. 176. This memorandum explains why.[1]

## II. BACKGROUND

The plaintiffs in this case are transgender inmates in the custody of the Idaho Department of Corrections ("IDOC"). Under a recently-enacted Idaho state law, Idaho Code § 18-8901 (the "Act"), IDOC cannot use state funds for medical interventions which "alter[] the appearance of an individual in order to affirm the individual's perception of the

---

[1] Because oral argument would not significantly aid its decision-making process, the Court will decide the motion on the briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

individual's sex in a way that is inconsistent with the individual's biological sex[.]" *Id.* at § 18-8901(2). Plaintiffs argue the Act denies inmates diagnosed with gender dysphoria necessary medical treatment in violation of the Eighth Amendment and 42 U.S.C. § 1983. Dkt. 1, at 18–20. Defendants deny that the Act violates the Eighth Amendment.

The parties are in discovery, and depositions are scheduled to begin next week. However, several motions are currently pending: two Motions to Dismiss (Dkts. 72; 75), two Motions to Amend/Correct (Dkt. 106; 158), a Motion for a Protective Order (Dkt. 144), and a Motion for Spoliation Sanctions and to Compel the Production of Cell Phone Data (Dkt. 153). The Court's ruling on these motions may impact the scope (and even necessity) of certain depositions.

Plaintiffs moved for a stay of proceedings until the Court resolves the pending motions, or in the alternative, for a 90-day extension of all discovery deadlines. Dkt. 164. They worry that opening depositions without the Court's guidance may cost time and money in the form of noticing new depositions, recalling old deponents, and discovering that depositions already taken were unnecessary. Those costs could be avoided if the Court ruled in advance of depositions. *Id.* Centurion Defendants would not oppose a modest extension of deadlines but argue that a blanket stay could result in unnecessary delay. Dkt. 174, at 4–6. State Defendants argue a stay would prejudice them through further delaying a resolution of this case on the merits. Dkt. 175. Plaintiffs do not intend to file a reply. Dkt. 170, at 2. In the interest of expedience, the Court already issued its order granting the stay, noting that a written decision would be forthcoming. Dkt. 176.

### III. LEGAL STANDARD

A court "has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). District courts may not exercise this power if it would result in undue delay. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) ("[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time."). Nor may a stay be indefinite in nature. *Dependable Highway*, 498 F.3d at 1066.

In deciding whether to grant a stay, the Court must consider the: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) judicial economy and efficiency. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). The party seeking a stay bears the burden of proving that a stay is warranted. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

### IV. DISCUSSION

For the foregoing reasons, the Court concludes the burden on Defendants would be minimal, the interests of the Plaintiff are substantial, and judicial efficiency would be served by a stay. *See* Fed. R. Civ. P. 1. The Court, therefore, finds a stay is appropriate.

*1. Potential Prejudice to the Non-Moving Party*

A stay would cause Defendants minimal hardship because proceeding with depositions now creates a strong likelihood that discovery would have to be extended anyway. State Defendants argue a stay would prejudice them because the Act has already

been enjoined for some time now, and the State is anxious for a final decision on the Act's constitutionality. Centurion argues a stay would be overbroad because some discovery would not be affected by the Court's rulings. The Court, however, disagrees.

The Court is as anxious as the State Defendants to reach an adjudication on the merits, but it disagrees with State Defendants on whether the stay would further that goal. If the Court denied the Motion and allowed discovery to proceed, only to leave issues open that the parties have not engaged in discovery on, the Court may need to extend discovery deadlines anyway. On the other hand, entering a stay now will allow the Court and parties to reset discovery and case management deadlines with only the proper issues in mind. Because the Court finds that adjudication on the merits would not be substantially delayed by granting the stay, and because denying a stay poses a similar risk for delay, the Court finds the prejudice to the State Defendants would be minimal.

Centurion objects to a stay for much the same reason as the State Defendants, and the Court disagrees with it for much the same reason it disagrees with the State Defendants. Centurion argues that a complete stay of discovery and case management deadlines would be overbroad. While broad, the Court believes a stay will ultimately prove the most efficient remedy. A stay will allow the parties to structure their deposition schedule around the remaining issues in the most efficient manner possible. Thus, Centurion's prejudice will be substantially offset by avoiding the costs of unnecessary or incomplete depositions. The Court, therefore, finds the total prejudice to Centurion to be slight.

Because a stay would not substantially burden the Defendants, the Court finds this factor weighs in favor of granting a stay.

MEMORANDUM DECISION AND ORDER - 4

*2. The Interests of the Movant in a Stay*

Plaintiffs have a substantial interest in a stay because proceeding with depositions exposes them to an unjustifiable risk of unnecessary expense. The parties have agreed to defer discovery as to Centurion, Governor Brad Little, and Attorney General Raúl Labrador until the Court resolves whether they are proper defendants. If the Court rules they are proper defendants and they are deposed, the results of their depositions may be relevant to the depositions of other interested parties. Should depositions begin before the Court rules, the Plaintiffs may have to recall previously deposed individuals at increased expense, not to mention possible delay.

Additionally, the IDOC defendants Josh Tewalt and Bree Derrick have moved to amend their answer to include a prayer for declaratory relief that the Act is constitutional. Should the Court grant the Motion to Amend, Plaintiffs may be entitled to additional discovery that would be easier scheduled from the outset. Finally, should the Court grant the pending Motion to Compel, the Plaintiffs would be entitled to depose witnesses based on the compelled records. If those depositions take place before the Motion to Compel is decided, the parties will be exposed to a substantial risk of expensive and time-consuming depositions of those already deposed.

While the risk of recalling an already-deposed witness exists in every case, the Court has an obligation to ensure "the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Accordingly, Plaintiffs' interests support a stay.

*3. Judicial Economy and Efficiency*

Judicial economy and efficiency would be served by a stay for the same reasons

Defendants would not be significantly prejudiced and Plaintiffs have an interest in obtaining a stay. Resolving the pending motions prior to engaging in depositions reduces the risk that the parties will need to schedule and pay for renewed depositions promoting judicial economy. And once the Court resolves the pending motions, the parties and the Court will be able to reach the most efficient discovery and case management schedule possible given the issues remaining.

## V. CONCLUSION

A stay at this juncture will promote judicial economy and efficiency by reducing the risk of unnecessary or repeat depositions. Such depositions pose a risk of wasting the time and money of potential witnesses, counsel, and the parties. While the Defendants worry that any delay is prejudicial, the Court will work diligently to minimize that prejudice. In the meantime, however, the best course of action is to stay the case.

## VI. ORDER

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Stay Proceedings, or in the Alternative, to Extend Discovery Deadlines and Schedule Rule 16 Conference (Dkt. 164) is GRANTED.

2. This case is STAYED pending resolution of the following Motions: Motions to Dismiss (Dkts. 72; 75), Motions to Amend/Correct Complaint (Dkts. 106; 158), Motion for Protective Order (Dkt. 144), and Motion for Spoliation Sanctions and to Compel (Dkt. 153).

3. This stay will not affect proceedings on the Motion for a Preliminary Injunction now pending (Dkt. 167), nor will it affect proceedings on any future preliminary injunctions timely sought.

DATED: November 13, 2025

David C. Nye
Chief U.S. District Court Judge