UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COLE ROBINSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RAUL LABRADOR, et al., <br><br> Defendants. | Case No. 1:24-cv-00306-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiffs' seventh Motion for Preliminary Injunction. Dkt. 183. The Motion seeks the same relief as the Court's six previously issued preliminary injunctions (Dkts. 58; 95; 120; 137; 150; 180), the latest of which is set to expire on March 1, 2026: an injunction prohibiting Defendants[1] from denying them gender affirming medical interventions. Dkt. 183.[2] Upon consideration, and for the reasons set forth below, the Court GRANTS the Motion and issues a Seventh Preliminary Injunction.

## II. BACKGROUND

As the Court has discussed extensively in its six prior Orders, Plaintiff Katie

---

[1] The "State Defendants" are several Idaho state officials, all sued in their official capacities: Brad Little, Governor of the State of Idaho; Raul Labrador, Idaho Attorney General; Josh Tewalt, Director of the Idaho Department of Corrections; and Bree Derrick, Deputy Director of the Idaho Department of Corrections. Defendants Centurion Health and Centurion of Idaho, LLC (together, "Centurion"), which provide medical care for prisoners in state custody, do not oppose Plaintiffs' Motion.

[2] Because oral argument would not significantly aid its decision-making process, the Court will decide the motion on the briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Heredia[3] challenges the constitutionality of Idaho Code § 18-8901 (the "Act"), which took effect on July 1, 2024. The Act prohibits the use of public funds for medical interventions—surgical or otherwise—that "alter[] the appearance of an individual in order to affirm the individual's perception of the individual's sex in a way that is inconsistent with the individual's biological sex[.]" *Id.* at § 18-8901(2). Such interventions have been referred to as "gender-affirming care."

Heredia is a transgender woman currently incarcerated in a facility administered by the Idaho Department of Corrections ("IDOC"). Heredia brings this claim as a putative class action on behalf of "all incarcerated persons in the custody of IDOC who are, or will be diagnosed with gender dysphoria, and are receiving, or would receive, hormone therapy proscribed by [the Act]." Dkt. 1, at 4. Heredia argues that the Act denies inmates diagnosed with gender dysphoria necessary medical treatment in violation of the Eighth Amendment and 42 U.S.C. § 1983. Dkt. 1, at 18–20. In a prior order, the Court certified the proposed class and enjoined enforcement of the Act as it applied to the use of state funds for providing hormone therapy while this lawsuit was pending. Dkt. 58, at 28.

However, 18 U.S.C. § 3626(a)(2) provides that injunctions pertaining to prison conditions automatically expire after 90 days. Thus, since the Court entered the first injunction, the Plaintiffs have sought a new preliminary injunction every three months. *See* Dkts. 80; 113; 134; 143; 167; 183. The Court has subsequently issued those new injunctions on a showing by Plaintiffs that preliminary relief is still warranted. *See* Dkts.

---

[3] Katie Heredia's legal name is Cole Robinson. At times, Katie Heredia has been referred to as Katie Robinson. The Court will use Heredia's preferred name throughout this Order.

MEMORANDUM DECISION AND ORDER - 2

95, 120, 137; 150; 180.

The Court's most recent injunction is set to expire on March 1, 2026. Dkt. 180. Plaintiffs moved the Court for a seventh injunction on February 6, 2026. Dkt. 183. State Defendants responded on February 17, and Plaintiffs replied on February 23. Dkts. 184; 185.

The matter is ripe for decision.

### III. LEGAL STANDARDS

#### A. Fed. R. Civ. P. 15(a)

Rule 15 enables a party to amend its pleadings at any time with consent of all parties or by leave of the Court. Fed. R. Civ. P. 15(a)(2). The Court should grant leave to amend freely when justice so requires. *Id.* "Amendment under the Federal Rules of Civil Procedure should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) (cleaned up).

#### B. 18 U.S.C. § 3626(a)(2)

Under the Prison Litigation Reform Act ("PLRA"), when a court enters a preliminary injunction in a civil action with respect to prison conditions, the injunction will automatically expire 90 days after its entry unless the court enters a final injunctive order finding "such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation" before the 90 days expires. 18 U.S.C. § 3626(a)(2).

The Ninth Circuit has held that entering a second preliminary injunction after the

first one has expired does not violate the PLRA. *Mayweathers v. Newland*, 258 F.3d 930, 936 (9th Cir. 2001). It has also held that "§ 3626(a)(2) provides no way to *extend* a preliminary injunction other than making the injunctive relief final." *Ahlman v. Barnes*, 20 F.4th 489, 494 (9th Cir. 2021). Reading these two cases together, the Court can enter a successive preliminary injunction, but it cannot extend its initial order without making it final after reaching the requisite findings. Plaintiffs retain the burden of proof as to whether preliminary relief is warranted. *Mayweathers*, 258 F.3d at 936.

### C. Preliminary Injunction

Plaintiffs must show "(1) they are likely to prevail on the merits of their substantive claims, (2) they are likely to suffer imminent, irreparable harm absent an injunction, (3) the balance of equities favors an injunction, and (4) an injunction is in the public interest." *Alliance for the Wild Rockies v. Petrick*, 68 F.4th 475, 490 (9th Cir. 2023) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22–23 (2008)). When "the government opposes a preliminary injunction, the third and fourth factors merge into one inquiry." *Poretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021).

In the Ninth Circuit, these factors are evaluated "on a sliding scale, such that a stronger showing of one element may offset a weaker showing of another." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 684 (9th Cir. 2023) (cleaned up). Thus, a court may grant a preliminary injunction where the plaintiffs show only a "serious question" going to the merits—provided the balance of the hardships "tips sharply" in plaintiffs' favor and the other *Winter* factors are met. *Alliance for the Wild Rockies*, 68 F.4th at 490–91. The serious-question standard is satisfied where a plaintiff

MEMORANDUM DECISION AND ORDER - 4

raises questions "that cannot be resolved one way or the other at the hearing on the injunction because they require more deliberative investigation." *Id.* at 497 (cleaned up); *see also Fellowship of Christian Athletes*, 82 F.4th at 684 (explaining a showing of "serious questions" is "a lesser showing than likelihood of success").

Finally, under the PLRA, "preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). This is referred to as the needs-narrowness-intrusiveness requirement.

## IV. DISCUSSION

The parties' arguments regarding the Motion for Preliminary Injunction largely incorporate the arguments made in their prior filings. The Court's analysis will, therefore, remain largely unchanged as well.

### A.  Serious Question Going to the Merits

In its prior Orders, the Court found that Plaintiffs' Complaint presents a serious question going to the merits. Dkt. 95, at 8. Plaintiffs note that none of the material facts have changed since the Court entered its sixth preliminary injunction and incorporate their previous arguments by reference. Dkt. 183-1, at 3. State Defendants incorporate their prior arguments, Dkt. 184, at 3, and add further argument for good measure. *See generally* Dkt. 184.

Significant questions remain in this case, notwithstanding State Defendants' new citations. State Defendants first cite to *Barsky v. Bd. of Regents of Univ. of the State of N.Y.*, where the Supreme Court upheld a state law permitting the Board of Regents to suspend

MEMORANDUM DECISION AND ORDER - 5

physicians' licenses on conviction of a crime in a foreign jurisdiction not involving moral turpitude. 347 U.S. 442, 449–52 (1954). In the process, the Court made the general observation that "a state has broad power to establish and enforce standards of conduct within its borders relative to the health of everyone there." *Id.* at 449. The issue in this case is not the general rule, however, but rather the boundaries of that rule: whether denying inmates a particular form of care, otherwise legal within the state, constitutes cruel and unusual punishment.

State Defendants go on to observe that there is significant medical debate regarding the risks and harms of using cross-sex hormones to treat gender dysphoria. Dkt. 184, at 2. The Court does not necessarily disagree. If hormone replacement therapy was conclusively established to be ineffective, it would not be cruel and unusual punishment to deny that treatment to inmates. But there *is* significant medical debate, and so the state may find its otherwise wide latitude to regulate both prisons and the medical profession circumscribed by the Eighth Amendment. The Eighth Amendment is not a medical code that mandates specific medical treatment, *cf. Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996), but neither is the state's authority to select proper courses of medical treatment total, *Gordon v. Cnty. of Orange*, 6 F.4th 961, 970 (9th Cir. 2021).[4] In other words, the existence of significant medical debate regarding the efficacy of the care barred by the Act creates a significant question as to the Act's legality.

---

[4] In *Gordon*, the Ninth Circuit held that state actors violate the Eighth Amendment when they select a course of treatment medically unacceptable under the circumstances and choose that course in conscious disregard of an excessive risk to the plaintiff's health. 6 F.4th at 970.

MEMORANDUM DECISION AND ORDER - 6

The Court once again has no new evidence that circumstances have changed, and the Court's previous reasons for finding a serious question as to the merits in this case still stand. Thus, the Court incorporates its reasoning in its previously-issued decisions regarding this matter (Dkts. 58, at 5–9; 95, at 8–9; 120, at 6–7; 137, at 5–6; 150, at 5–7; 180, at 6–9) and finds this factor weighs in favor of another preliminary injunction.

*2. Irreparable Harm*

Neither party presents new arguments or evidence regarding the irreparable harm factor. The Court, therefore, incorporates its previous analyses regarding this prong. Dkts. 58, at 9–10; 95, at 9–11; 120, at 7–8; 137, at 6–7; 150, at 7; 180, at 8. State Defendants have an interest in enforcing duly enacted laws. *See* Dkt. 137, at 6. But Plaintiffs have presented evidence that they would suffer severe physiological and psychological repercussions should Defendants discontinue their medication. *See* Dkt. 120, at 7–8. The Court finds that the irreparable harm prong continues to "tip sharply" in favor of the Plaintiffs. *See Alliance for the Wild Rockies*, 68 F.4th at 490–91.

*3. Balance of Equities/Public Interest*

Much as before, both these factors weigh in favor of the Plaintiffs. State Defendants have not raised any new arguments to counter the Court's reasoning in prior orders, and the Plaintiffs effectively argue the same reasoning is still pertinent. State Defendants remain silent on the potential burden of continuing to provide hormone therapy to the named Plaintiff and the class members. The balance of hardships weighs in favor of the Plaintiffs. And as previously addressed, the Court will continue to steer clear of potential constitutional impingement. The public interest factor weighs in favor of Plaintiffs.

*4. Needs-Narrowness-Intrusiveness Requirement*

Because the Court will not be altering the terms of the preceding preliminary injunction, it finds the additional requirements imposed by 18 U.S.C. § 3626(a)(2) continue to be met. The scope of the preliminary injunction continues to only enjoin the enforcement of the Act as it applies to class members receiving hormone therapy. *See* Dkt. 2, at 2. The injunction remains narrowly drawn to only a small group of affected individuals receiving one type of gender-affirming treatment. It extends no further than necessary because it protects only those individuals who would have otherwise been eligible for hormone therapy under IDOC's previous policies, which, in turn, maintains the status quo and ensures no violation of class members' Eighth Amendment rights pending a final decision on the merits.[5]

Finally, the injunction continues to be the least intrusive means necessary to protect the class members' rights because it does not impose any burdens on prison operations beyond what IDOC had already self-imposed prior to the Act. *See Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1071 (9th Cir. 2010) ("What is important, and what the PLRA requires, is a finding that . . . the 'relief' . . . corrects the violations of the prisoners' rights with [as minimal of an impact as] possible on [a prison's] discretion over their policies and procedures."). Therefore, this preliminary injunction satisfies the needs-narrowness-intrusiveness requirement of the PLRA and can properly be issued.

---

[5] The Court once again emphasizes this Order *is not* a final decision. It remains to be seen whether the disputed sections of Idaho Code § 18-8901 are constitutional. This Order simply allows the class members to continue to receive medication until the Court can make a final, informed decision in this case.

## V. CONCLUSION

Plaintiffs have once again made the requisite showing that a preliminary injunction continues to be appropriate in this case. While case law continues to develop, none of the cases cited by the parties changes the Court's conclusion that a significant question remains, and further injunctive relief is warranted. Furthermore, the injunction once again complies with the needs-narrowness-intrusiveness requirement of the PLRA. Accordingly, the Court orders a seventh preliminary injunction against enforcement of the Act as described herein.

## VI. ORDER

The Court HEREBY ORDERS:

1. Plaintiffs' Motion for Preliminary Injunction (Dkt. 183) is GRANTED.

2. The Court enjoins enforcement of Idaho Code § 18-8901's prohibition on the use of state funds for purposes of providing hormone therapy as against the class for the next 90 days.[6]

DATED: February 27, 2026

David C. Nye
U.S. District Court Judge

---

[6] This injunction takes effect on March 2, 2026, immediately after the expiration of the sixth injunction on March 1, 2026.