Michael J. Bentley *pro hac vice*
MSB #102631; mbentley@bradley.com
Erin Saltaformaggio *(pro hac vice)*
MSB #103999; esaltaformaggio@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 East Capitol Street, Suite 1000
Jackson, Mississippi 39201
Telephone: (601)-592-9935
Facsimile: (601)-592-1435

Christina M. Hesse
ISB #10712; cmh@dukeevett.com
DUKE EVETT, PLLC
1087 West River Street, Suite 300
P.O. Box 7387
Boise, Idaho 83707
Telephone: (208)-342-3310
Facsimile: (208)-342-3299

*Attorneys for Defendants Centurion of Idaho, LLC and Centurion, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COLE ROBINSON, a/k/a KATIE ROBINSON; BRODY MILLS, and JANE DOE,<br><br>           Plaintiffs,<br><br>v.<br><br>RAUL LABRADOR, in his official capacity as Attorney General of the State of Idaho; BRAD LITTLE, in his official capacity as Governor of the State of Idaho; JOSH TEWALT, in his official capacity as the Director of the Idaho Department of Corrections; BREE DERRICK, in her official capacity as the Deputy Director of IDOC; CENTURION OF IDAHO, LLC; CENTURION LLC,<br>           Defendants. | Case No. 1:24-cv-00306-DCN<br><br>**DEFENDANT CENTURION OF IDAHO, LLC'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER** |

Defendant Centurion of Idaho, LLC ("Centurion"), by and through its counsel of record Duke Evett, PLLC, hereby submits this Response to Plaintiffs' Emergency Motion for Temporary Restraining Order (Dkt. [193]) pursuant to this Court's May 20, 2026 order setting the deadline for responses by Defendants as May 22, 2026 (Dkt. [196]).

## INTRODUCTION AND BACKGROUND

Plaintiffs have sued to enjoin Idaho Code § 18-8901, as it applies to prohibit use of state funds or state facilities to provide gender-affirming hormone therapy for the class of incarcerated individuals diagnosed with gender dysphoria in Idaho Department of Correction ("IDOC") custody. Public officers or employees who violate § 18-8901 are subject to criminal penalties, including fines and jail time.

On July 1, 2024, this Court granted a provisional temporary restraining order ("TRO"). (Dkt. [13]). Centurion submitted a Response to Plaintiffs' First Motion for TRO and Preliminary Injunction ("PI") advising of Centurion's recognition it must abide by the mandate of Idaho law as set forth in House Bill 668/I.C. § 18-8901, and its intent to so abide in the future. (Dkt. [23]). Centurion also emphasized it would (i) not immediately "cut off" hormone therapy for any putative class member, (ii) ensure the individual evaluation, assessment, and care for all putative class members to ensure prohibited medical interventions are withdrawn according to an individualized plan for each impacted patient, and (iii) ensure other available, non-prohibited medical interventions and treatments are provided, as medically indicated, to individual patients impacted by I.C. § 18-8901. (Dkt. [23]).

Thereafter, this Court issued seven consecutive preliminary injunctions enjoining enforcement of I.C. § 18-8901's prohibition on the use of state funds for purposes of providing hormone therapy as against the Plaintiff class members. (Dkts. [58, 95, 120, 137, 150, 180, 186]).

Centurion has not taken a position in response to Plaintiffs' prior seven motions for preliminary injunction. Centurion's position has not changed since its Response to Plaintiffs' First Motion for TRO and PI: it understands the necessity to abide by the mandate of Idaho law and intends to continue abiding with Idaho law while ensuring individualized evaluations, assessments, care, including available, non-prohibited medical interventions, are provided to all class members. (Dkt. [23]).

The Seventh Preliminary Injunction is set to expire May 31, 2026. (Dkt. [186]). Plaintiffs have filed a Motion for an Eighth Preliminary Injunction (Dkt. [187]). State Defendants have filed an Opposition to the Motion for Eighth Preliminary Injunction; Centurion has again taken no position in response. Plaintiffs' Reply is due on or before June 5, 2026. (Dkt. [196]).

Recognizing the time between the date on which the Seventh PI expires and the earliest date on which this Court could logistically enter an Eighth PI, given the extended Reply deadline of June 5, 2026, Plaintiffs now move for entry of a TRO, effective May 31, 2026 through the date of this Court's ruling on Plaintiffs' Motion for Eighth Preliminary Injunction, enjoining Defendants from enforcing Idaho Code § 18-8901's prohibition on the use of state funds for hormone therapy as applied to the certified class. (Dkt. [193-1]). On May 20, 2026, this Court issued an order setting the deadline for Defendants' responses to Plaintiffs' Emergency Motion for Temporary Restraining Order (Dkt. [193]) as May 22, 2026 (Dkt. [196]).

### RESPONSE

Centurion and its Idaho providers are obligated to follow Idaho law or, in the case of I.C. § 18-8901, face possible criminal prosecution. Plaintiffs assert that I.C. § 18-8901 is unconstitutional under the Eighth Amendment of the United States Constitution. (Dkt. [1] & Dkt. [2-1]). The State of Idaho, within this litigation, has defended I.C. § 18-8901 and, it is Centurion's

understanding, will continue to defend I.C. § 18-8901.

Centurion understands the purpose of this suit is to challenge I.C. § 18-8901's prohibition on the use of public funds and public facilities for hormone therapy. Centurion understands it is a defendant as a result of its status as the contract medical provider for IDOC, which is impacted by I.C. § 18-8901.

While Centurion does not read Plaintiffs' allegations to claim or suggest Centurion or its providers were deliberately indifferent to any named Plaintiffs or class members, Centurion explicitly represents that neither it nor any of its providers were deliberately indifferent to the Plaintiff class members at any relevant time.

As previously stated, and represented, Centurion must and will abide by the mandates of Idaho law, including I.C. § 18-8901. Centurion must also—and will—abide by the orders of this Court; throughout this litigation, Centurion has abided by the orders of this Court, including all seven previously issued preliminary injunctions.

Also as previously stated and represented, Centurion will not immediately "cut off" hormone therapy for any Plaintiff class member. In the event the Seventh PI expires without a subsequent order or injunction continuing to forbid enforcement of I.C. § 18-8901's prohibition on the use of state funds for purposes of providing hormone therapy as against the Plaintiff class members, Centurion will not immediately "cut off" hormone therapy for any Plaintiff class member. Rather, each affected patient will be individually evaluated, assessed, and cared for to ensure that prohibited medical interventions are withdrawn according to an individualized plan for each impacted patient. Additionally, Centurion's providers will ensure other available, non-prohibited medical interventions and treatments are provided, as medically indicated, to individual patients impacted by I.C. § 18-8901.

**DEFENDANT CENTURION OF IDAHO, LLC'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER - 4**

Centurion reserves the right to supplement this response or provide additional argument and information to the Court as this suit progresses.

DATED this 22nd day of May 2026.

DUKE EVETT, PLLC,

By: /s/ Christina M. Hesse
Christina M. Hesse – Of the Firm
*Attorney for Defendants Centurion of Idaho,*
*LLC and Centurion, LLC*

**DEFENDANT CENTURION OF IDAHO, LLC'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER - 5**

## CERTIFICATE OF SERVICE

I certify that on this 22ⁿᵈ day of May 2026, I electronically filed the foregoing document with the U.S. District Court. Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

| | |
|---|---|
| Alexandra R. Johnson | a.johnson@aclu.org |
| Antonia J. Gales | galesa@ballardspahr.com |
| Carlisle S. Pearson | pearsoncs@ballardspahr.com |
| Chase B. Strangio | cstrangio@aclu.org |
| Chloe Nakaya (*pro hac vice pending)* | nakayac@ballardspahr.com |
| Emily Myrei Croston | ecroston@acluidaho.org |
| Harlan T. Mechling | mechlingh@ballardspahr.com |
| Leslie Cooper | lcooper@aclu.org |
| Malita V. Picasso | mpicasso@aclu.org |
| Paul Carlos Southwick | psouthwick@acluidaho.org |
| Pilar C. French | frenchp@lanepowell.com |
| David J. Myers | david.myers@ag.idaho.gov |
| Gregory Woodard | greg.woodard@ag.idaho.gov |
| James J. Simeri | james.simeri@ag.idaho.gov |
| Matthew Lee Maurer | matthew.maurer@ag.idaho.gov |
| Michael J. Bentley | mbentley@bradley.com |

/s/ Christina M. Hesse
Christina M. Hesse

**DEFENDANT CENTURION OF IDAHO, LLC'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER - 6**