Michael J. Bentley *(pro hac vice)*
MSB #102631; mbentley@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 East Capitol Street, Suite 1000
Jackson, Mississippi 39201
Telephone: (601)-592-9935
Facsimile: (601)-592-1435

Christina M. Hesse
ISB #10712; cmh@dukeevett.com
DUKE EVETT, PLLC
1087 West River Street, Suite 300
P.O. Box 7387
Boise, Idaho 83707
Telephone: (208)-342-3310
Facsimile: (208)-342-3299

*Attorneys for Defendants Centurion of Idaho, LLC and Centurion, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| COLE ROBINSON, a/k/a KATIE ROBINSON; IZAIHA SINGER, and JANE DOE,<br>Plaintiffs,<br>v.<br><br>RAUL LABRADOR, in his official capacity as Attorney General of the State of Idaho; BRAD LITTLE, in his official capacity as Governor of the State of Idaho; JOSH TEWALT, in his official capacity as the Director of the Idaho Department of Corrections; BREE DERRICK, in her official capacity as the Deputy Director of IDOC; CENTURION OF IDAHO, LLC; CENTURION, LLC,<br>Defendants. | Case No. 1:24-cv-00306-DCN<br><br>**MEMORANDUM IN SUPPORT OF CENTURION, LLC'S MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [DKT. 209]** |

## I. INTRODUCTION

Plaintiffs have named Centurion, LLC, a Virginia company, as a defendant in this Section 1983 lawsuit solely because it is Defendant Centurion of Idaho, LLC's parent company. Plaintiffs do not properly allege that Centurion, LLC provides healthcare to inmates in Idaho or that it has committed any constitutional violations in Idaho or anywhere else. A bare parent-subsidiary relationship is not sufficient to hold Centurion, LLC responsible for constitutional violations allegedly committed by its subsidiary because Section 1983 forbids the imposition of such vicarious liability. Accordingly, dismissal of Centurion, LLC as a defendant is necessary under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs fail to state a claim against it.

Further, Centurion, LLC is not subject to either general or specific personal jurisdiction in Idaho. A parent-subsidiary relationship is not sufficient to confer jurisdiction on the out-of-state company, and Plaintiffs do not make any plausible allegations that Centurion, LLC has purposefully availed itself of the protections of the laws of Idaho. If the Court does not dismiss Plaintiffs' Second Amended Complaint against Centurion, LLC for failure to state a claim, dismissal is appropriate and necessary under Rule 12(b)(2) for lack of personal jurisdiction.

## II. BACKGROUND

### A. Factual Background

In this class-action lawsuit, Plaintiffs—inmates incarcerated by the Idaho Department of Corrections ("IDOC")—allege that House Bill 668, which prohibits using public funds to provide hormone therapy treatment for gender dysphoria, violates their Eighth Amendment rights. *See generally* Dkt. 158-3 (Second Am. Compl.) (citing and discussing H.B. 668, 67th Leg. § 2, 2nd Sess. (Idaho 2024); Idaho Code § 18-8901(2)). Plaintiffs seek injunctive and declaratory relief, but not damages. *See* Dkt. 158-3, p.18 (Prayer for Relief).

On September 3, 2024, this Court certified a class of inmates and issued a preliminary injunction against HB 668's enforcement while this suit is pending. *See* Dkt. 58 (order). Since then and based upon further briefing, the Court has issued a new preliminary injunction every 90 days throughout this suit. *See* Dkts. 95, 120, 137, 150, 180, 186, 204.

**B. Procedural Background**

On September 9, 2024, Centurion of Idaho, LLC ("Centurion Idaho") answered the original complaint, Dkt. 60 (answer)[1], and filed its corporate disclosure statement, which identified Centurion, LLC as Centurion Idaho's parent company. *See* Dkt. 61.[2] On September 30, 2024, Plaintiffs filed their First Amended Complaint, which named several state defendants and two private companies. Dkt. 65 at ¶¶ 52-58. The two private companies named as defendants were Centurion Idaho and Centurion, LLC. Dkt. 65 at ¶¶ 56-57. Notably, Plaintiffs added Centurion, LLC, the parent, as a defendant only after Centurion Idaho filed its corporate disclosure statement and Plaintiffs learned of the parent-subsidiary relationship. *See* Dkts. 61, 65.

On October 15, 2024, Centurion, LLC moved to dismiss Plaintiffs' Amended Complaint and all claims against it for lack of personal jurisdiction and failure to state a claim. *See* Dkt. 72 (Motion to Dismiss). Centurion Idaho answered the Amended Complaint. Before the Court reached a decision on

[1] Plaintiffs' original complaint named Centurion of Idaho, LLC and "Centurion Health" as defendants. *See* Dkt. 1. In its answer, Centurion of Idaho, LLC explained that "Centurion Health" was not a legal entity and was not a proper party to the lawsuit. Dkt. 60 at ¶ 7.

[2] This Court can "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Such facts include corporate disclosure statements filed with the Court. *See Total Benefits Plan. Agency Inc. v. Anthem Blue Cross & Blue Shield*, 630 F. Supp. 2d 842, 849 (S.D. Ohio 2007), *aff'd*, 552 F.3d 430 (6th Cir. 2008); *Fauley v. Wash. Mut. Bank FA*, 3:13-CV-00581-AC, 2014 WL 1217852, at *4 (D. Or. Mar. 21, 2014) (noting that "[t]aking judicial notice of facts provided in a Rule 7.1 disclosure form is not without precedent," especially when Plaintiffs do not argue that a "subsidiary status is subject to a reasonable dispute"); *see also Franklin Energy Storage One, LLC v. Kjellander*, 1:18-CV-00236-REB, 2020 WL 2151854, at *2 n.1 (D. Idaho May 5, 2020) (taking judicial notice of information about Idaho entities' proper identity found on the Secretary of State website).

Centurion, LLC's motion to dismiss, however, it granted Plaintiffs the right to file a Second Amended Complaint to reflect class representative changes. *See* Dkts. 158 (motion), 180 (order).

Plaintiffs' Second Amended Complaint again names as defendants Centurion Idaho and Centurion, LLC. *See* Dkt. 158-3 at ¶¶ 58-59. Despite initially distinguishing Centurion Idaho and Centurion, LLC as separate entities, *see* Dkt. 158-3 at ¶ 4, Plaintiffs now refer to the two entities under the single name "Centurion" throughout the Second Amended Complaint. *See generally* Dkt. 158-3. Plaintiffs then confusingly allege that *both* entities are *the* contract healthcare provider for IDOC and, as such, are "responsible for ensuring that proper medical, dental, psychiatric, and psychological services, and treatment are provided to inmates incarcerated under IDOC's jurisdiction." Dkt. 158-3 at ¶¶ 4, 58-59. Plaintiffs further allege that medical staff and providers were prescribing hormone therapy to class members based on medical need, but HB 668 subjects Centurion providers or employees to prosecution if they continue providing hormone therapy. Dkt. 158-3 at ¶¶ 3, 4, 8, 58-9, p. 12 (unnumbered paragraph), 76, 82.

Plaintiffs' only specific allegation against Centurion, LLC is that it is a private Virginia corporation. Dkt. 158-3 at ¶ 59. Their remaining allegations regarding "Centurion" being "IDOC's [single] contract medical provider" do not distinguish between Centurion Idaho or Centurion, LLC. Dkt. 158-3 at ¶¶ 58-59. The Second Amended Complaint provides no specific factual allegations to support this conclusion.

Neither Centurion, LLC nor Centurion Idaho filed an answer to the Second Amended Complaint given Cenurion, LLC's pending motion to dismiss at the time and the stay as to litigation proceedings.

After receiving this Court's order dismissing its prior motion to dismiss as moot, given Plaintiffs' Second Amended Complaint and its allegations as to the Centurion entities, Centurion, LLC refiles its motion to dismiss Plaintiffs' Second Amended Complaint against it.

## III. LEGAL STANDARDS

Centurion, LLC moves to dismiss the claims against it in Plaintiff's Second Amended Complaint under Rule 12(b)(6) for failure to state a claim and Rule 12(b)(2) for lack of personal jurisdiction. The applicable legal standards are set forth in the Argument Section, *infra*, along with the corresponding arguments.

## IV. ARGUMENT

### A. Plaintiffs' claims against Centurion, LLC should be dismissed under Rule 12(b)(6) because the Second Amended Complaint does not state a plausible claim for relief.

1. Legal Standards – Rule 12(b)(6) Failure to State a Claim.

When considering a Rule 12(b)(6) motion to dismiss, the Court "must accept as true all well-pleaded factual allegations made in the pleading under attack," *Rowlette v. Mortimer*, 352 F. Supp. 3d 1012, 1020 (D. Idaho 2018), and draw all reasonable inferences "in the light most favorable to the nonmoving party," *McGinity v. Proctor & Gamble Co*, 69 F.4th 1093, 1096 (9th Cir. 2023) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962) (9th Cir. 2016)). The Court disregards legal conclusions and conclusory statements, *see Rowlette*, 352 F. Supp. 3d at 1020, as well as "allegations that contradict matters properly subject to judicial notice" or are "unwarranted deductions of fact [and] unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "plausibility standard" requires that the well-pleaded facts show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678; *accord Moss v. U.S. Secret Serv.*, 572 F.3d 962, 967–69 (9th Cir. 2009) (discussing *Twombly*/*Iqbal* standard). The Ninth Circuit has explained that, "for a complaint to survive a motion to dismiss, the non-

conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss*, 572 F.3d at 969.

Deciding if a complaint states a plausible claim for relief is a "context-specific" task, which requires the Court to "draw on its judicial experience and common sense" when addressing whether the "nub" of the complaint alleges unconstitutional conduct despite an "obvious alternative explanation." *Iqbal*, 556 U.S. at 679–82.

2. Plaintiffs have not made sufficient factual allegations against Centurion, LLC to support a claim for relief under the *Twombly*/*Iqbal* standard.

Plaintiffs have not alleged a plausible claim for relief against Centurion, LLC, and the "nub" of their complaint against Centurion, LLC is that it happens to be Centurion Idaho's parent company. That mere parent-subsidiary relationship is not sufficient to state a claim for injunctive and declaratory relief against Centurion, LLC.[3] "As a general principle, corporate separateness insulates a parent company from liability created by its subsidiary." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015) (citing *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)). The parent-subsidiary relationship alone "does not eviscerate the separate corporate identity" of each entity, *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004), nor does it impute liability onto the parent company "absent a showing that the corporate form had been abused," *United States v. Bennett*, 621 F.3d 1131, 1137 (9th Cir. 2010).

This case challenges a law that operates to prevent a particular type of medical treatment for the Plaintiffs and class members. The second Amended Complaint confirms Plaintiffs' knowledge that Centurion, LLC and Centurion Idaho are separate entities but then attempts to evade this fact by referring to both entities under the umbrella term "Centurion" throughout Plaintiffs' allegations. Plaintiffs then

[3] Centurion Idaho has answered the complaint and is not seeking dismissal of the claims under Rule 12.

assert contradictory allegations that both entities—together referred to as "Centurion"—are *both* "IDOC's [*sole*] contract medical *provider*" and are responsible for providing medical care to inmates in IDOC's custody, which includes Plaintiffs and the class members. *See* Dkt. 158-3 at ¶¶ 58-59 (emphasis added).

Plaintiffs highly generalized allegations about Centurion, LLC, combined with their recognition that there is one contract medical provider for IDOC, warrant dismissal of Centurion, LLC. Plaintiffs do not dispute that the corporate entities are separate. In fact, the existence of a parent-subsidiary relationship is the basis of their claims against Centurion, LLC. Neither the first nor second Amended Complaint naming Centurion, LLC as a defendant was filed until after Centurion Idaho filed its corporate disclosure statement. In other words, Plaintiffs alleged no claims against Centurion, LLC until after they learned about its parent-subsidiary relationship with Centurion Idaho. Plaintiffs' knowledge that the two are separate entities based on the information in the corporate disclosure statement undercuts their allegations that both entities are now IDOC's sole contract medical provider and renders the allegations "unwarranted deductions of fact [and] unreasonable inferences" this Court can ignore. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (recognizing documents not attached to the complaint may be treated as part of the complaint for purposes of a motion to dismiss if the documents "form the basis of the plaintiff's claim"); *Napear v. Bonneville Int'l Corp.*, 669 F. Supp. 3d 948 (E.D. Cal. 2023) (recognizing that courts will disregard contradictory allegations as unwarranted deductions of fact or unreasonable inferences when deciding motions to dismiss).

And even if, arguably, Plaintiffs' claims are not based on Centurion Idaho's corporate disclosure statement itself, the parent-subsidiary relationship between Centurion, LLC and Centurion Idaho is a fact this Court judicially notice for purposes of this motion to dismiss. *See* Fed. R. Evid. 201(b)(2); *accord Total Benefits Plan. Agency Inc. v. Anthem Blue Cross & Blue Shield*, 630 F. Supp. at 849. Because the

parent-subsidiary relationship is "properly subject to judicial notice" and Plaintiffs' allegations that Centurion, LLC and Centurion Idaho are one entity under the umbrella term "Centurion" contradict this, the Court should not accept the allegations as true. *See Sprewell*, 266 F.3d at 988. Doing so would allow the unreasonable inference that Centurion, LLC and Centurion Idaho are one entity and the unwarranted deduction that these separate entities can somehow both be IDOC's sole contract medical provider to proceed as a well-pleaded factual allegation. Both fail the *Iqbal*/*Twombly* standard, however.

Plaintiffs only specific factual allegation against Centurion, LLC that merits consideration under the *Iqbal*/*Twombly* standard is that it "is a private corporation headquartered in Virginia." Dkt. 158-3 at ¶ 59. Other than this, Plaintiffs make no factual allegations against Centurion, LLC. Plaintiffs do not allege that Centurion, LLC is responsible for the day-to-day treatment of patients in IDOC custody; that Centurion, LLC directs or controls Centurion Idaho's provision of medical care to IDOC inmates; that Centurion, LLC "abuses" the corporate form in any way; or that any medical providers directly employed by Centurion, LLC have committed any acts or omissions that would warrant injunctive relief in this lawsuit.

By Plaintiffs' own allegations, Centurion Idaho—not its parent—is the company that operates in Idaho and provides medical care to inmates in IDOC custody. *See* Dkt. 158-3 at ¶ 58. Even if the allegations that Centurion, LLC, as part of Plaintiffs' umbrella term "Centurion", employs clinicians and medical providers in Idaho are taken as true, these bare allegations do not give rise to a plausible claim for injunctive or declaratory relief against Centurion, LLC. If an individual medical provider ever were to engage in acts of deliberate indifference, which is not alleged in the Amended Complaint, any claims would be brought against the provider individually, not against his or her employer. *See Iqbal*, 556 U.S. at 676 (explaining that theories of respondeat superior and vicarious liability are not cognizable under Section 1983).

Here, the complaint's allegations, judicial experience, and common sense all confirm that Plaintiffs' claims against Centurion, LLC are based solely on its status as a parent company. No other theory for enjoining Centurion, LLC in Idaho federal court appears on the face of the Amended Complaint or can be fairly inferred from it. That bare parent-subsidiary relationship is not enough to state a plausible claim for relief against Centurion, LLC. *See Ranza*, 793 F.3d at 1070; *Katzir's Floor & Home Design, Inc.*, 394 F.3d at 1149.

The Amended Complaint does not allege facts sufficient to state a claim against Centurion, LLC, and the Court should dismiss Centurion, LLC from this case.

3. <u>Centurion, LLC cannot be held vicariously liable under Section 1983 for alleged constitutional violations committed by another person or company.</u>

Plaintiffs' deliberate indifference claims against Centurion, LLC fail for another reason: Centurion, LLC cannot be held vicariously liable for alleged constitutional violations committed by another person or company. As explained above, the only *possible* inference to be drawn from the Amended Complaint is that Centurion, LLC is equally liable for constitutional violations committed by Centurion Idaho based on its status as a parent company. Section 1983, however, does not permit Plaintiffs to transfer liability for constitutional violations.

Plaintiffs' claim that Centurion, LLC should be made liable for Centurion Idaho's alleged constitutional violations defies two established rules of federal law.

First, as outlined above, federal courts respect the legal separateness of parent and subsidiary companies, and absent limited circumstances, will not impose liability on a parent for its subsidiary's actions. See *Ranza*, 793 F.3d at 1070 ("As a general principle, corporate separateness insulates a parent company from liability created by its subsidiary."); *see also Bestfoods*, 524 U.S. at 61; *Katzir's Floor & Home Design, Inc.*, 394 F.3d at 1149. Piercing the corporate vail is a "rare exception" to this long-

established rule that parents and subsidiaries are distinct entities. *Dole Food Co. v. Patrickson*, 538 468, 475 (2003). No basis for piercing is alleged in the Amended Complaint.

Second, federal law, and Section 1983 specifically, forbids the imposition of respondeat superior or vicarious liability for another's unconstitutional conduct. *Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (stating a Section 1983 claim cannot be based on respondeat superior liability); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978) (explaining supervisory personnel are liable under Section 1983 only if they have some personal role in causing the alleged harms or were responsible for some custom or practice that caused the violations); *Starr v. Baca*, 652 F.3d 1202, 1205–07 (9th Cir. 2011) (same). Instead, "[l]iability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the depravation of his civil rights." *Id.*

A municipality or corporation can only be "personally involved" in a constitutional violation if it has a policy or custom that is "the moving force" behind a plaintiff's alleged injuries. *Long v. County of L.A.*, 442 F.3d 1178, 1186 (9th Cir. 2006). As the Supreme Court has explained, a plaintiff must show that, "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis in original). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.*[4]

---

[4] While private companies are subject to *Monell* liability, the same "moving force" rule applies. As the Sixth Circuit has explained, "a private contractor is liable for a policy or custom *of that private contractor*, rather than a policy or custom of the municipality." *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) (emphasis in original); *see also Williams v. Guard Bryant Fields,* 535 F. App'x 205, 206 (3d Cir. 2013); *Thomas v. Wexford*

Plaintiffs have not alleged that Centurion, LLC was personally and deliberately involved in any conduct related to the treatment of gender dysphoria or the provision of hormone therapy to inmates in IDOC custody. Nor have Plaintiffs alleged that Centurion, LLC had a policy or custom that was the "moving force" behind their alleged injuries. Instead, they seek to hold Centurion, LLC liable for constitutional violations allegedly committed by a separate, subsidiary company and/or medical providers employed in Idaho. Section 1983 does not permit the imposition of such vicarious liability.

The claims against Centurion, LLC should be dismissed for this independent reason.

**B. The Court should dismiss the claims against Centurion, LLC under Rule 12(b)(2) because it lacks personal jurisdiction over the company.**

1. Legal Standards – Rule 12(b)(2) Lack of Personal Jurisdiction.

"Where defendants move to dismiss a complaint for lack of personal jurisdiction, plaintiffs bear the burden of demonstrating that jurisdiction is appropriate." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Aerohawk Aviation, Inc.*, 259 F. Supp. 2d 1096, 1101 (D. Idaho 2003) (citing *Dole Food Co. v. Watts*, 303 F.3d 1104 (9th Cir. 2002)). A Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is considered a "speaking motion[]," so the Court may "look beyond the pleadings to affidavits and other evidence" if necessary to resolve the motion. *Id.* (citing *Data Disc Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280 (9th Cir.1977)). When allegations in a pleading "are contradicted by affidavit," the Court "may not assume the truth of [those] allegations," *Data Disc Inc.*, 557 F.2d at 1284, and Plaintiffs "cannot simply rest on the bare allegations of [their] complaint," to establish jurisdiction. *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 502 (9th Cir. 2023). If a plaintiff's jurisdictional allegations are not "directly controverted," however, "a plaintiff's version of the facts is taken as true for the purposes of a

---

*Health Servs., Inc.*, 414 F. Supp. 3d 1154, 1161 (N.D. Ill. 2019).

12(b)(2) motion to dismiss." *Nat'l Union Fire Ins. Co. of Pittsburgh*, 259 F. Supp. 2d at 1101; *accord Yamashita*, 62 F.4th at 502.

2. The Court lacks personal jurisdiction over Centurion, LLC.

A federal court's exercise of personal jurisdiction must comport with both the state's long-arm statute and federal due process principles. Because Idaho's long-arm statute is broader than the federal due process clause "the jurisdictional analysis and federal due process analysis [for personal jurisdiction] are the same." *Wells Cargo, Inc. v. Transport Ins. Co.*, 676 F. Supp. 2d 1114, 1119 (D. Idaho 2009); *see* Idaho Code § 5-514.

For a court to exercise personal jurisdiction over a defendant, "due process requires that the defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Ranza*, 793 F.3d at 1068. The required minimum contacts depends on whether the court is exercising specific or general jurisdiction over a defendant. *Id.*

"For a court to exercise general personal jurisdiction over a defendant corporation, the defendant's contacts with the forum state must be 'so continuous and systematic as to render [it] essentially at home in the forum State.'" *Yamashita*, 62 F.4th at 503 (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)). As a general rule, a corporation is "at home" only in its place of incorporation and principal place of business. *Id.*; *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Specific jurisdiction exists when the defendant "take[s] some act by which it purposefully avails itself of the privilege of conducting activities within the forum State" and "the plaintiff's claims arise out of or relate to the defendant's contacts with the forum." *Yamashita*, 62 F.4th at 503 (internal quotation marks omitted). A defendant must have "deliberately reached out beyond its

home" in order to be subject to personal jurisdiction. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021).

Taking Plaintiffs' allegations as true, Centurion, LLC is not subject to either general or specific jurisdiction. As Plaintiffs allege, Centurion, LLC is headquartered in Virginia. Dkt. 158-3 at ¶ 58. Centurion, LLC is organized under the laws of Delaware. So, it is not "at home" in Idaho and, therefore, not subject to general personal jurisdiction in this Court.

Further, Centurion, LLC is not subject to specific personal jurisdiction. As explained *supra* and established by the docket entries in this litigation, Plaintiffs allegations against Centurion, LLC were nonexistent until Plaintiffs learned of Centurion, LLC and Centurion Idaho's parent-subsidiary relationship. *See* Dkts. 61 (corporate disclosure statement), 158-3 (second amended complaint. And the attached business records further establish the separateness of the two entities. *See* Exhibit A. Thus, the crux of the allegations against Centurion, LLC is that it is Centurion Idaho's parent. But "[t]he existence of a parent-subsidiary relationship is insufficient to establish personal jurisdiction" over separate companies. *Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985); *see also Daimler AG*, 571 U.S. at 136 (rejecting theory that presence of in-state subsidiary or affiliate company is sufficient to confer general jurisdiction over foreign parent). Further, Plaintiffs' conclusion that Centurion, LLC—as part of Plaintiffs' umbrella term "Centurion"—contracted with IDOC to be its medical provider contravenes fact, thus failing to establish jurisdiction.

Finally, the allegation that Centurion, LLC employs medical providers in Idaho, even if credited for purposes of this motion, does not subject it to specific personal jurisdiction in this case. As already discussed, there is no allegation linking any act of a medical provider to the claims in this case—all of which "arise out of" the State of Idaho's enactment of HB 668.

Accordingly, the Court lacks personal jurisdiction over Centurion, LLC, so the claims against it should be dismissed for this reason as well.

## V. CONCLUSION

The Court should dismiss all claims against Centurion, LLC, and dismiss Centurion, LLC as a party to this case, under either Rule 12(b)(2) or Rule 12(b)(6).

DATED this 29th day of July 2026.

DUKE EVETT, PLLC,

By: *_/s/ Christina M. Hesse_*
Christina M. Hesse – Of the Firm
*Attorney for Defendants Centurion of Idaho, LLC and Centurion, LLC*

BRADLEY ARANT BOULT CUMMINGS LLP,

By: *_/s/ Michael J. Bentley_*
Michael J. Bentley *(pro hac vice)*
*Attorney for Defendants Centurion of Idaho, LLC and Centurion, LLC*

**CERTIFICATE OF SERVICE**

I certify that on this 29th day of July 2026, I electronically filed the foregoing document with the U.S. District Court. Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

| | | |
|---|---|---|
| Paul Carlos Southwick<br>Emily Myrei Croston<br>ACLU OF IDAHO FOUNDATION<br>P.O. Box 1897<br>Boise, Idaho 83701<br>*Attorneys for Plaintiffs* | [ ]<br>[ ]<br>[ ]<br>[X] | U.S. Mail, postage prepaid<br>Hand-Delivered<br>Overnight Mail<br>iCourt/E-Filing<br>psouthwick@acluidaho.org<br>ecroston@acluidaho.org |
| Chase B. Strangio<br>Malita Picasso<br>Leslie Cooper<br>Alexandra R. Johnson<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>125 Broad Street<br>New York, New York 10004<br>*Attorneys for Plaintiffs (pro hac vice)* | [ ]<br>[ ]<br>[ ]<br>[X] | U.S. Mail, postage prepaid<br>Hand-Delivered<br>Overnight Mail<br>iCourt/E-Filing<br>cstrangio@aclu.org<br>mpicasso@aclu.org<br>lcooper@aclu.org<br>a.johnson@aclu.org |
| Pilar C. French<br>Harlan Mechling<br>Carlisle S. Pearson<br>Nicholas J.H. Mercado<br>Antonia Gales<br>BALLARD SPAHR LLP<br>601 S.W. Second Avenue, Suite 2100<br>Portland, OR 97204<br>*Attorneys for Plaintiffs (pro hac vice)* | [ ]<br>[ ]<br>[ ]<br>[X] | U.S. Mail, postage prepaid<br>Hand-Delivered<br>Overnight Mail<br>iCourt/E-Filing<br>frenchp@ballardspahr.com<br>mechlingh@ballardspahr.com<br>pearsoncs@ballardspahr.com<br>mercadon@ballardspahr.com<br>galesa@ballardspahr.com |
| Raul Labrador<br>James E. M. Craig<br>James J. Simeri<br>Gregory E. Woodard<br>Matthew L. Maurer<br>OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 83720<br>Boise, Idaho 83720-0010<br>*Attorneys for Defendants Raul Labrador, Brad Little, Josh Tewalt, and Bree Derrick* | [ ]<br>[ ]<br>[ ]<br>[X] | U.S. Mail, postage prepaid<br>Hand-Delivered<br>Overnight Mail<br>iCourt/E-Filing<br>james.craig@ag.idaho.gov<br>james.simeri@ag.idaho.gov<br>greg.woodard@ag.idaho.gov<br>matthew.maurer@ag.idaho.gov |

/s/ Christina M. Hesse
Christina M. Hesse